JONATHAN L. SEGAL (State Bar No. 264238)
  jonathansegal@dwt.com
SAMANTHA LACHMAN (State Bar No. 331969)
  samlachman@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

ABIGAIL EVERDELL (*Pro hac vice*)
  abigaileverdell@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
Fax: (212) 379-5244

Attorneys for Defendants
ANDREW CALLAGHAN, CHANNEL 5 LLC,
EVAN GILBERT-KATZ, AND NICOLAS MOSHER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOINER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW CALLAGHAN, an Individual; CHANNEL 5 LLC, a Washington Limited Liability Company; EVAN GILBERT-KATZ, an Individual; NICOLAS MOSHER, an Individual; KELLY SCOTT JOHNSON, an Individual; and DOES 1 through 200, Inclusive,<br><br>Defendant. | Case No. **8:24-cv-01160-CBM-KS**<br><br>**[PROPOSED] ORDER ON CHANNEL 5 DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>[Notice Of Motion and Defendants' Motion to Dismiss (F.R.C.P. 12(b)(6)); Notice of Motion and Special Motion to Strike (C.C.P. § 425.16); Declaration of Abigail Everdell with Exhibits A-D; Request For Judicial Notice; Notice of Lodging Concurrently Filed]<br><br>Date: October 15, 2024<br>Time: 10:00 a.m.<br>Dept.: 8D<br><br>Action Filed: May 30, 2024 |

      Before the Court is defendants' Andrew Callaghan, Channel 5 LLC, Evan Gilbert-Katz, and Nicolas Mosher (together, the "Channel 5 Defendants") Motion to Dismiss the Complaint filed by plaintiff William Joiner ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion"). The Motion came on for hearing in Courtroom 8D of this Court on October 15, 2024.

      The Court having considered the papers submitted by the Parties in support of and in opposition to Defendants' Motion, the arguments of counsel at the hearing, and all other pleadings and papers on record in this matter, and good cause appearing therefor. The Motion is **GRANTED**.

      Accordingly, the Court **ORDERS** as follows:

1. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.
2. Specifically, Plaintiff's First Claim for Relief, for violation of the federal Wiretap Act (18 U.S.C. §§ 2511, 2520), fails because Plaintiff has not alleged that the Channel 5 Defendants intercepted any confidential communications;
3. Plaintiff's Second Claim for Relief, for violation of the federal Electronic Communications Privacy Act (18 U.S.C. §§ 2510, 2520), fails for the same reasons as his Wiretap Act claim;
4. Plaintiff's Third Claim for Relief, for violation of California Civil Code § 1708.7, fails because the claim is based on constitutionally-protected activity, which is excluded from the statute, and Plaintiff has not alleged the requisite pattern of conduct under that statute, or provided independent corroborating evidence thereof;
5. Plaintiff's Fourth Claim for Relief, for violation of California Code of Civil Procedure § 527.6, fails because the claim is based on constitutionally protected speech and Plaintiff has not pled qualifying harassing conduct or that the Channel 5 Defendants harassed him within the meaning of this statute;

6. Plaintiff's Fifth Claim for Relief, for violation of the California Invasion of Privacy Act, California Penal Code §§ 632, 637.2, fails because Plaintiff has not alleged that the Channel 5 Defendants recorded any confidential communications;

7. Plaintiff's Seventh Claim for Relief, for intentional infliction of emotional distress, fails because it is duplicative of his defamation claim, he fails to allege sufficiently outrageous conduct, and he fails to allege serious emotional distress;

8. Plaintiff's Eighth Claim for Relief, for negligent infliction of emotional distress, fails because he fails to plead that the Channel 5 Defendants owed or breached any duty, engaged in sufficiently outrageous conduct, or caused him serious emotional distress;

9. Plaintiff's Ninth Claim for Relief, for common law invasion of privacy, fails because he has not sufficiently alleged a highly offensive, intentional intrusion into a place or places where he had a reasonable expectation of privacy;

10. Plaintiff's Tenth Claim for Relief, for false light invasion of privacy, fails because he fails to identify the specific statements at issue, the statements concerning him in the Documentary and Trailer are protected opinion, and because the Documentary's account is protected by California's statutory fair report privilege;

11. Plaintiff's Eleventh Claim for Relief, for intrusion upon seclusion, fails because he has not sufficiently alleged a highly offensive, intentional intrusion into a place or places where he had a reasonable expectation of privacy;

12. Plaintiff's Twelfth Claim for Relief, for violation of California Business and Professions Code § 17200, *et seq.*, fails because it is barred by the First Amendment and Plaintiff fails to allege facts required to support any theory of liability.

2

1  **IS SO ORDERED.**

3  DATED: _____     By:_____
4                                 Hon. Consuelo B. Marshall
                                  United States District Judge