**MURPHEY & MURPHEY**
 A PROFESSIONAL CORPORATION
Meghan C. Murphey, (SBN 259487))
 meghan@themurpheylawyers.com
Matthew D. Murphey (SBN 194111))
 matt@themurpheylawyers.com
Dennis J. Canty (SBN 207978))
 dennis@themurpheylawyers.com
Kerry Moynihan (SBN 250571)
 kerry@themurpheylawyers.com
120 Vantis Drive, Suite 300
Aliso Viejo, California 92656
Tel: 949.464.4540 Fax: 562.375.6674

Attorneys for Plaintiff,
WILLIAM JOINER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOINER, an Individual<br><br>Plaintiff,<br><br>v.<br><br>ANDREW CALLAGHAN, an Individual; CHANNEL 5 LLC, a Washington Limited Liability Company; EVAN GILBERT-KATZ, an Individual; NICOLAS MOSHER, an Individual; KELLY SCOTT JOHNSON, an Individual; and DOES 1 through 200, Inclusive,<br><br>Defendants. | CASE NO. 8:24-cv-01160-CBM-KS<br><br>**PLAINTIFF'S EVIDENTIARY OBJECTION TO THE "DOCUMENTARY" ON SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT**<br><br><br>Date:      October 15, 2024<br>Time:     10:00 a.m.<br>Dept.:     8D<br><br>Action Filed:      May 30, 2024 |

Plaintiff William Joiner ("Mr. Joiner" or "Plaintiff") hereby objects to the admission in evidence of Exhibit A to Defendants' Special Motion to Strike Plaintiff's Complaint – the "Documentary" or the "Atlanta Cut Video" ("ACV").[1] Defendants seek to introduce the ACV in three ways – incorporation by reference, as an attachment to their counsel's declaration, and via a request for judicial notice. None of the attempted methods is sufficient to allow the Court to consider the ACV.

The incorporation by reference doctrine does not apply in the Ninth Circuit unless all parties agree on the authenticity of an incorporated document. *See In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999). Here, the ACV appears to be a "version" of Callaghan's video about Mr. Joiner, but (as its name suggests) not the only version and not a final version.

By Callaghan's own admissions, the full-length untitled film was not finalized nor released until June 9, 2024, and it continued to change over the course of his summer live tour. In Atlanta, before the film was screened, it was announced, "It's the first time we've shown anyone this fucking movie. I'm not even joking, I just exported it 20 minutes ago." Murphey Decl., Exh. 8, at 0:56. Callaghan set up an editing station backstage so that with each screening, the video could be altered in accordance with audience reactions. Callaghan states that, at every city in his tour, he will show a different cut. "It's gonna change between every single venue. So the movie that people see at the first show in Atlanta, versus the last show in LA, its gonna be a totally different thing." *Id.*, 5:57--7:15. Defendants' counsel confirmed that there will be no final version of the video until it is "picked up" by a streaming service like Netflix, Prime Video, or the like. Murphey Decl., ¶ 12.

A film that did not exist and had not been viewed at the time the case was

---

[1] Plaintiff acknowledges the authenticity of Exhibit B, the TMA, as he personally viewed the TMA when it was published on YouTube and did in fact reference that completed video in his Complaint.

EVIDENTIARY OBJECTION TO THE "DOCUMENTARY" ON SPECIAL MOTION TO STRIKE

filed could not possibly be incorporated into the Complaint.  Mr. Joiner does not agree that the version of the ACV submitted by Defendants is final, genuine or authentic, and the Court thus should not consider the ACV under the incorporation by reference doctrine.[2]

Defendants' attempt to introduce the ACV via the Everdell Declaration (¶¶ 2-4) fares no better.  Counsel provides no foundation for her statements.  She does not indicate that she attended any public screening of the film, nor how she has personal knowledge of the film that was shown on June 9, 2024 in Atlanta.  As such, she cannot authenticate the ACV.  Curiously absent is any declaration from any defendant, including Callaghan, attesting to the authenticity of the ACV.

F.R.E. 201 permits judicial notice of a fact that "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  With respect to the ACV, the accused defendants provided the court with a USB drive containing one "cut" of some video they believe most helpful to them on a motion to strike.  This is not judicially noticeable. For the foregoing reasons, the Court should not consider the ACV on Defendants' Motion to Strike.

\\\
\\\
\\\
\\\
\\\

---

[2] Consequently, this Motion cannot be resolved under a Fed. R. Civ. P. 12(b)(6) analysis; it must be evaluated under the standards of Fed. R. Civ. P. 56 for consideration of evidence.  *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833 (9th Cir. 2018).

EVIDENTIARY OBJECTION TO THE "DOCUMENTARY" ON SPECIAL MOTION TO STRIKE

Dated: September 24, 2024

**MURPHEY & MURPHEY, A.P.C.**

/s/ *Meghan C. Murphey*

Meghan C. Murphey
Matthew D. Murphey
Dennis J. Canty
Kerry Moynihan
Attorneys for Plaintiff William Joiner

EVIDENTIARY OBJECTION TO THE "DOCUMENTARY" ON SPECIAL MOTION TO STRIKE