**MURPHEY & MURPHEY**
  A PROFESSIONAL CORPORATION
Meghan C. Murphey, (SBN 259487))
  meghan@themurpheylawyers.com
Matthew D. Murphey (SBN 194111))
  matt@themurpheylawyers.com
Dennis J. Canty (SBN 207978)**)**
  dennis@themurpheylawyers.com
Kerry Moynihan (SBN 250571)
  kerry@themurpheylawyers.com
120 Vantis Drive, Suite 300
Aliso Viejo, California 92656
Tel: 949.464.4540 Fax: 562.375.6674

Attorneys for Plaintiff,
WILLIAM JOINER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOINER, an Individual<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW CALLAGHAN, an Individual; CHANNEL 5 LLC, a Washington Limited Liability Company; EVAN GILBERT-KATZ, an Individual; NICOLAS MOSHER, an Individual; KELLY SCOTT JOHNSON, an Individual; and DOES 1 through 200, Inclusive,<br><br>    Defendants. | CASE NO. 8:24-cv-01160-CBM-KS<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT**<br><br>Date:      October 15, 2024<br>Time:     10:00 a.m.<br>Dept.:     8D<br><br>Action Filed:      May 30, 2024 |

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO SPECIAL MOTION TO STRIKE

Plaintiff William Joiner hereby requests the Court to take judicial notice, pursuant to Federal Rule of Evidence 201, of the following documents in support of his Opposition to Defendants' Special Motion to Strike Plaintiff's Complaint.

1.    Minute Order granting vexatious litigant motion dated September 9, 2020, attached hereto as **Exhibit 1**;

2.    Notice of Vexatious Litigant Order, dated July 27, 2022, attached hereto as **Exhibit 2**;

3.    Ex Parte Application for an Order to Dismiss Case, dated August 15, 2022, attached hereto as **Exhibit 3**;

4.    Minute Order dated August 17, 2022 Granting Ex Parte Application to Dismiss Case, attached hereto as **Exhibit 4**;

5.    Unlawful Detainer Appeal Opinion, dated November 6, 2017, attached hereto as **Exhibit 5**;

6.    Order granting Motion for Entry of Default Judgment, dated October 9, 2018, attached hereto as **Exhibit 6**;

7.    *Johnson v. Joiner*, 2020 Cal.Super.Lexis 65906, attached hereto as **Exhibit 7**; and

8.    Civil Harassment Restraining Order, dated October 17, 2017, attached hereto as **Exhibit 8**.

Dated: September 24, 2024        **MURPHEY & MURPHEY, A.P.C.**

*/s/ Meghan C. Murphey*
Meghan C. Murphey
Matthew D. Murphey
Dennis J. Canty
Kerry Moynihan
Attorneys for Plaintiff,
William Joiner

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO SPECIAL MOTION TO STRIKE

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 09/09/2020

TIME: 10:30:00 AM        DEPT:  C26

JUDICIAL OFFICER PRESIDING: Gregory H. Lewis
CLERK: B.  Chumpitazi
REPORTER/ERM:
BAILIFF/COURT ATTENDANT: Michelle Nevarez

CASE NO: **30-2019-01075365-CU-BT-CJC**   CASE INIT.DATE: 06/10/2019
CASE TITLE: **Johnson vs. Joiner**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Business Tort

---

EVENT ID/DOCUMENT ID: 73361981
**EVENT TYPE:** Motion - Other
MOVING PARTY: William G Joiner
CAUSAL DOCUMENT/DATE FILED: Motion - Other for Order Declaring Plaintiff Kelly S. Johnson a Vexatious Litigant, 07/15/2020

---

EVENT ID/DOCUMENT ID: 73361761
**EVENT TYPE:** Motion - Other
MOVING PARTY: William G Joiner
CAUSAL DOCUMENT/DATE FILED: Motion - Other for Order Declaring Plaintiff Kelly S. Johnson a Vexatious Litigant, 07/15/2020

---

**APPEARANCES**
Kelly S Johnson, self represented Plaintiff, present.
Meghan C. Murphey, from Murphey & Murphey, A Professional Corp., present for Defendant(s) telephonically.

Tentative Ruling posted on the Internet .

The Court hears oral argument and confirms the tentative ruling. The tentative ruling now becomes the final order as follows:

**Motion to Declare Plaintiff a Vexatious Litigant**

**Moving Party:** Defendant William G. Joiner, individually and as Trustee of The William G. Joiner Trust

**Responding Party:** Plaintiff Kelly S. Johnson

**Ruling: Defendant Joiner's unopposed Motion to Declare Plaintiff a Vexatious Litigant per Code of Civil Procedure section 391.7 is granted. The court hereby prohibits Plaintiff Kelly S. Johnson from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed. (Code Civ. Proc., § 391.7.)**

Code of Civil Procedure section 391.7 permits this court to enter a prefiling order that prohibits a party who has been declared a vexatious litigant from filing any new litigation in pro per without first obtaining leave of the presiding judge of the court where the litigation is to be filed. (Code Civ. Proc., § 391.7(a).)

---

DATE: 09/09/2020

MINUTE ORDER

Page 1

DEPT:  C26

Calendar No.

EXHIBIT 1, PAGE  3

CASE TITLE: Johnson vs. Joiner                    CASE NO: **30-2019-01075365-CU-BT-CJC**

The term "vexatious litigant," as used in section 391.7, encompasses any person who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been finally determined adversely to the person." (Code Civ. Proc., § 391(b)(1).)
.
In the immediately preceding seven-year period Plaintiff has commenced, prosecuted, or maintained in propria persona more than five separate litigations that have been finally determined adversely to Plaintiff. (RJN, Exs. 11-13, 15-19, 22-26, 29-30, 34-35, 40-41, 46-49.)

Joiner's request for judicial notice of Exhibits 1-41, and 43-48 is granted. (Evid. Code, §§ 452(c) and (d).) However, the truth of the facts contained in the documents are not the proper subject of judicial notice. *(Fremont Indem. Co. v. Fremont Gen. Corp.* (2007) 148 Cal.App.4th 97, 113 ["Taking judicial notice of a document is not the same as accepting the truth of its contents or accepting a particular interpretation of its meaning"]; *Lockley v. Law Office of Cantrell, Green, Pekich, Cruz & McCort* (2001) 91 Cal.App.4th 875, 882.)

Joiner's request for judicial notice of Exhibit 42, the attorney record of Kelly Scott Johnson, printed from The State Bar of California website is denied. California law does not have an "official Web site" provision for purposes of judicial notice. (See *Jolley v. Chase Home Finance, LLC* (2013) 213 Cal.App.4th 872, 889.)

Moving party to give notice.

Case 8:24-cv-01160-CBM-KS - Document 21-6 - Filed 09/24/24 - Page 5 of 44 - Page ID #:331

Electronically Filed by Superior Court of California, County of Orange, 07/27/2022 06:08:00 PM.
30-2022-01260613-CU-FR-CJC - ROA # 19 - DAVID H. YAMASAKI, Clerk of the Court By E. ehlinguser, Deputy Clerk.

MURPHEY & MURPHEY
A PROFESSIONAL CORPORATION
Meghan C. Murphey (SBN 259487)
meghan@themurpheylawyers.com
Matthew D. Murphey (SBN 194111)
matt@themurpheylawyers.com
120 Vantis Drive, Suite 300
Aliso Viejo, CA  92656
Tel:  949.464.4540     Fax:  562.375.6674

Attorneys for Defendant
William G. Joiner

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| KAYLEE JOHNSON, an individual<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM G. JOINER, JOINER GROUP, THE WILLIAM G. JOINER TRUST, DOVE CANYON HOLDING(S), INC., CAROLYN JOINER, and Does 1-20, Inclusive,<br><br>Defendants. | Case No. 30-2022-01260613- CU-FR-CJC<br><br>*[Assigned for all purposes to:*<br>*Judge Hon. Melissa R. McCormick]*<br><br>**NOTICE OF VEXATIOUS LITIGANT ORDER PURSUANT TO CODE CIV. PROC. § 391.7(c); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[*Request for Judicial Notice filed concurrently*]<br><br>Dept.:      C13<br><br>Action Filed: May 19, 2022 |

NOTICE OF VEXATIOUS LITIGANT ORDER

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that the above-captioned lawsuit filed by Plaintiffs Kaylee Johnson and Kelly Johnson[1] was filed in violation of California's vexatious litigant statutes. Specifically, Kelly Johnson was declared a vexatious litigant by Orange County Superior Court on September 9, 2020, in the matter of *Johnson v. Joiner*, Case No. 30-2019-01075365-CU-BT-CJC. See Request for Judicial Notice, Exhibit A. Despite such order, Plaintiff Kelly Johnson has filed the Complaint in the above-captioned matter. Pursuant to California Code of Civil Procedure §391.7(c), the filing of this notice shall automatically stay this litigation. CCP §391.7(c). The litigation must then be automatically dismissed unless the Plaintiffs, within ten (10) days of the filing of this notice, obtain an order from the presiding justice or presiding judge permitting the filing of the litigation. Id.

Dated: July 27, 2022                                   MURPHEY & MURPHEY, A.P.C.

By: _____
                                                        Meghan C. Murphey
                                                        Attorneys for Defendants
                                                        William G. Joiner, Joiner Group, The
                                                        William Joiner Trust, Dove Canyon
                                                        Holdings, Inc., and Carolyn Joiner

---

[1] Plaintiff Kelly Johnson is identified throughout the body of the Complaint as a "Plaintiff," and the causes of action relate only to damages allegedly suffered by Plaintiff Kelly Johnson. However, Kelly Johnson is not named in the caption of the Complaint. Only Plaintiff Kaylee Johnson (Kelly Johnson's daughter) is named in the case caption.

- 2 -

NOTICE OF VEXATIOUS LITIGANT ORDER

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION AND BACKGROUND

Kelly Johnson ("Johnson") has been in litigation against defendant William Joiner ("Joiner") for more than seven years, and despite multiple findings from various courts in favor of Joiner, Johnson refuses to stop filing lawsuits seeking to relitigate the same question. Although this case was purportedly filed by Kaylee Johnson, it is a near duplicate of the complaint filed by her father, Kelly Johnson, in the case in which he was found a vexatious litigant, *Johnson v. Joiner*, Case No. 30-2019-01075365-CU-BT-CJC, in addition to the other similar complaints and pleadings Kelly Johnson has been filing for over seven years.  Moreover, it is clear that the stated claims belong to Kelly Johnson only, not his daughter, and that Kaylee Johnson is being used as a straw plaintiff to avoid this Court's previous vexatious litigant finding against Kelly Johnson.

Joiner made a loan to Johnson in 2007, and at that time, Johnson executed a deed of trust with respect to the real property at issue in favor Joiner.  RJN, Exh. B.  As indicated in the Deed of Trust, title to the property, located at 26262 Glen Canyon Drive, Laguna Hills, CA 92653 ("Property"), was held by "Kelly S. Johnson, a married man as his sole and separate property." Id.  Johnson defaulted on the loan, and after multiple bankruptcy filings and lawsuits aimed at preventing the foreclosure, Joiner ultimately foreclosed on the property on June 9, 2015 and was the winning bidder at the trustee's sale.  RJN, Exh. C.  Almost two more years of protracted litigation ensued, with Johnson refusing to relinquish possession of the property and appealing the unlawful detainer judgment entered, before he was ultimately evicted by the sheriff in February 2017.  RJN, Exh. D.  This only spawned more litigation, as Johnson made it his personal mission to harass Joiner as much as possible.

As a former attorney, now disbarred, Johnson has been able to clog up state trial courts, the appellate division of the superior court, courts of appeal, bankruptcy courts, and district courts with his meritless litigation against Joiner and almost everyone that has ever been associated with him.  Now that the vexatious litigant order finally prevented from filing more suits in his name, Johnson has chosen to move forward with the same case, this time with his daughter as a straw plaintiff.  Kaylee Johnson has no interest in the claims alleged nor standing to pursue them.

- 3 -

NOTICE OF VEXATIOUS LITIGANT ORDER

While the complaint claims she has standing as a beneficiary of Johnson's family trust, as Exhibit B to the RJN makes clear, the property was not even titled in the name of the trust.  The Court cannot allow these kinds of games and should dismiss this case as one filed by a vexatious litigant.[2]

**II.   WHEN REAL PARTY IN INTEREST IS A VEXATIOUS LITIGANT, COURTS WILL TREAT THE COMPLAINT AS IF FILED BY THAT LITIGANT**

   **A.   Goals of the Vexatious Litigant Statute**

The purpose of the vexatious litigant statutes "is to address the problem created by the persistent and obsessive litigant who constantly has pending a number of groundless actions and whose conduct causes serious financial results to the unfortunate objects of his or her attacks and places an unreasonable burden on the courts."  *Morton v. Wagner*, 156 Cal. App. 4th 963, 970-71; *see Shalant v. Girardi*, 51 Cal. 4th 1164, 1169 (2011).  The vexatious litigant statute was enacted to curb misuse of the court system by those acting in propria persona who repeatedly file groundless lawsuits or attempt to relitigate issues previously determined against them.  Code Civ. Proc. §§ 391-391.8; *Shalant v. Girardi*, 51 Cal. 4th at 1169.

After declaring an individual a vexatious litigant, a court may, on its own motion or the motion of any party, enter a pre-filing order pursuant to California Code of Civil Procedure section 391.7.  Under that section, the presiding judge can permit the filing of a propria person's litigation only if it appears to have merit and is not filed for the purposes of harassment or delay.  Code Civ. Proc. § 391.7(b).  "The prefiling component of the vexatious litigant statute is a necessary method of curbing those for whom litigation has become a game."  *Wolfgram v. Wells Fargo Bank*, 53 Cal. App 4th 43, 60 (1997).

   **B.   Straw Plaintiffs Cannot Save a Vexatious Litigant**

A plaintiff "cannot circumvent the vexatious litigant statutes by having [a family member]

---

[2] The details and extent of the previous litigation between Johnson and Joiner, as well as Johnson's multitude of threats against Joiner over the past seven years, are contained in the Memorandum of Points and Authorities in Support of Joiner's Vexatious Litigant Motion, attached to the RJN as Exhibit E, and the supporting declarations, attached to the RJN as Exhibit F.

- 4 -

NOTICE OF VEXATIOUS LITIGANT ORDER

file a complaint [ ] seeking recovery on his behalf." *Hupp v. Solera Oak Valley Greens Assn.*, 12 Cal. App. 5th 1300, 1313 (2017) (finding that "[b]ecause Paul was declared a vexatious litigant, it was proper for the trial court to dismiss under section 391.7(c) all claims made by or on behalf of Paul in the FAC, regardless of whether he was named a plaintiff in the FAC caption.")

Courts have found plaintiffs to be vexatious litigants when they are acting as "a puppet or conduit" for a vexatious litigant. *See In re Kinney*, 210 Cal. App. 4th 951 (2011). In *Kinney*, Charles Kinney, an attorney and a vexatious litigant, was purporting to act as an attorney for Kimberly Kempton. However, "in reality, Kempton [was] merely acting as a puppet or conduit for Kinney's abusive litigation practices." *Id*. at 959. Similar to this case, *Kinney* involved an attorney who was a vexatious litigant using puppets to file litigation related to real property. Indeed, the court noted that "in each appeal, Kinney is effectively 'the litigant' because he owns the real property that spawns all of this litigation and stands to benefit personally from the outcome of the litigation." *Id*. at 959. Unlike true outside counsel, "Kinney [was] not acting as a 'neutral assessor of [Kempton's] claims, bound by ethical considerations not to pursue unmeritorious or frivolous matters on behalf of a prospective client." *Shieh*, 17 Cal. App. 4th at 1167. Instead, Kinney used "Kempton's name—a 'strawman' plaintiff—while he pursues obsessive, meritless litigation…Kinney has demonstrated a pattern of using the judicial system as a weapon in an unrelenting quest to get advantages that he does not deserve, imposing onerous litigation costs on his opponents that he does not incur himself because he is a lawyer. He is one 'for whom litigation has become a game.'" *Id*. (*quoting Wolfgram v. Wells Fargo Bank*, 53 Cal. App. 4th at 60.) The court held that Kinney was prohibited from pursuing the litigation in the name of another plaintiff.

### III. JOHNSON IS THE TRUE PLAINTIFF AND KAYLEE JOHNSON IS MERELY A STRAW PLAINTIFF

#### A. All of the Claims Asserted Belong to Johnson and Not to Kaylee Johnson

The Complaint alleges claims arising solely out of the 2007 loan from Joiner to Johnson, individually, the subsequent foreclosure in 2015, and the litigation between Joiner and Johnson thereafter. At no time was Kaylee Johnson ever a party to the loan, party to a lawsuit with Joiner,

- 5 -

NOTICE OF VEXATIOUS LITIGANT ORDER

or on title to the Property. As indicated above, the Johnson Family Trust was not even a party to the loan or on title to the Property (see RJN, Exh. B; Compl., ¶¶ 1, 34), but even if it were, Kaylee Johnson, as a beneficiary of the trust, would not have standing to sue a third party on behalf of the trust or for injury allegedly done to the trust. *Estate of Bowles*, 169 Cal.App.4th 684, 691 (2008).

Specifically, the Complaint contains the following claims:

- First and Second Cause of Action for Fraud and Negligent Misrepresentation, based entirely on statements allegedly made to Johnson at the time of the loan, fifteen years ago, and other representations allegedly made throughout the foreclosure and litigation between Joiner and Johnson. (E.g., Complaint, ¶ 102.)

- Third Cause of Action alleges wrongful foreclosure of the Property Johnson admittedly owned (not his daughter), based upon a loan made solely to Johnson. (Complaint, ¶¶ 1, 118; RJN Exh. B.)

- Fourth Cause of Action for Unfair Business Practices, which admits that the Property belonged to Johnson and that all of the actions about which "Plaintiff" complains involved Joiner's attempts to enforce his loan rights against Johnson and the Property.  (Complaint, ¶¶ 177, 179-183.)

- Fifth and Sixth Causes of Action for Interference with Prospective Economic Advantage, which uses "Plaintiff" to refer to Johnson and is clearly referring to relationships Johnson supposedly had, e.g., "there were economic relationships involving Plaintiff and existing, past and potential clients with relation to his 25+ year successful business (Law Offices of Kelly S. Johnson), which was located in Newport Beach, CA."  (Complaint, ¶¶ 211, 218.)

- Seventh Cause of Action for intentional infliction of emotional distress, which like the rest of the Complaint, is entirely based on alleged wrongdoing purportedly directed at Johnson, for example: "Overall, Defendants have engaged in an ongoing and continuous pattern of wrongful conduct and unlawful activities in a misplaced attempt to defraud, demean and financially harm Plaintiff's father as well as effectively steal their family home, the foundation of existence for

- 6 -

EXHIBIT 2, PAGE 10

Plaintiff's family, through the preparation and continued unlawful use of false/fraudulent deeds, documents, etc." (Complaint, ¶ 225.)

Because none of the claims actually belong to Kaylee Johnson, but rather to her vexatious litigant father, Cal. Civ. Proc. section 391.7 applies and the case should be stayed and then dismissed. *See Hupp v. Solera Oak Valley Greens Assn.*, 12 Cal. App. 5th at 1313.

**B.   Johnson Is Identified as Plaintiff Throughout the Complaint**

The Complaint openly admits in multiple places that Kelly Johnson is included in the definition of Plaintiff:

- "[S]ome of claims and/or allegations contained herein, as well as the underlying specific facts and circumstances relating to "Plaintiff", may be pled in third-person with respect to occurring with relation to Plaintiff's father, Kelly S. Johnson." (Complaint, ¶ 16.)
- "[R]eferences to 'Plaintiff' herein, at times, also denotes Plaintiff's father, Kelly S. Johnson, who was involved with most of the real estate aspects of loan." (Complaint ¶ 102.)

Additionally, throughout the Complaint, "Plaintiff" is referred to as "he" and "him" and in contexts that make it clear that Johnson is the true "Plaintiff." (See, e.g., Complaint, ¶¶ 14, 20, 23, 24, 34, 35, 211, 218.)  Kaylee Johnson is clearly only a puppet for Johnson's desire to continue to harass Joiner.

**C.   Most of the Allegations in the Complaint Were Taken Verbatim from Previous Complaints Against Joiner**

The Complaint in this action is a recycled version of many of the previous complaints filed against Joiner, but in particular, the most recent complaint filed in the case in which Johnson was declared a vexatious litigant (the "2019 Case").  The First Amended Complaint in the 2019 Case ("FAC") is attached as Exhibit G to the concurrently-filed Request for Judicial Notice.  As examples only, paragraphs 17-19 of the FAC are virtually identical to paragraphs 12-14 of the Complaint, paragraphs 22-46 of the FAC are virtually identical to paragraphs 17-41 of the Complaint, paragraphs 52-98 of the FAC are virtually identical to paragraphs 48-93 of the

- 7 -

Complaint, and paragraphs 101-106 of the FAC are virtually identical to paragraphs 95-100 of the Complaint. (See RJN, Exh. G compared to Complaint.)  Additionally, every cause of action stated in the Complaint in this action was also contained in the FAC in the 2019 Case.  (Id.)  This case is not even a masked attempt to circumvent the previously-entered prefiling order, it is blatantly obvious.

IV.    **THIS LAWSUIT MUST BE STAYED AND THEN DISMISSED**

Pursuant to Civ. Proc. Code section 391.7, stay and dismissal of this case is automatic:

If the clerk mistakenly files the litigation without the order, any party may file with the clerk and serve, or the presiding justice or presiding judge may direct the clerk to file and serve, on the plaintiff and other parties a notice stating that the plaintiff is a vexatious litigant subject to a prefiling order as set forth in subdivision (a).   The filing of the notice shall automatically stay the litigation. The litigation shall be automatically dismissed unless the plaintiff within 10 days of the filing of that notice obtains an order from the presiding justice or presiding judge permitting the filing of the litigation as set forth in subdivision (b).

Upon the filing of this Notice, this case is automatically stayed, and unless Johnson is able to obtain permission of the presiding judge to move forward with this case within ten (10) days, the case must be dismissed.

Dated:  July 27, 2022                                    MURPHEY & MURPHEY, A.P.C.

By: _____
Meghan C. Murphey
Matthew D. Murphey
Attorneys for Defendants
William G. Joiner, Joiner Group, The
William Joiner Trust, Dove Canyon
Holdings, Inc., and Carolyn Joiner

- 8 -

NOTICE OF VEXATIOUS LITIGANT ORDER

## PROOF OF SERVICE

I am a citizen of the United States and employed in Orange County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 120 Vantis Drive, Suite 300, Aliso Viejo, California 92656.  On July 27, 2022, I served a copy of the within document(s):

> **NOTICE OF VEXATIOUS LITIGANT ORDER PURSUANT TO CODE CIV. PROC. § 391.7(c); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

☒  by depositing the document(s) listed above with Federal Express for delivery via overnight courier, in a sealed envelope to the address set forth below, and addressed as set forth below.

Kaylee Johnson
25715 Via Lomas #3
Laguna Hills, CA 92653
*Plaintiff*

Kelly S. Johnson
27068 La Paz Rd, Suite 510
Aliso Viejo, CA 92656
*Plaintiff*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 27, 2022, at Aliso Viejo, California.

_____
Matthew D. Murphey

- 9 -

NOTICE OF VEXATIOUS LITIGANT ORDER

EXHIBIT 2, PAGE 13

Electronically Filed by Superior Court of California, County of Orange, 08/15/2022 09:19:00 PM.
30-2022-01260613-CU-FR-CJC - ROA # 26 - DAVID H. YAMASAKI, Clerk of the Court By B Romhey, Deputy Clerk.
Case 8:24-cv-04160-CBM-KS    Document 21-6    Filed 09/24/24    Page 14 of 44    Page
ID #:340

MURPHEY & MURPHEY
A PROFESSIONAL CORPORATION
Meghan C. Murphey (SBN 259487)
meghan@themurpheylawyers.com
Matthew D. Murphey (SBN 194111)
matt@themurpheylawyers.com
120 Vantis Drive, Suite 300
Aliso Viejo, CA  92656
Tel:  949.464.4540    Fax:  562.375.6674

Attorneys for Defendant
William G. Joiner

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| KAYLEE JOHNSON, an individual<br><br>          Plaintiff,<br><br>     v.<br><br>WILLIAM G. JOINER, JOINER GROUP, THE WILLIAM G. JOINER TRUST, DOVE CANYON HOLDING(S), INC., CAROLYN JOINER, and Does 1-20, Inclusive,<br><br>          Defendants. | Case No. 30-2022-01260613- CU-FR-CJC<br><br>*[Assigned for all purposes to: Judge Hon. Melissa R. McCormick]*<br><br>**NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION FOR AN ORDER TO DISMISS CASE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:        August 17, 2022<br>Time:       1:30 p.m.<br>Dept.:       C13<br><br><br>Action Filed: May 19, 2022 |

EX PARTE APPLICATION FOR AN ORDER TO DISMISS CASE

EXHIBIT 3, PAGE 14

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to California Code of Civil Procedure section 391.7(c) and California Rule of Court 3.1200 *et seq.,* on Wednesday, August 17, 2022, at 1:30 p.m., or as soon as thereafter may be heard in Department C13 of the above-captioned court located at 700 Civic Center Drive West, Santa Ana, California 92701, Defendant William G. Joiner ("Joiner" or "Defendant") will and hereby does apply to the Court, *ex parte* (the "Application"), for an order dismissing the above-captioned case filed by Plaintiff Kaylee Johnson.

Good cause exists to grant Joiner's Application because:

(1)     The above-captioned lawsuit filed by Plaintiffs Kaylee Johnson and Kelly Johnson[1] (collectively, "Plaintiff") was filed in violation of California's vexatious litigant statutes.  Specifically, Kelly Johnson was declared a vexatious litigant by Orange County Superior Court on September 9, 2020, in the matter of *Johnson v. Joiner*, Case No. 30-2019-01075365-CU-BT-CJC.  Despite such order, Plaintiff Kelly Johnson has filed the Complaint in the above-captioned matter, using his daughter, Kaylee Johnson, as a straw plaintiff.

(2)     On July 27, 2022, Joiner filed and served on Plaintiffs a Notice of Vexatious Litigant Order Pursuant to California Code of Civil Procedure section 391.7(c), setting forth in detail the previous litigation between Joiner and Kelly Johnson, the vexatious litigant finding against Kelly Johnson, and the extent to which Kelly Johnson has tried to get around that finding by using his daughter, Kaylee Johnson, as a straw plaintiff to assert the same claims that have already been dismissed against Joiner.

(3)     More than ten days have elapsed, and neither Kaylee Johnson nor Kelly Johnson have obtained the permission of the presiding judge to proceed with this action. The action must therefore be dismissed.

---

[1] Plaintiff Kelly Johnson is identified throughout the body of the Complaint as a "Plaintiff," and the causes of action relate only to damages allegedly suffered by Plaintiff Kelly Johnson. However, Kelly Johnson is not named in the caption of the Complaint. Only Plaintiff Kaylee Johnson (Kelly Johnson's daughter) is named in the case caption.

- 2 -

EX PARTE APPLICATION FOR AN ORDER TO DISMISS CASE

Plaintiff Kaylee Johnson is at the address of 25715 Via Lomas #3, Laguna Hills, CA 92653, telephone number (949) 371-7372, and Plaintiff Kelly S. Johnson is at the address of 27068 La Paz Rd, Suite 510, Aliso Viejo, CA 92656.

Formal notice of this Application was duly and timely given, as set forth in the accompanying Declaration of Meghan C. Murphey, ¶¶ 2-3. Plaintiff Kaylee Johnson has a telephone number stated on the complaint of (949) 371-7372 and an address of 25715 Via Lomas #3, Laguna Hills, CA 92653.  Plaintiff Kelly S. Johnson's last known address is 27068 La Paz Rd, Suite 510, Aliso Viejo, CA 92656. Id.  In the notice, Defendant's counsel informed Plaintiffs of the time and place of the hearing on the Application and the relief sought. (Murphey Dec. ¶¶ 2-4.)

This matter is presented to the Court on an *ex parte* basis so that Joiner is not forced to respond to or defend against this meritless action, filed in violation of California's vexatious litigant statutes and this Court's previous pre-filing order.

This *ex parte* application is based on this Application, the Memorandum of Points and Authorities in support thereof, the Declaration of Meghan Murphey and any exhibits thereto, the previously-filed Notice of Vexatious Litigant Order and supporting Request for Judicial Notice, and upon any such other oral presentation as the Court deems appropriate.

Dated:  August 15, 2022

MURPHEY & MURPHEY, A.P.C.

By: _____
     Meghan C. Murphey
     Matthew D. Murphey
     Attorneys for Defendant
     William G. Joiner

- 3 -

## MEMORANDUM OF POINTS AND AUTHORITIES

## PER STATUTE, THIS LITIGATION SHOULD BE AUTOMATICALLY DISMISSED

As set forth in detail in the Notice of Vexatious Litigant Order filed by defendant William Joiner ("Joiner") on July 27, 2022 (the "Notice"), Kelly Johnson ("Johnson") has been in litigation against Joiner for more than seven years, and despite multiple findings from various courts in favor of Joiner, Johnson refuses to stop filing lawsuits seeking to relitigate the same question. See ROA 19 and 21. Although this case was purportedly filed by Kaylee Johnson, it is a near duplicate of the complaint filed by her father, Kelly Johnson, in the case in which he was found a vexatious litigant, *Johnson v. Joiner*, Case No. 30-2019-01075365-CU-BT-CJC, in addition to the other similar complaints and pleadings Kelly Johnson has been filing for over seven years. Moreover, it is clear that the stated claims belong to Kelly Johnson only, not his daughter, and that Kaylee Johnson is being used as a straw plaintiff to avoid this Court's previous vexatious litigant finding against Kelly Johnson.

The Notice was filed on July 27, 2022 and served on both Kelly Johnson and Kaylee Johnson the same day via overnight courier. Pursuant to California Code of Civil Procedure section 391.7(c), upon the filing of such a notice, Plaintiffs were required, within ten days, to obtain an order from the presiding judge permitting the filing of this litigation in order to avoid dismissal of the lawsuit. As of this writing, more than eighteen days have elapsed since the Notice was filed and served, and there has been no response from Plaintiffs and no order from the presiding judge permitting this lawsuit to proceed. This case must therefore be dismissed.

Dated: August 15, 2022

MURPHEY & MURPHEY, A.P.C.

By: _____

Meghan C. Murphey
Matthew D. Murphey
Attorneys for Defendant
William G. Joiner

- 4 -

**PROOF OF SERVICE**

I am a citizen of the United States and employed in Orange County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 120 Vantis Drive, Suite 300, Aliso Viejo, California 92656.  On August 15, 2022, I served a copy of the within document(s):

**NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR AN ORDER TO DISMISS CASE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

☒    by depositing the document(s) listed above with Federal Express for delivery via overnight courier, in a sealed envelope to the address set forth below, and addressed as set forth below.

Kaylee Johnson
25715 Via Lomas #3
Laguna Hills, CA 92653
*Plaintiff*

Kelly S. Johnson
27068 La Paz Rd, Suite 510
Aliso Viejo, CA 92656
*Plaintiff*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on August 15, 2022, at Aliso Viejo, California.

_____
Meghan C. Murphey

- 5 -

EX PARTE APPLICATION FOR AN ORDER TO DISMISS CASE

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Central Justice Center
700 W. Civic Center Drive
Santa Ana, CA 92702

**SHORT TITLE:** Johnson vs. Joiner

| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER:<br>**30-2022-01260613-CU-FR-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above dated has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. This certification occurred at Santa Ana, California on 8/17/22. Following standard court practice the mailing will occur at Sacramento, California on 8/18/22.

KAYLEE JOHNSON
25715 VIA LOMAS #3
LAGUNA HILLS, CA 92653

Clerk of the Court, by: _____, Deputy

I certify that I am not a party to this cause. I certify that the following document(s), dated , have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from Orange County Superior Court email address on August 17, 2022, at 2:29:36 PM PDT. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

MURPHEY & MURPHEY, APC
MEGHAN@THEMURPHEYLAWYERS.COM

Clerk of the Court, by: _____, Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

EXHIBIT 4, PAGE 19

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 08/17/2022                    TIME: 01:30:00 PM        DEPT:  C13
JUDICIAL OFFICER PRESIDING: Melissa R. McCormick
CLERK: E. Yu
REPORTER/ERM:
BAILIFF/COURT ATTENDANT: S. Howard

CASE NO: **30-2022-01260613-CU-FR-CJC**  CASE INIT.DATE: 05/19/2022
CASE TITLE: **Johnson vs. Joiner**
CASE CATEGORY: Civil - Unlimited     CASE TYPE: Fraud

---

EVENT ID/DOCUMENT ID: 73827070
**EVENT TYPE:** Ex Parte
MOVING PARTY: William G. Joiner
CAUSAL DOCUMENT/DATE FILED: Ex Parte Application - Other, 08/15/2022

---

**APPEARANCES**
Meghan C. Murphey, from Murphey & Murphey, APC, present for Defendant(s) remotely.

Ex-Parte application for for an order to dismiss case is requested by Attorneys for Defendant.

Hearing held, all participants appearing remotely.

Appearances are as noted above. There is no appearance by Plaintiff.

Ex-parte application is read and considered.

The ex-parte application is granted.

The Court orders the entire action dismissed without prejudice.

The formal order was signed this date, a copy of which is attached hereto and incorporated herein by reference.

Court orders Clerk to give notice.

---

DATE: 08/17/2022                        MINUTE ORDER                         Page 1
DEPT:  C13                                                                    Calendar No.

EXHIBIT 4, PAGE 20

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**AUG 1 7 2022**

DAVID H. YAMASAKI, Clerk of the Court

BY:_____,DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| KAYLEE JOHNSON, an individual | Case No. 30-2022-01260613- CU-FR-CJC |
| Plaintiff, | *[Assigned for all purposes to: Judge Melissa R. McCormick]* |
| v. | **ORDER GRANTING *EX PARTE* APPLICATION FOR ORDER TO DISMISS CASE** |
| WILLIAM G. JOINER, JOINER GROUP, THE WILLIAM G. JOINER TRUST, DOVE CANYON HOLDING(S), INC., CAROLYN JOINER, and Does 1-20, Inclusive, | |
| Defendants. | Date:   August 17, 2022<br>Time:   1:30 p.m.<br>Dept.:   C13 |
| | Action Filed: May 19, 2022 |

ORDER

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

On August 17, 2022, Defendant William G. Joiner's ("Defendant") *Ex Parte* Application for an Order to Dismiss Case came on for hearing in Department C13 of the above-entitled court. Meghan C. Murphey appeared for the moving party. No other parties appeared.

Having read and considered the papers, no oppositions having been filed, and good cause appearing, the Court **HEREBY ORDERS** that the *ex parte* application is **GRANTED**. The Court further **ORDERS** the Complaint in the above-captioned action is hereby **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Clerk to give notice.

Dated: ___8/17/22___                    _____

                                        Melissa R. McCormick
                                        Judge of the Superior Court

- 2 -

ORDER

EXHIBIT 4, PAGE 22

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
11/06/2017 at 07:43:17 AM
Clerk of the Superior Court
By eClerk, Deputy Clerk

APPELLATE DIVISION

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE

| | |
|---|---|
| THE WILLIAM G. JOINER TRUST DATED 2-6-02, WILLIAM G. JOINER, as trustee, | CASE NO. 30-2015-00812401 |
| Plaintiff and Respondent, | (Super. Ct. No. 30-2015-00795549) |
| vs. | OPINION |
| KELLY S. JOHNSON, individually and as trustee of The Johnson Family Trust, and SHANNON MAGNESS JOHNSON, individually and as trustee of The Johnson Family Trust, | |
| Defendants and Appellants. | |

Appeal from a judgment of the Superior Court of Orange County, Harbor Justice Center, Michael S. McCartin, Judge.

\*        \*        \*

Defendants Kelly and Shannon Johnson appeal an unlawful detainer judgment against them. They contend that the trial court erroneously granted summary judgment.

We affirm.

## BACKGROUND

On June 25, 2015, Plaintiff The William G. Joiner Trust Dated 2-6-02, William G. Joiner, as trustee, filed a verified complaint against Kelly Johnson, individually and as trustee of The Johnson Family Trust Dated September 24, 1999, and Shannon Magness Johnson, individually and as trustee of The Johnson Family Trust Dated September 24, 1999, for unlawful detainer.

Defendants filed an answer on September 9, 2015. On September 11, 2015,

EXHIBIT 5, PAGE 23

Plaintiff filed a motion for summary judgment. On September 18, 2015, the trial court granted the motion. Judgment was entered on September 22, 2015.

<div align="center">DISCUSSION</div>

Defendants argue that the trial court erroneously granted summary judgment because: (1) Plaintiff did not meet its initial burden of proof; (2) the trial court should have granted Defendants' request for a continuance of the motion; (3) the trial court failed to consider Defendants' affirmative defenses; (4) the trial court should have sustained Defendants' objections to William Joiner's declaration and request for judicial notice; and (5) the trial court lacked jurisdiction over this matter.

A.      The trial court properly granted summary judgment.

Unlawful detainer actions are authorized and governed by state statute. (*Larson v. City & County of San Francisco* (2011) 192 Cal. App. 4th 1263, 1297.) The unlawful detainer procedure set forth in Code of Civil Procedure section 1161a may be used by one who purchases the property at the trustee's foreclosure sale. (*Bank of New York Mellon v. Preciado* (2013) 224 Cal.App.4th Supp. 1, 9.) "[T]he plaintiff must show that he or she acquired the property at a regularly conducted sale and thereafter 'duly perfected' title. (*Ibid.*) A post-foreclosure unlawful detainer plaintiff must prove that the sale of the property was in compliance with Civil Code § 2924. (*Ibid.*) "'[W]here the plaintiff in the unlawful detainer action is the purchaser at a trustee's sale, he or she "need only prove a sale in compliance with the statute and deed of trust, followed by purchase at such sale, and the defendant may raise objections only on that phase of the issue of title." [Citation.]'" (*Ibid.*) The plaintiff must also show that (1) a notice to quit was served, and (2) the defendant was holding over and continuing in possession. (See Code Civ. Proc., § 1161a(b)(3).) A trial court's ruling on a motion for summary judgment in an unlawful detainer action is reviewed de novo. (*ABCO, LLC v. Eversley* (2013) 213 Cal.App.4th 1092, 1098.)

" 'The purchaser at a foreclosure sale takes title by a trustee's deed. If the trustee's deed recites that all statutory notice requirements and procedures required by law for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that the

<div align="center">2</div>

sale has been conducted regularly and properly.'" (*Millennium Rock Mortgage, Inc. v. T.D. Service Co.* (2009) 179 Cal.App.4th 804, 809; see Civ. Code, § 2924, subd. (c).) The presumption arises upon delivery of the deed of trust to the purchaser. (*Millennium Rock Mortgage, Inc. v. T.D. Service Co., supra,* 179 Cal.App.4th at p. 809.)

To show that Plaintiff acquired the property at a non-judicial foreclosure sale, Plaintiff submitted a declaration by William Joiner and a request for judicial notice. Mr. Joiner stated that: (1) he is the trustee of Plaintiff; (2) the Trust made a loan to Defendant Kelly in March 2007, which was secured by a recorded deed of trust against the property at 26262 Glen Canyon Drive in Laguna Hills; (3) Defendant Kelly defaulted on the loan beginning in 2011; (4) Plaintiff commenced foreclosure proceedings pursuant to the deed of trust; (5) after a number of postponements, the trustee's sale was conducted on June 9, 2015 and Plaintiff was the highest bidder; (6) the trustee's deed upon sale vested title in Plaintiff and was recorded on June 10, 2015. The request for judicial notice provided a copy of the trustee's deed upon sale. The trustee's deed upon sale contains a recital that "[a]ll requirements of law and of said Deed of Trust relating to this sale and to notice thereof having been complied with." The deed upon sale is signed and notarized.

Plaintiff provided sufficient evidence to demonstrate that it acquired the property at a regularly conducted sale and thereafter duly perfected title. Because the trustee's deed upon sale contains a recitation regarding compliance with the law regarding the sale, Defendants bore the burden of showing that the sale was not conducted regularly and properly. Defendants' opposition to the motion for summary judgment did not provide any argument or evidence to challenge the sale of the property.

Plaintiff also demonstrated that a notice to quit was served on Defendants. "[A] moving party is entitled to the benefit of any relevant presumptions, and if the established facts and relevant presumptions would have entitled him to a directed verdict at trial, he is entitled to a summary judgment." (*Security Pac. Nat'l Bank v. Associated Motor Sales* (1980) 106 Cal.App.3d 171, 179.) Under Evidence Code section 647, "[t]he return of a process server registered pursuant to Chapter 16 (commencing with Section 22350) of Division 8 of the Business and Professions Code upon process or notice establishes a

3

presumption, affecting the burden of producing evidence, of the facts stated in the return." "The effect of a presumption affecting the burden of producing evidence is to require the trier of fact to assume the existence of the presumed fact unless and until evidence is introduced which would support a finding of its nonexistence, in which case the trier of fact shall determine the existence or nonexistence of the presumed fact from the evidence and without regard to the presumption." (Evid. Code, § 604.)  In an unlawful detainer action, the plaintiff may use the proof of service by a registered process server to create a rebuttable presumption that the defendant was properly served with a notice to quit without having to call the process server as a witness.  (*Palm Property Investments, LLC v. Yadegar* (2011) 194 Cal.App.4th 1419, 1427-1428.)  The verified complaint contained a proof of service of the notice to quit on Defendants by a registered process server.  Defendants did not submit any evidence to rebut the presumption that they were properly served with the notice to quit.

Lastly, Plaintiff was not required to submit evidence that Defendants were holding over and continuing in possession. "'When allegations in a complaint are admitted by the answer (a) no evidence need be offered in their support; (b) evidence is not admissible to prove their untruth; (c) no finding thereon is necessary; (d) a finding contrary thereto is error.' [Citation.]" (*Valerio v. Andrew Youngquist Construction* (2002) 103 Cal.App.4th 1264, 1271.)  The complaint alleged that Defendants are residing in and continue their possession of the property.  Defendants' answer admitted those allegations.  Because Defendants admitted that they remained in possession, Plaintiff was not required to submit evidence on that issue.

In sum, Plaintiff met its initial burden of showing it was entitled to summary judgment.  Because Defendants failed to submit evidence to raise a triable issue of fact, the trial court properly granted Plaintiff's motion for summary judgment.

       B.       The trial court did not err in denying Defendants' request for a continuance.

"If it appears from the affidavits submitted in opposition to a motion for summary judgment or summary adjudication or both that facts essential to justify opposition may exist but cannot, for reasons stated, then be presented, the court shall deny the motion, or

4

order a continuance to permit affidavits to be obtained or discovery to be had or may make any other order as may be just." (Code Civ. Proc., § 437c, subd. (h).)  A party who seeks a continuance of a summary judgment motion under section 437c, subdivision (h) must submit a declaration showing: "(1) 'Facts establishing a likelihood that controverting evidence may exist and why the information sought is essential to opposing the motion'; (2) 'The specific reasons why such evidence cannot be presented at the present time'; (3) 'An estimate of the time necessary to obtain such evidence'; and (4) 'The specific steps or procedures the opposing party intends to utilize to obtain such evidence.' " (*Johnson v. Alameda County Medical Center* (2012) 205 Cal.App.4th 521, 532; see also *Combs v. Skyriver Communications, Inc.* (2008) 159 Cal.App.4th 1242, 1270 [declaration must show "(1) the facts to be obtained are essential to opposing the motion; (2) there is reason to believe such facts may exist; and (3) the reasons why additional time is needed to obtain those facts"].)

"When a party makes a good faith showing by affidavit demonstrating that a continuance is necessary to obtain essential facts to oppose a motion for summary judgment, the trial court must grant the continuance request." (*Park v. First American Title Co.* (2011) 201 Cal.App.4th 1418, 1428.)  However, if the submitted declaration does not make the necessary showing, a continuance is not mandatory.  (*Ibid.*)  Unless the submitted declaration requires a continuance, the trial court's decision regarding a request for a continuance is reviewed for abuse of discretion.  (*Ibid.*)

Here, the trial court did not err in denying Defendants' request to continue the hearing on the summary judgment motion.  Defendants failed to submit a sufficient declaration to require the trial court to continue the motion for summary judgment.  Defendants submitted a declaration by Defendant Kelly Johnson.  He stated that Defendants propounded requests for production of documents on Plaintiff on August 27, 2015 seeking accounting information in order to prove the balance allegedly due.  He only stated that the requested information was related to "the subject matter of and issues presented in the litigation" and "the allegations contained in the complaint and affirmative defenses," and "might reasonably lead to other evidence that would be

5

admissible at trial." There was no showing regarding what controverting evidence may exist and why the information sought is essential to opposing the summary judgment motion. Defendants failed to show how they intended to obtain the information and an estimate of time needed to obtain the information. Plaintiff objected to the requests on September 1, 2015, and Defendants did not show that they moved to compel or intended to do so.

Although there is no record of the trial court's ruling on Defendants' request for a continuance, because the trial court granted the summary judgment motion, presumably the request was denied. The trial court did not abuse its discretion in denying Defendants' request for a continuance.

C.    The trial court did not fail to consider Defendants' affirmative defenses.

As a general rule, theories not raised in the trial court may not be asserted for the first time on appeal. (*Mattco Forge, Inc. v. Arthur Young & Co.* (1997) 52 Cal.App.4th 820, 847.) This rule is based on the notion that it would be unfair to both the trial court and the opposing litigants to permit a change of theory on appeal. (*Ibid.*) Parties are precluded from arguing on appeal an issue not raised at the trial court unless it presents a pure question of law based on uncontroverted facts. (*Ibid.*)

Defendants assert that the trial court failed to consider their affirmative defenses before ruling on Plaintiff's motion for summary judgment. The assertion lacks merit. Plaintiff is not required to negate Defendants' affirmative defenses as part of its initial burden on summary judgment. (*Oldcastle Precast, Inc. v. Lumbermens Mut. Cas. Co.* (2009) 170 Cal.App.4th 554, 564-565.) Moreover, in their opposition to the summary judgment motion, Defendants did not argue any affirmative defenses, much less provide any evidence to support them.

D.    The trial court did not err in overruling Defendants' objections to Joiner's declaration and Plaintiff's request for judicial notice.

A trial court's ruling regarding the admissibility of evidence is reviewed for abuse of discretion. (*Sierra Managed Asset Plan, LLC v. Hale* (2015) 240 Cal.App.4th Supp. 1, 5.)

6

Defendants argue that they objected to Mr. Joiner's declaration and that the trial court improperly considered the declaration. While Defendants objected to the declaration as part of their opposition to the summary judgment motion, their objection was improper. Instead of specifying what portions of Mr. Joiner's declaration were objectionable and setting forth the specific grounds as required under Rules of Court, rule 3.1354(b), Defendants essentially made a blanket objection to the entire declaration on foundational grounds. However, Mr. Joiner's entire declaration is not objectionable on that ground. Although the record does not contain the trial court's ruling on Defendants' objection, presumably, the trial court overruled the objection and considered Mr. Joiner's declaration in granting summary judgment. Because Defendants' objection to Mr. Joiner's entire declaration was improper, the trial court did not abuse its discretion when it considered the declaration as part of the summary judgment motion.

Defendants also argue that they objected to Plaintiff's request for judicial notice and that the trial court erred in considering the documents within the request. Again, the record does not show that the trial court explicitly overruled the objection but the ruling is implied based on its grant of the motion for summary judgment.

"[A] court may take judicial notice of the fact of a document's recordation, the date the document was recorded and executed, the parties to the transaction reflected in a recorded document, and the document's legally operative language, assuming there is no genuine dispute regarding the document's authenticity. From this, the court may deduce and rely upon the legal effect of the recorded document, when that effect is clear from its face." (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 265, disapproved on other grounds in *Yvanova v. New Century Mortg. Corp.* (2016) 62 Cal.4th 919.) Plaintiff requested judicial notice of: (1) Defendant Shannon Johnson's Chapter 7 bankruptcy petition, filed on September 10, 2014; (2) an order dismissing the petition entered on November 25, 2014; (3) Defendant Shannon Johnson's second Chapter 7 bankruptcy petition filed on December 2, 2014; (4) an order granting Plaintiff's motion for relief from stay entered on February 13, 2015; (5) a trustee's deed upon sale recorded on June 10, 2015; (6) a complaint filed by Defendant Kelly Johnson on June 8, 2015; (7)

7

a notice of default and election to sell under deed of trust recorded June 16, 2011; and (8) a notice of trustee's sale recorded on February 19, 2015.

Defendants made a blanket objection to Plaintiff's request for judicial notice and, in passing, asserted that the truthfulness of the documents were in dispute. However, Defendants failed to state what they disputed regarding the truthfulness of the documents. It is not clear whether Defendants disputed the authenticity of the documents themselves or certain statements within the documents, and to which documents either dispute applied.

Nevertheless, to the extent that the trial court considered the recorded trustee's deed upon sale in ruling on the summary judgment motion, it did not abuse its discretion. Defendants did not specify what they disputed regarding the trustee's deed upon sale and the trial court was permitted to take judicial notice of the fact of the document's recordation, the date the document was recorded and executed, the parties to the transaction reflected in a recorded document, and the document's legally operative language. From that, the trial court could deduce and rely upon the legal effect of the recorded trustee's deed upon sale.

E.      The trial court had jurisdiction over this case.

Defendants assert that the trial court did not have jurisdiction of the case. They contend that, because their house has a potential value in excess of $1,500,000, the value exceeded the jurisdictional amount of the limited jurisdiction court.

"There exist 'two different ways in which a court may lack jurisdiction.' [Citation.] 'A court lacks jurisdiction in a fundamental sense when it has no authority at all over the subject matter or the parties, or when it lacks any power to hear or determine the case.' [Citation.] 'If a court lacks such " 'fundamental' " jurisdiction, its ruling is void.' [Citation.] 'Even when a court has fundamental jurisdiction, however,' [Citation] it may act ' "in excess of its jurisdiction" ' [Citation] where it fails to act in the manner prescribed by the Constitution, a statute, or relevant case law. A ruling issued in excess of a court's jurisdiction 'is treated as valid until set aside.' [Citation.] (*Orcilla v. Big Sur, Inc.* (2016) 244 Cal.App.4th 982, 1011.)

8

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☒ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Newport Beach Facility - 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ Lamoreaux - 341 The City Drive, Orange, CA 92868-3205
☐ North - 1275 N. Berkeley Ave., P. O. Box 5000, Fullerton, CA 92838-0500

APPELLANT: Johnson

RESPONDENT: The William G. Joiner Trust Dated 2-6-02

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>30-2015-00812401<br><br>TRIAL COURT CASE NUMBER:<br>30-2015-00795549 |
|---|---|

Kelly S. Johnson
Shannon M. Johnson
27068 La Paz Rd., Ste. 510
Aliso Viejo, CA 92656


Troutman Sanders LLP
5 Park Plaza, Ste. 1400
Irvine, CA 92614

BY INTEROFFICE DELIVERY:

Central Justice Center - Civil Appellate Clerk
700 Civic Center Dr. W., Santa Ana, CA 92701

Hon. Michael S. McCartin, Judge - Dept. H10
4601 Jamboree Rd., Newport Beach, CA 92660

I certify that I am not a party to this action and that this Clerk's Certificate of Service by Mail was mailed in accordance with Section 1013a of the Code of Civil Procedure.  A copy(ies) of <u>Remittitur</u> was deposited in the United States mail, in a sealed envelope with postage fully prepaid addressed as shown above.  The mailing and this certification occurred at *(place)* <u>Santa Ana</u>, California, on *(date)* <u>1/9/2018</u>.

DAVID H. YAMASAKI, Clerk of the Court


By: _____
                    M. Porter, Deputy Clerk

| Court Use Only | **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | Code of Civil Procedure, §1013a |
|---|---|---|

MARTIN W. TAYLOR (SBN 149744)
martin.taylor@troutman.com
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA  92614
Telephone: (949) 622-2700
Facsimile: (949) 622-2739

PENELOPE PARMES (SBN 104774)
penelope@parmeslaw.com
PARMES LAW, INC.
2618 San Miguel Drive #361
Newport Beach, CA 92660
Telephone: (714) 299-8997

Attorneys for Plaintiff
THE WILLIAM G. JOINER TRUST DATED
2/6/02, WILLIAM G. JOINER AS TRUSTEE

FILED & ENTERED

OCT 09 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>SHANNON MARIE MAGNESS and<br>KELLY SCOTT JOHNSON<br><br>       Debtors. | Case No.  8:16-bk-14257-MW<br><br>Chapter 7<br><br>Adversary No. 8:17-ap-01076-MW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT** |
| THE WILLIAM G. JOINER TRUST<br>DATED 2/6/02, WILLIAM G. JOINER AS<br>TRUSTEE<br><br>       Plaintiff,<br><br>     v.<br><br>SHANNON MARIE MAGNESS aka<br>SHANNON JOHNSON; KELLY SCOTT<br>JOHNSON<br><br>       Defendants. | Date:      September 19, 2018<br>Time:     9:00 a.m.<br>Courtroom: 6C, Honorable Mark Wallace<br>             411 W. Fourth Street<br>             Santa Ana, CA 92701 |

TROUTMAN SANDERS LLP
875 THIRD AVENUE
NEW YORK, NY  10022

EXHIBIT 6, PAGE 32

EXHIBIT 33 PAGE 353

On September 19, 2018, at 9:00 a.m. in Courtroom 6C of the above-entitled Court, the Motion for Entry of Default Judgment Under LBR 7055-1 (Dkt. No. 40) brought by Plaintiff The William G. Joiner Trust Dated 2/6/02, William G. Joiner as Trustee ("Plaintiff" or the "Joiner Trust") (the "Adversary Proceeding") came on regularly for hearing. The Honorable Mark S. Wallace, United States Bankruptcy Judge, presiding.  All appearances were noted in the record of hearing.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151 and 157(b)(1).

The Court has reviewed and considered Defendants Kelly S. Johnson's and Shannon Marie Magness aka Shannon Johnson's ("Defendants") default on the *Complaint for Exception to Discharge Under 11 U.S.C. § 523* filed in the Adversary Proceeding; the *Memorandum Decision and Order Striking Defendants' Answer and Entering Default* (Dkt. No. 38); *Plaintiff's Amended Notice of Motion and Motion for Entry of Default Judgment Under LBR 7055-1* and related supporting points and authorities and declaration ("Default Judgment Motion"); Plaintiff's *Request for Judicial Notice in Support of Motion for Default Judgment*; Defendants' *Opposition to Plaintiff's Motion for Default Judgment*. filed September 17, 2018, two days before the hearing (Dkt. No. 47) ("Opposition"); Defendants' oral motion for a continuance of the Default Judgment Motion ("Motion to Continue"); the statements and arguments of counsel and defendant Kelly Johnson made at the hearing, and the case file.

Based on the foregoing and the Court having determined that the legal and factual bases set forth in the Default Judgment Motion establish just cause for the relief granted herein; and having found that notice of the Default Judgment Motion was adequate and proper under the circumstances; and having determined that notice and service of the Opposition was improper in violation of LBR 9013-1(f)(1), and for other good cause appearing,

**IT IS HEREBY ORDERED THAT:**

1.    Plaintiff's request for judicial notice is granted.

2.    Defendants' oral motion to continue the hearing on the Default Judgment Motion is denied.

3.    Defendants' Opposition to Plaintiff's Motion for Default Judgment is stricken for

- 2 -

EXHIBIT 6, PAGE 33

EXHIBIT 33 PAGE 354

TROUTMAN SANDERS LLP
875 THIRD AVENUE
NEW YORK, NY  10022

improper notice and service.

4.     The Court grants Plaintiff's Motion for Default Judgment, and enters default in favor of Plaintiff and against Defendants in the amount of **$364,424.11**, and determines that judgment is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(6).  Post-judgment interest shall be at the federal judgment rate.

5.     Defendants are jointly and severally liable to Plaintiff for false pretenses, false representation, actual fraud.

6.     Defendants' joint and several liability to Plaintiff for false pretenses, false representation, actual fraud is not dischargeable under 11 U.S.C. § 523(a)(2)(A).

7.     Defendants are jointly and severally liable to Plaintiff for willful and malicious injury.

8.     Defendants' joint and several liability for willful and malicious injury is not dischargeable under 11 U.S.C. § 523(a)(6);

9.     Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable through Federal Rule of Bankruptcy Procedure 7054, this judgment shall be treated as a final judgment, the Court having found that there is no just reason for delay in entry of a final judgment.

10.     Plaintiff shall lodge a form of Judgment.

11.     The Court retains jurisdiction to hear and determine all matters related to or arising out of this Judgment.

<div align="center">###</div>

Date: October 9, 2018

Mark S. Wallace
United States Bankruptcy Judge

<div style="text-align:left; writing-mode: vertical">TROUTMAN SANDERS LLP
875 THIRD AVENUE
NEW YORK, NY 10022</div>

- 3 -

EXHIBIT 6, PAGE 34

EXHIBIT 33 PAGE 355

Ⓐ Neutral
As of: September 24, 2024 6:20 AM Z

# *Johnson v. Joiner*

Superior Court of California, County of Orange

August 24, 2020, Decided

CASE NO: 30-2019-01075365-CU-BT-CJC

**Reporter**
2020 Cal. Super. LEXIS 65906 *

Johnson v. Joiner

## Core Terms

anti-SLAPP, documents, notice, plaintiff's claim, cause of action

**Judges:** **[*1]** Gregory H. Lewis, Judge.

**Opinion by:** Gregory H. Lewis

## Opinion

**MINUTE ORDER**

Tentative Ruling posted on the Internet.

The Court confirms the tentative ruling as follows:

**Anti-SLAPP Special Motion to Strike**

**Ruling: Defendants' Special Motion to Strike the third, fourth, fifth, eighth, ninth, tenth, eleventh, and twelfth causes of action is granted. Defendants' request for judicial notice is granted. (*Evid. Code, § 452(c)*.) However, the court does not take notice of the truth of matters stated in the judicially-noticed documents. (*Herrera v. Deutsche Bank National Trust Co. (2011) 196 Cal.App.4th 1366, 1375* ("While courts take judicial notice of public records, they do not take notice of the truth of matters stated therein.").)**

*Code of Civil Procedure section 425.16* provides that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff

has established that there is a probability that the plaintiff will prevail on the claim." (*Code Civ. Proc., § 425.16(b)(1)*.) A SLAPP lawsuit is a meritless suit filed primarily to chill the defendant's exercise of First Amendment rights. (*Finton Constr., Inc. v. Bidna & Keys, APLC (2015) 238 Cal.App.4th 200, 208*.) The purpose of the statute is to dismiss meritless **[*2]** lawsuits designed to chill the defendant's free speech rights at the earliest stage of the case. (*Id. at 209*.)

Resolution of an anti-SLAPP motion involves two steps. First, the defendant must establish that the challenged claim arises from activity protected by *section 425.16*. (*Baral v. Schnitt (2016) 1 Cal.5th 376, 384*.) If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success. *(Id.)* In the second step, the court does not weigh evidence or resolve conflicting factual claims. *(Id.)* Its inquiry is limited to whether the plaintiff has stated a legally sufficient claim and made a prima facie showing sufficient to sustain a favorable judgment. (*Id. at 384-85*.) The court accepts the plaintiff's evidence as true, and evaluates the defendant's showing only to determine if it defeats the plaintiff's claim as a matter of law. (*Id. at 385*.)

Plaintiff's claims against Defendants in the FAC arise from Defendants' representation of their clients in the underlying actions. (See e.g., (1) *Johnson v. Joiner, et al.,* Orange County Superior Court Case No. 30-2015-00791778-CU-OR-CJC filed on June 8, 2015 (the "Foreclosure Action") (RJN, Exs. 16-19, 69-72); (2) *The William G. Joiner Trust Dated **[*3]** 2-6-02 v. Johnson, et al.,* Orange County Superior Court Case No. 30-2015-00795549, filed on June 25, 2015 (the "UD Action") (RJN, Exs. 21-44, 51-52, 59-50); (3) *Johnson v. Joiner, et al,* Orange County Superior Court Case No. 30-2016-00870569, filed on August 22, 2018 (the "UCL Action") (RJN, Exs. 45-46, 73-75); and (4) *Joiner v. Johnson,* Orange County Superior Court Case No. 30-2017-00941491, filed on September 1, 2017 (the "Civil

Harassment Action") (RJN, Exs. 62-68, 76-81).

Specifically, the First Amended Complaint ("FAC") is premised on the allegations that Defendants filed "false/fraudulent/void unenforceable documents" to obtain "Court Orders against" Plaintiff to "wrongfully transfer ownership and take illegal possession of" the Property (FAC, ¶ 19); and that Defendants "continued to utilize and file the false/fraudulent/void/ unenforceable documents culminating in the [illegal, void and unenforceable] attempted sale of the Plaintiff's longtime family home" (FAC, ¶ 20). These allegations form the basis for Plaintiff's eight causes of action against Defendants. (See FAC. ¶¶ 20, 22, 28, 31, 36-37, 75, 119-23 [fraud]; 127-28 [negligent misrepresentation]; 145-46, 149, 162(a) [unfair **[\*4]** business practices]; 266 [intentional interference with economic advantage]; 273-75 [negligent interference with economic advantage]; 282, 286, 289-91, 294, 296, 314(E)-16, 319, 322-27, 333, 337-38, _341_, _343(B)_, _348_, _367_, _372-73_, _383_, _399-400_, _405_ [infliction of emotional distress]; 408-10 (loss of consortium); and 413-17, 420-21, 423 [declaratory relief].)

The judicially noticed documents also demonstrate that Plaintiff's claims against FAC arise from Defendants' representation of their clients in the underlying Foreclosure Action, the UD Action, UCL Action, and Civil Harassment Action (collectively "underlying actions"). (See RJN generally.)

Plaintiff contends that Defendants are not entitled to relief under the anti-SLAPP statute because the gravamen of claims are pre-filing, non-judicial and non-communicative conduct. Plaintiff argues that submitting the fraudulent documents to the court is not communication, but a course of conduct. However, submitting documents to court is a representation made to the court. The California Supreme Court has broadly construed _Code of Civil Procedure section 425.16_. (See e.g., _Briggs v. Eden Council for Hope & Opportunity (1999) 19 Cal. 4th 1106, 1121-1122_; _Equilon Enterprises v. Consumer Cause, Inc. (2002), 29 Cal. 4th 53, 61-62_; _Jarrow Formulas, Inc. v. LaMarche (2003) 31 Cal.4th 728, 735_ [acknowledging the "express statutory command" that the anti-SLAPP statute be broadly construed].) The right to petition includes communicative **[\*5]** conduct such as the filing, funding, and prosecution of a civil action. (See _Ludwig v. Superior Court (1995) 37 Cal.App.4th 8, 17-19_.) This includes qualifying acts committed by attorneys in representing clients in litigation. (See, e.g., _Chavez v. Mendoza (2001) 94 Cal.App.4th 1083, 1086_.)

Plaintiff next contends that Defendants' actions are not entitled to anti-SLAPP protection because Defendants' illegal activities render the anti-SLAPP statute inapplicable. Where a defendant brings a motion to strike under _section 425.16_ based on a claim that the plaintiff's action arises from activity by the defendant in furtherance of the defendant's exercise of protected speech or petition rights, but either the defendant concedes, or the evidence conclusively establishes, that the assertedly protected speech or petition activity was illegal as a matter of law, the defendant is precluded from using the anti-SLAPP statute to strike the plaintiff's action. (_Flatley v. Mauro (2006) 39 Cal.4th 299, 320_. This demanding test has not been met here. Plaintiff has not submitted any evidence that conclusively establishes the protected activity was illegal as a matter of law and Defendants do not concede that it is.

Defendants have met their burden to demonstrate that Plaintiff's claims against Defendants arise out of protective activity.

If the defendant makes the **[\*6]** required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success." (_Baral v. Schnitt (2016) 1 Cal.5th 376, 384_.) "[I]n order to establish the requisite probability of prevailing (_§ 425.16, subd. (b)(1)_), the plaintiff need only have ' "stated and substantiated a legally sufficient claim." ' [Citations.] 'Put another way, the plaintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." ' [Citations.]" (_Navellier, 29 Cal.4th at 88-89_.) The burden is on plaintiff to produce evidence that would be admissible at trial-i.e., to proffer a prima facie showing of facts supporting a judgment in plaintiff's favor. (_Chavez v. Mendoza (2001) 94 Cal.App.4th 1083, 1087_; _HMS Capital, Inc. v. Lawyers Title Co. (2004) 118 Cal.App.4th 204, 212_ ["In opposing an anti-SLAPP motion, the plaintiff cannot rely on the allegations of the complaint, but must produce evidence that would be admissible at trial."].)

Plaintiff did not submit any evidence and, thus, Plaintiff did not meet his burden at the second step to show that his claims based on protected activity are legally sufficient and supported by a prima facie showing of facts.

Moreover, it appears that Plaintiff's claim is barred under the **[\*7]** doctrine of issue preclusion. Issue preclusion

prohibits the relitigation of issues argued and decided in a previous case, even if the second suit raises different causes of action

(*Mycogen Corp. v. Monsanto Co. (2002) 28 Cal.4th 888, 896*; *DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824.) As discussed above, Plaintiff's causes of action against Defendants are all premised on the core allegation that Defendants filed false documents in the courts to take illegal possession of the subject property. This is the same primary right Plaintiff litigated in the UCL Action against Defendants. (See RJN, Exs. 45-46, 73-75.) However, Defendants obtained a final judgment against Plaintiff in the UCL Action. *(Id.)* Further, the Judgment in the UD action also establishes that the Joiner Trust "acquired the property at a regularly conducted sale and thereafter duly perfected title." (See RJN, Ex. 61, at p. 3.)

Moving party to give notice.

***Motion to Declare Plaintiff Kelly S. Johnson a Vexatious Litigant is continued to 09/09/2020 at 10:30 AM in Department C26 pursuant to Court's motion.***

Clerk to give notice.

---

**End of Document**

| **CH-130** | **Civil Harassment Restraining Order After Hearing** |
|---|---|

*Person in* ① *must complete items* ①, ②, *and* ③ *only.*

**① Protected Person**

a. Your Full Name: William G. Joiner

Your Lawyer *(if you have one for this case):*
Name: Meghan Sherrill _____ State Bar No.: 259487
Firm Name: Troutman Sanders LLP

b. Your Address *(If you have a lawyer, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, you may give a different mailing address instead. You do not have to give telephone, fax, or e-mail.):*

Address: 5 Park Plaza, Suite 1400

City: Irvine _____ State: CA ____ Zip: 92614

Telephone: 949-622-2700 _____ Fax: _____

E-Mail Address: meghan.sherrill@troutmansanders.com

Clerk stamps date here when form is filed.

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
HARBOR JUSTICE CENTER

**OCT 17 2017**

DAVID H. YAMASAKI, Clerk of the Court

BY: **C.E. RUDDY** DEPUTY

Fill in court name and street address:

**Superior Court of California, County of** ORANGE
4601 Jamboree Road
Newport Beach, CA 92660

Court fills in case number when form is filed.

Case Number:
**30-2017 00941491**

**② Restrained Person**
Full Name: Kelly S. Johnson

Description:

Sex: ☒ M  ☐ F  Height: 6'   Weight: 180   Date of Birth: 11-15-1960
Hair Color: Brown _____ Eye Color: Brown _____ Age: 56 ____ Race: caucasian
Home Address *(if known):* unknown
City: _____ State: ____ Zip: ____
Relationship to Protected Person: took a loan from protected person and litigation is pending between them

**③ ☒ Additional Protected Persons**

In addition to the person named in ①, the following family or household members of that person are protected by the orders indicated below:

| Full Name | Sex | Age | Lives with you? | How are they related to you? |
|---|---|---|---|---|
| Carolyn Joiner | F | 47 | ☒ Yes ☐ No | wife |
| Madeline Joiner | F | 12 | ☒ Yes ☐ No | daughter |

☒ *Check here if there are additional persons. List them on an attached sheet of paper and write "Attachment 3— Additional Protected Persons" as a title. You may use form MC-025, Attachment.*

**④ Expiration Date**

*This Order, except for any award of lawyer's fees, expires at:*

Time: _____ ☐ a.m. ☐ p.m. ☐ midnight on (date): _____

If no expiration date is written here, this Order expires three years from the date of issuance.

**This is a Court Order.**

Judicial Council of California, www.courts.ca.gov
Revised January 1, 2017, Mandatory Form
Code of Civil Procedure, §§ 527.6 and 527.9
Approved by DOJ

**Civil Harassment Restraining Order After Hearing**
**(CLETS-CHO)**
**(Civil Harassment Prevention)**

CH-130, Page 1 of 6

→

American LegalNet, Inc.
www.FormsWorkFlow.com

135

EXHIBIT 8, PAGE 38

Case Number **00941491**

## (5) Hearing

a. There was a hearing on *(date):* OCT 17 2017 at *(time):* 9:00AM in Dept.: 410 Room: _____
   *(Name of judicial officer):* Christopher Day made the orders at the hearing.

b. These people were at the hearing:
   (1) ☐ The person in (1)   (3) ☒ The lawyer for the person in (1) *(name):* MEGHAN C. SHERRILL
   (2) ☐ The person in (2)   (4) ☐ The lawyer for the person in (2) *(name):* _____
   ☐ Additional persons present are listed at the end of this Order on Attachment 5.

c. ☐ The hearing is continued. The parties must return to court on *(date):* _____ at *(time):* _____.

### To the Person in (2):

**The court has granted the orders checked below. If you do not obey these orders, you can be arrested and charged with a crime. You may be sent to jail for up to one year, pay a fine of up to $1,000, or both.**

## (6) ☒ Personal Conduct Orders

a. You must **not** do the following things to the person named in (1)
   ☒ and to the other protected persons listed in (3):
   (1) ☒ Harass, intimidate, molest, attack, strike, stalk, threaten, assault (sexually or otherwise), hit, abuse, destroy personal property of, or disturb the peace of the person.
   (2) ☒ Contact the person, either directly or indirectly, in **any** way, including, but not limited to, in person, by telephone, in writing, by public or private mail, by interoffice mail, by e-mail, by text message, by fax, or by other electronic means.
   (3) ☒ Take any action to obtain the person's address or location. If this item (3) is not checked, the court has found good cause not to make this order.
   (4) ☐ Other *(specify):*
   ☐ Other personal conduct orders are attached at the end of this Order on Attachment 6a(4).

b. Peaceful written contact through a lawyer or process server or other person for service of legal papers related to a court case is allowed and does not violate this Order.

## (7) ☒ Stay-Away Orders

a. You **must** stay at least __300__ yards away from *(check all that apply):*
   (1) ☒ The person in (1)
   (2) ☒ Each person in (3)
   (3) ☒ The home of the person in (1)
   (4) ☒ The job or workplace of the person in (1)
   (5) ☐ The school of the person in (1)
   (6) ☒ The school of the children of the person in (1)
   (7) ☒ The place of child care of the children of the person in (1)
   (8) ☒ The vehicle of the person in (1)
   (9) ☐ Other *(specify):*
   _____
   _____
   _____

### This is a Court Order.



American LegalNet, Inc.
www.FormsWorkFlow.com

136

EXHIBIT 8, PAGE 39

30-2017

Case Number: **0 0 9 4 1 4 9 1**

b. This stay-away order does not prevent you from going to or from your home or place of employment.

## ⑧ No Guns or Other Firearms and Ammunition

a. **You cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, other firearms, or ammunition.**

b. If you have not already done so, you must:

⑧
- Within 24 hours of being served with this Order, sell to or store with a licensed gun dealer, or turn in to a law enforcement agency, any guns or other firearms in your immediate possession or control.

- File a receipt with the court within 48 hours of receiving this Order that proves that your guns or firearms have been turned in, sold, or stored. *(You may use form CH-800, Proof of Firearms Turned In, Sold, or Stored, for the receipt.)*

c. ☐ The court has received information that you own or possess a firearm.

## ⑨ ☐ Lawyer's Fees and Costs

The person in ___ must pay to the person in ___ the following amounts for:

a. ☐ Lawyer's fees     b. ☐ Costs

| Item | Amount | Item | Amount |
|---|---|---|---|
| _____ | $ _____ | _____ | $ _____ |
| _____ | $ _____ | _____ | $ _____ |

☐ Additional items and amounts are attached at the end of this Order on Attachment 9.

## ⑩ ☐ Possession and Protection of Animals

a. ☐ The person in ① is given the sole possession, care, and control of the animals listed below, which are owned, possessed, leased, kept, or held by him or her, or reside in his or her household. *(Identify animals by, e.g., type, breed, name, color, sex.)*

_____

_____

_____

b. ☐ The person in ② must stay at least _____ yards away from, and not take, sell, transfer, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of, the animals listed above.

## ⑪ ☐ Other Orders *(specify):*

_____

_____

_____

_____

_____

☐ Additional orders are attached at the end of this Order on Attachment 11.

**This is a Court Order.**

Revised January 1, 2017

**Civil Harassment Restraining Order After Hearing (CLETS-CHO)**
**(Civil Harassment Prevention)**

CH-130, Page 3 of 6

→

American LegalNet, Inc.
www.FormsWorkFlow.com

137

EXHIBIT 8, PAGE 40

30-2017

Case Number:
**0 0 9 4 1 4 9 1**

## To the Person in ①:

**(12) Mandatory Entry of Order Into CARPOS Through CLETS**

This Order must be entered into the California Restraining and Protective Order System (CARPOS) through the California Law Enforcement Telecommunications System (CLETS). *(Check one):*

a. ☒ The clerk will enter this Order and its proof-of-service form into CARPOS.

b. ☐ The clerk will transmit this Order and its proof-of-service form to a law enforcement agency to be entered into CARPOS.

c. ☐ By the close of business on the date that this Order is made, the person in ① or his or her lawyer should deliver a copy of the Order and its proof-of-service form to the law enforcement agency listed below to enter into CARPOS:

| Name of Law Enforcement Agency | Address *(City, State, Zip)* |
| --- | --- |
| | |
| | |

☐ Additional law enforcement agencies are listed at the end of this Order on Attachment 12.

**(13) Service of Order on Restrained Person**

a. ☐ The person in ② personally attended the hearing. No other proof of service is needed.

b. ☒ The person in ② did not attend the hearing.

   (1) ☐ Proof of service of form CH-110, *Temporary Restraining Order*, was presented to the court. The judge's orders in this form are the same as in form CH-110 except for the expiration date. The person in ② must be served with this Order. Service may be by mail.

   (2) ☒ The judge's orders in this form are different from the temporary restraining orders in form CH-110. Someone—but not anyone in ① or ③—must personally serve a copy of this Order on the person in ②.

**(14) ☒ No Fee to Serve (Notify) Restrained Person**

The sheriff or marshal will serve this Order without charge because:

a. ☒ The Order is based on unlawful violence, a credible threat of violence, or stalking.

b. ☐ The person in ① is entitled to a fee waiver.

**(15)** Number of pages attached to this Order, if any: ____1____

Date:    **OCT 17 2017**

Judicial Officer    CHRISTOPHER AAY - TJ

## This is a Court Order.

Revised January 1, 2017

**Civil Harassment Restraining Order After Hearing**
**(CLETS-CHO)**
(Civil Harassment Prevention)

CH-130, Page 4 of 6
→

American LegalNet, Inc.
www.FormsWorkFlow.com

138

30-2017

Case Number: **0 0 9 4 1 4 9 1**

## Warning and Notice to the Restrained Person in ②:

### You Cannot Have Guns or Firearms

You cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get guns, other firearms, or ammunition while this Order is in effect. If you do, you can go to jail and pay a $1,000 fine. You must sell to or store with a licensed gun dealer, or turn in to a law enforcement agency, any guns or other firearms that you have or control as stated in item ⑧ above. The court will require you to prove that you did so.

## Instructions for Law Enforcement

### Enforcing the Restraining Order

This Order is enforceable by any law enforcement agency that has received the Order, is shown a copy of the Order, or has verified its existence on the California Restraining and Protective Order System (CARPOS). If the law enforcement agency has not received proof of service on the restrained person, and the restrained person was not present at the court hearing, the agency must advise the restrained person of the terms of the Order and then must enforce it. Violations of this Order are subject to criminal penalties.

### Start Date and End Date of Orders

This Order *starts* on the date next to the judge's signature on page 4 and *ends* on the expiration date in item ④ on page 1.

### Arrest Required If Order Is Violated

If an officer has probable cause to believe that the restrained person had notice of the order and has disobeyed it, the officer must arrest the restrained person. (Pen. Code, §§ 836(c)(1), 13701(b).) A violation of the order may be a violation of Penal Code section 166 or 273.6. Agencies are encouraged to enter violation messages into CARPOS.

### Notice/Proof of Service

The law enforcement agency must first determine if the restrained person had notice of the order. Consider the restrained person "served" (given notice) if (Pen. Code, § 836(c)(2)):

- The officer sees a copy of the *Proof of Service* or confirms that the *Proof of Service* is on file; *or*
- The restrained person was at the restraining order hearing or was informed of the order by an officer.

An officer can obtain information about the contents of the order and proof of service in CARPOS. If proof of service on the restrained person cannot be verified and the restrained person was not present at the court hearing, the agency must advise the restrained person of the terms of the order and then enforce it.

### If the Protected Person Contacts the Restrained Person

Even if the protected person invites or consents to contact with the restrained person, this Order remains in effect and must be enforced. The protected person cannot be arrested for inviting or consenting to contact with the restrained person. The orders can be changed only by another court order. (Pen. Code, § 13710(b).)

## This is a Court Order.

**Civil Harassment Restraining Order After Hearing (CLETS-CHO)**
(Civil Harassment Prevention)

CH-130, Page 5 of 6
→

 American LegalNet, Inc.
www.FormsWorkFlow.com

139

EXHIBIT 8, PAGE 42

30-2017

Case Number:
**0094149 1**

## Conflicting Orders—Priorities of Enforcement

**If more than one restraining order has been issued, the orders must be enforced according to the following priorities:** (See Pen. Code, § 136.2; Fam. Code, §§ 6383(h)(2), 6405(b).)

1. *EPO:* If one of the orders is an *Emergency Protective Order* (form EPO-001) and is more restrictive than other restraining or protective orders, it has precedence in enforcement over all other orders.

2. *No-Contact Order:* If there is no EPO, a no-contact order that is included in a restraining or protective order has precedence over any other restraining or protective order.

3. *Criminal Order:* If none of the orders includes a no contact order, a domestic violence protective order issued in a criminal case takes precedence in enforcement over any conflicting civil court order. Any nonconflicting terms of the civil restraining order remain in effect and enforceable.

4. *Family, Juvenile, or Civil Order:* If more than one family, juvenile, or other civil restraining or protective order has been issued, the one that was issued last must be enforced.

*Clerk's Certificate*
*[seal]*

*(Clerk will fill out this part.)*
**—Clerk's Certificate—**

I certify that this *Civil Harassment Restraining Order After Hearing* is a true and correct copy of the original on file in the court.

Date: _____ Clerk, by _____ , Deputy

**This is a Court Order.**

**Civil Harassment Restraining Order After Hearing
(CLETS-CHO)
(Civil Harassment Prevention)**

CH-130, Page 6 of 6



American LegalNet, Inc.
www.FormsWorkFlow.com

140

EXHIBIT 8, PAGE 43

MC-025

| SHORT TITLE: | CASE NUMBER: **30-2017** |
|---|---|
| William G. Joiner v. Kelly S. Johnson | **00941491** |

**ATTACHMENT** *(Number):* 3 _____

*(This Attachment may be used with any Judicial Council form.)*

Additional Protected Parties

Lincoln Joiner - M - Age 8 - Yes, lives with me - son
Grace Joiner - F - Age 8 - Yes, lives with me - daughter

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __1__ of __1__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

141