JONATHAN L. SEGAL (State Bar No. 264238)
  jonathansegal@dwt.com
SAMANTHA LACHMAN (State Bar No. 331969)
  samlachman@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

ABIGAIL EVERDELL (*Pro hac vice*)
  abigaileverdell@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
Fax: (212) 379-5244

Attorneys for Defendants
ANDREW CALLAGHAN, CHANNEL 5 LLC,
EVAN GILBERT-KATZ, AND NICOLAS
MOSHER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOINER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW CALLAGHAN, an Individual; CHANNEL 5 LLC, a Washington Limited Liability Company; EVAN GILBERT-KATZ, an Individual; NICOLAS MOSHER, an Individual; KELLY SCOTT JOHNSON, an Individual; and DOES 1 through 200, Inclusive,<br><br>Defendants. | Case No. 8:24-cv-01160-CBM-KS<br><br>**C5 DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**[Fed. R. Civ. P. 12(b)(6)]**<br><br>[C5 Defendants' Replies in Support of Special Motion to Strike and Request for Judicial Notice Filed Concurrently]<br><br>Date:      October 15, 2024<br>Time:     10:00 a.m.<br>Dept.:    8D<br><br>Action Filed: May 30, 2024 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

**Page**

I.    PLAINTIFF'S CLAIMS FAIL AS A MATTER OF LAW ........................... 1

    A.    Plaintiff's Wiretap Act, ECPA, and CIPA Claims Fail ...................... 1

    B.    Plaintiff's California Civil Code § 1708 Claim Fails........................... 3

    C.    Plaintiff's California Code of Civil Procedure § 527.6 Claim Fails ................................................................................................... 4

    D.    Plaintiff's False Light Claim Fails ...................................................... 5

    E.    Plaintiff's Emotional Distress Claims Fail.......................................... 7

    F.    Plaintiff's Invasion of Privacy and Intrusion Claims Fail................... 9

    G.    Plaintiff's UCL Claim Fails .............................................................. 10

II.    THE COURT SHOULD DISMISS WITH PREJUDICE ........................... 10

III.    CONCLUSION.......................................................................................... 10

REPLY ISO MOTION TO DISMISS COMPLAINT

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aisenson v. Am. Broad. Co.*,
  220 Cal. App. 3d 146 (1990) ...............................................................9

*Ameranth, Inc. v. Pizza Hut, Inc.*,
  2012 WL 12918370 (S.D. Cal. June 26, 2012) ....................................1

*Angie M. v. Superior Court*,
  37 Cal. App. 4th 1217 (1995) ......................................................... 7, 8

*Ashcroft v. Iqbal*,
  556 U.S. 662, 678 (2009) .....................................................................1

*Bassam v. Bank of Am.*,
  2015 WL 4127745 (C.D. Cal. July 8, 2015) ........................................8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................1

*Braun v. Chronicle Publishing Co.*,
  52 Cal. App. 4th 1036 (1997) .............................................................7

*Chavez v. Amerigas Propane, Inc.*,
  2013 WL 25882 (C.D. Cal. Jan. 2, 2013) ...........................................8

*Crowley v. CyberSource Corp.*,
  166 F. Supp. 2d 1263 (N.D. Cal. Sept. 13, 2001) ...............................2

*Deteresa v. Am. Broad. Cos.*,
  121 F.3d 460 (9th Cir. 1997) ..............................................................2

*Doe No. 1 v. Wynn Resorts, Ltd.*,
  2023 WL 1782439 (D. Nev. Feb. 3, 2023) ..........................................9

*Dora v. Frontline Video, Inc.*,
  15 Cal. App. 4th 536 (1993) ............................................................ 10

*Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*,
  472 U.S. 749 (1985) ......................................................................... 10

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
  751 F.3d 990 (9th Cir. 2014) ............................................................1

*Espinosa v. Whitepage, Inc.*,
  2015 WL 5813873 (E.D. Cal. Sept. 30, 2015), *aff'd*, 682 F. App'x 607
  (9th Cir. 2017)....................................................................................9

*Ewing v. Flora*,
  2015 WL 12564225 (S.D. Cal. Mar. 25, 2015) ..................................2

*Fabbrini v. City of Dunsmuir*,
  544 F. Supp. 2d 1044 (E.D. Cal. 2008) ..............................................6

*Franklin v. Dynamic Details, Inc.*,
  116 Cal. App. 4th 375 (2004) .............................................................6

*Friedman v. Merck & Co.*,
  107 Cal. App. 4th 454 (2003) .............................................................7

*Gallagher v. Philipps*,
  563 F. Supp. 3d 1048 (S.D. Cal. 2021)...............................................6

*Gardner v. Martino*,
  563 F.3d 981 (9th Cir. 2009) ........................................................... 10

*Issa v. Applegate*,
  31 Cal. App. 5th 689 (2019) ...............................................................6

*Jeffrey Katz Chiropractic, Inc. v. iBeat, Inc.*,
  2020 WL 4459122 (N.D. Cal. May 26, 2020).....................................4

*Kasky v. Nike, Inc.*,
  27 Cal. 4th 939 (2002) ..................................................................... 10

*Koch v. Goldway*,
  817 F.2d 507 (9th Cir. 1987) ..............................................................8

*Kyriakakos v. MasTec Network Sols., Inc.*,
  2018 WL 11357185 (C.D. Cal. Jan. 23, 2018).....................................8

*Mil-Spec Monkey, Inc. v. Activision Blizzard, Inc.*,
  74 F. Supp. 3d 1134 (N.D. Cal. 2014) ............................................. 10

*Mireskandari v. Daily Mail & Gen. Tr. PLC*,
  2013 WL 12114762 (C.D. Cal. Oct. 8, 2013)......................................5

iii

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Obsidian Fin. Grp., LLC v. Cox*,
    812 F. Supp. 2d 1220 (D. Or. 2011) *aff'd* 740 F.3d 1284 (9th Cir. 2014) ...........6

*Paterno v. Superior Court*,
    163 Cal. App. 4th 1342 (2008) ...................................................................6

*Potter v. Firestone Tire & Rubber Co.*,
    6 Cal. 4th 965 (1993) ...................................................................................7

*Rogers v. Grimaldi*,
    875 F.2d 994 (2d Cir. 1989).................................................................... 10

*Rosenow v. Facebook, Inc.*,
    2020 WL 1984062 (S.D. Cal. Apr. 27, 2020)......................................1

*Sarver v. Chartier*,
    813 F.3d 891 (9th Cir. 2016) .................................................................. 10

*Simmons v. Bauer Media Grp. USA, LLC*,
    50 Cal. App. 5th 1037 (2020) ...................................................................4

*Snyder v. Phelps*,
    562 U.S. 443 (2011) .............................................................................. 8, 9

*Steep Hill Labs., Inc. v. Moore*,
    2018 WL 1242182 (N.D. Cal. Mar. 8, 2018).......................................9

*Taylor v. Kobayashi*,
    2023 WL 2400879 (9th Cir. Mar. 8, 2023)......................................... 10

*Thunder Studios, Inc. v. Kazal*,
    13 F.4th 736 (9th Cir. 2021) ....................................................................3

*Tichinin v. City of Morgan Hill*,
    177 Cal. App. 4th 1049 (2009) .................................................................3

*Twentieth Century Fox Television v. Empire Distrib., Inc.*,
    875 F.3d 1192 (9th Cir. 2017) .............................................................. 10

*United States v. Smith*,
    155 F.3d 1051 (9th Cir. 1998) ..................................................................2

*Wilkins v. Nat'l Broad. Co.*,
    71 Cal. App. 4th 1066 (1999) ...................................................................7

iv

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Wolfson v. Lewis*,
 924 F. Supp. 1413 (E.D. Pa. 1996) ............................................................ 3, 4, 9

**Statutes**

18 U.S.C.
 § 2510 (Electronic Communications Privacy Act) ........................................ 1, 2
 § 2511 (Wiretap Act) ..................................................................................... 1, 2

California Business & Professions Code § 17200 (Unfair Competition Law) ....... 10

California Civil Code
 § 1708 ............................................................................................................3
 § 1708.7(b)(2) ...............................................................................................3
 § 1708.7(f) .....................................................................................................3

California Code of Civil Procedure
 § 527.6 ............................................................................................................4

California Penal Code § 632, 637 (CIPA) ............................................................1

**Rules**

Fed. R. Civ. P. 15(a)(1)(B) ........................................................................... 10

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

REPLY ISO MOTION TO DISMISS COMPLAINT

Rather than pointing to pled facts and applicable law to show his claims are sufficient, Plaintiff's Opposition to the C5 Defendants' Motion to Dismiss ("Opposition" or "Opp.") relies on mischaracterization. Stripped of hyperbole and read plainly, the Complaint's pled facts fail to state a claim. They describe only straightforward reporting and publishing activities, as well as the creation of a few comedic bits which may have bordered on absurdity but certainly invaded no one's privacy. While the C5 Defendant's journalism may be unorthodox, there is not a single pled fact from which the Court could conclude that they invaded Plaintiff's privacy, defamed him, violated his rights in any way, or engaged in anything more than an effort to tell an important, timely, and nuanced story about how people are lost to political radicalization, and whether they can be deradicalized.

## I.    PLAINTIFF'S CLAIMS FAIL AS A MATTER OF LAW

Preliminarily, Plaintiff articulates an outdated legal standard. In arguing motions to dismiss are "disfavor[ed]" and "rarely granted," he relies on cases decided *before Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which caused "a tectonic shift in federal courts' determination of the sufficiency of pleadings[.]" *Ameranth, Inc. v. Pizza Hut, Inc*., 2012 WL 12918370, at *2 (S.D. Cal. June 26, 2012). Opp. at 1. Plaintiff now must meet a "more demanding" standard, by identifying *factual allegations* from which a cause of action is *plausible*. *Eclectic Props. E., LLC v. Marcus & Millichap Co*., 751 F.3d 990, 996 (9th Cir. 2014). Plaintiff has failed to do so. Instead, his Complaint at best "pleads facts that are merely consistent with a defendant's liability," *id*. (citation omitted), and as such fails to state a claim.

## A.    Plaintiff's Wiretap Act, ECPA, and CIPA Claims Fail

Contrary to Plaintiff's claim, Opp. at 2, the C5 Defendants cited numerous authorities holding that these claims fail where, as here, a complaint does not identify any confidential conversation intercepted. Mot. at 8-10. *See, e.g. Rosenow v. Facebook, Inc*., 2020 WL 1984062, at *7 (S.D. Cal. Apr. 27, 2020) (dismissing

REPLY ISO MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Wiretap Act and CIPA claims because the plaintiff had failed to allege the interception of communications within the meaning of the Wiretap Act. 18 U.S.C. § 2511(1)(a), which is "part of the federal ECPA").[1]

Plaintiff also misconstrues the C5 Defendants' argument. Opp. at 2. The C5 Defendants did not argue that Plaintiff has to plead the *contents* of intercepted conversations, but rather that he has to identify *some* confidential communication that was intercepted. *See Crowley v. CyberSource Corp.*, 166 F. Supp. 2d 1263, 1269 (N.D. Cal. Sept. 13, 2001) ("[t]he Wiretap Act requires, first, that there be a communication and, second, that there be an acquisition of that communication" through interception). He unquestionably fails to do so. Instead, Plaintiff asks the Court to "infer" that because video recordings were made in land adjacent to his property, an unspecified confidential communication *may* have been recorded. Opp. at 2-3. But the Complaint fails to identify any such recorded communications. *See* Compl. ¶¶ 5, 90, 104-105. In short, Plaintiff has offered conjecture based solely on the fact that the C5 Defendants made a video recording on an adjacent property, and asks the Court to ratify this fantasy. He cannot state a claim based on such conclusory allegations.

The *Ewing v. Flora*, 2015 WL 12564225, at *2 (S.D. Cal. Mar. 25, 2015) decision Plaintiff cites (Opp. at 2) underscores the deficiencies in his claims. There, the plaintiff alleged the defendants had "called [him] and engaged in confidential communications" on a specific date, and recorded them without consent. Thus, while the specific contents of the communications were not identified, the communications themselves were, unlike here. *Id*. at *4. Finally, Plaintiff bizarrely asserts that an invasion of privacy claim *per se* satisfies the elements of a wiretap claim. Opp. at 3. *Deteresa v. Am. Broad. Cos.*, 121 F.3d 460, 467 n.4 (9th Cir.

---

[1] The C5 Defendants did not "abandon" their arguments as to Plaintiff's ECPA claim, as they cited *United States v. Smith*, 155 F.3d 1051, 1058 (9th Cir. 1998), which analyzed the requirements of 18 U.S.C. § 2510. Mot. at 8.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1997), does not stand for this principle. In any event, Plaintiff has not pled invasion of privacy, as discussed *infra*.

**B.     Plaintiff's California Civil Code § 1708 Claim Fails**

The Complaint fails to plead any plausible, cognizable theory of civil stalking because the Documentary and Trailer are statutorily excluded from liability as protected speech. Mot. at 10-11. Moreover, Plaintiff has not presented "independent corroborating evidence" of an actionable course of conduct. *Id*.[2]

*First*, Plaintiff's claimed "pattern of conduct" by the C5 Defendants—attempting to find and speak to Plaintiff by visiting his neighborhood and office, filming the blank exterior of his home from a third party's property, teasing the forthcoming Documentary, and making public statements (Opp. at 4-6)[3]—amounts to nothing more than protected newsgathering and speech under Cal. Civ. Code § 1708.7(f). And Callaghan's joking description of going to "psychotic lengths" to report the story (Opp. at 4, 7) is just another way of describing dogged journalism.

Faced with this reality, Plaintiff proposes that the statute's speech exception should be limited to speech *he* deems newsworthy. Opp. at 7-10. But the exception is not limited to speech regarding public figures or speech with a "legitimate newsworthy purpose" as Plaintiff claims. *See* Cal. Civ. Code § 1708.7(f).[4] Indeed, the Ninth Circuit has applied this exception to speech about a private business dispute. *Thunder Studios, Inc. v. Kazal*, 13 F.4th 736, 740, 743 (9th Cir. 2021). Plaintiff's resort to the inapposite, out-of-state invasion of privacy decision in *Wolfson v. Lewis*, 924 F. Supp. 1413, 1433 (E.D. Pa. 1996), also falls flat. There,

---

[2] Plaintiff also has not identified any "credible threat" as is required by § 1708.7(b)(2).

[3] Plaintiff also seems to impute Johnson's prior conduct toward him to the C5 Defendants, Opp. at 4-7, despite admitting that these events occurred years before Callaghan met Johnson. Compl. ¶¶ 56-59. The C5 Defendants found no case finding a defendant engaged in a harassing "course of conduct" by virtue of actions taken by *another* party *without* the defendant's involvement.

[4] Nor did the Court of Appeal in *Tichinin v. City of Morgan Hill*, 177 Cal. App. 4th 1049, 1077 (2009), limit the application of Cal. Civ. Code § 1708.7(f) to certain types of "newsworthy" speech or speech about public officials.

REPLY ISO MOTION TO DISMISS COMPLAINT

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the court found that the defendant journalists had invaded the plaintiffs' privacy by following them repeatedly (including to their child's nursery school), parking a surveillance van outside their home, and, without identifying themselves, filming plaintiffs in a manner so "belligerent" that they feared for their safety. *Id.* at 1425-27. Here, by contrast, Plaintiff admits he wasn't even *aware* of the C5 Defendants' conduct until he saw the Trailer years later. Compl ¶¶ 69, 75; Declaration of William Joiner ("Joiner Decl."), ECF No. 21-2 ¶ 10. Nor does he allege any instance of the C5 Defendants actually filming him (which they did not). He even admits that the "ghillie suit" scene was *not recorded on his property*, but from open land owned by a neighborhood association. *Id.* ¶ 7. These facts bear no relation to *Wolfson*. *See also Simmons v. Bauer Media Grp. USA, LLC*, 50 Cal. App. 5th 1037, 1047 (2020) (re an investigator's concededly illegal use of a tracking device).

    *Second*, Plaintiff concedes that he must plead that the "tortious" conduct continued after a request for its cessation. Opp. at 4. His counsel's legal demand to cancel publication of the Documentary (Everdell Decl., Ex. C) occurred long after filming was complete, Opp. at 7, and there are no allegations of conduct after this except the protected speech activities of promoting and screening the Documentary. This alone defeats his claim.

## C.    Plaintiff's California Code of Civil Procedure § 527.6 Claim Fails

    Plaintiff cites just one decision in support of his argument that the Court should issue an injunction under Code of Civil Procedure § 527.6. Opp. at 12. But *Jeffrey Katz Chiropractic, Inc. v. iBeat, Inc*., 2020 WL 4459122, at *3 (N.D. Cal. May 26, 2020), *declined* to issue an injunction because the plaintiff had "failed to establish a likelihood of success on the merits of his harassment allegations" where the parties "never interacted directly." *Id.* at *4-5. Here, likewise, Plaintiff and the C5 Defendants never interacted directly. Nor does *Katz* call into question the obvious conclusion that the C5 Defendants' making and disseminating of the Documentary is constitutionally protected activity under Cal. Civ. Proc.

REPLY ISO MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

§ 527.6(b)(1), and therefore not actionable as harassment. Mot. at 11-12.

## D. Plaintiff's False Light Claim Fails

The Opposition attempts to rectify the Complaint's failure to specify the allegedly false statements at issue. Mot. at 13; Opp. at 13. But Plaintiff implicitly acknowledges his claim's deficiency by attempting to premise it largely on *time-barred* statements. Plaintiff filed the Complaint on May 30, 2024, and the statute of limitations for a false light claim is one year. *See Mireskandari v. Daily Mail & Gen. Tr. PLC*, 2013 WL 12114762, at *9 (C.D. Cal. Oct. 8, 2013). Accordingly, the following statements cited in the Opposition—even assuming the Complaint had properly identified them—would not be actionable because they were published before May 30, 2023: (1) The 2021 statements that Plaintiff "stole" Johnson's home and ruined his life by "falsifying a trustee's deed," and other statements in the same video, *see* Opp. at 13, n.6; Compl. ¶ 78[5]; (2) The 2021 statements that Johnson "fell down the rabbit hole because he took a predatory loan from a shitty mortgage company" and got "done wrong by someone," *see* Opp. at 13; Compl. ¶ 85; and (3) The November 2022 "public statements made by Callaghan," including "Nobody should steal a home, it's not right," "after we get that home back," and that Plaintiff "gave an unfair loan. I think." Opp. at 13; Compl. ¶¶ 82-84, 94. Moreover, Plaintiff now claims that the Documentary is not incorporated into his Complaint (despite having repeatedly cited it). Opp. at 15 n.8. To the extent he premises this claim upon the Documentary, his failure to cite any specific allegedly defamatory statements from it, or even agree to its review, defeats the claim. Mot. at 13.

Thus, the only statements for Plaintiff to premise a false light claim upon would be in the May 2024 Trailer. Though Plaintiff describes the Trailer as including a "tirade of false accusations" against him, Opp. at 13, the only statement

---

[5] Plaintiff suggests that the statement that he "falsif[ied] a trustee's deed" was made "in the published videos." Opp. at 13. But this statement is ***not*** in the May 2024 Trailer.  *See* Declaration of Abigail Everdell ("Everdell Decl."), ECF No. 16-1, Ex. B.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

about him it *actually* includes is Johnson's non-actionable opinion that Plaintiff "stole [his] home." Mot. at 13-16.[6] Plaintiff disputes that statements in the Trailer (and Documentary, to the extent he would allow the Court to review it) are protected opinion. *Compare* Mot. at 13-16 *with* Opp. at 14-15. But Plaintiff admits once again that he *did* foreclose on Johnson's home and evict him, Motion to Strike at 18, making Johnson's statement a subjective perspective on *admitted* facts. *See Paterno v. Superior Court*, 163 Cal. App. 4th 1342, 1356 (2008) ("Opinions that present only an individual's personal conclusions and do not imply a provably false assertion of fact are nonactionable[.]"); Mot. at 15-16. Plaintiff also acknowledges that in the Documentary, Callaghan challenges Johnson's view of things and interviews an attorney who describes the legal dispute in Plaintiff's favor. Opp. at 14; *see also* Ex. A at 46:34, 54:59-55:04. Plaintiff suggests this context is irrelevant because it is offered later on in the Documentary. Opp. at 14.[7] But "a defamatory meaning must be found, if at all, in a reading of the publication *as a whole*. Defamation actions cannot be based on snippets taken out of context." *Issa v. Applegate*, 31 Cal. App. 5th 689, 713-14 (2019) (internal quotation marks and citation omitted) (emphasis added); *see also Gallagher v. Philipps*, 563 F. Supp. 3d 1048, 1096 (S.D. Cal. 2021).

Finally, Plaintiff claims the Documentary may not benefit from the "fair and true report" privilege. *Compare* Opp. at 15-16 *with* Mot. at 16-17. But the

---

[6] Plaintiff tries to challenge additional statements from the Trailer in a footnote in the Opposition. Opp. at 13 n.6. But even if these hyperbolic statements of opinion were actionable, it is improper to amend a Complaint through briefing. *See, e.g.*, *Fabbrini v. City of Dunsmuir*, 544 F. Supp. 2d 1044, 1050 (E.D. Cal. 2008) ("Plaintiff's statements in his opposition brief cannot amend the Complaint"). Regardless, the statements cited are classic expressions of Johnson's opinion. *See Franklin v. Dynamic Details, Inc.*, 116 Cal. App. 4th 375, 386 (2004) (claims "that [plaintiffs] stole copyrighted material, … and were dishonorable" were opinion); *Obsidian Fin. Grp., LLC v. Cox*, 812 F. Supp. 2d 1220, 1232-34 (D. Or. 2011) *aff'd* 740 F.3d 1284 (9th Cir. 2014).

[7] Plaintiff also observes that there are multiple versions of the Documentary. Opp. at 15 n.8. While the C5 Defendants do not dispute this, it does not relieve Plaintiff of his obligation to plead the specific statements at issue, in addition to the other elements of his false light claim.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Documentary fairly reports on Johnson's legal disputes with Plaintiff. And *Braun v. Chronicle Publishing Co*., 52 Cal. App. 4th 1036, 1050 (1997), Opp. at 16, did not limit the privilege. It explained that "reports which comprise *a history* of [judicial] proceeding[s] come within the privilege." *Id*. In contextualizing Johnson's claims, the Documentary benefits from the privilege. Ex. A at 54:54-55:49.

**E.    Plaintiff's Emotional Distress Claims Fail**

First, Plaintiff does not dispute that "there is no independent tort of" NIED. *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984 (1993). Instead, "[t]he tort is negligence, a cause of action in which a duty to the plaintiff is an essential element." *Id*. at 966. However, "there is no duty to avoid negligently causing emotional distress to another ...." *Id*. at 984. Thus, "unless the defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object, recovery is available only if the emotional distress arises out of the defendant's breach of *some other legal duty*." *Id*. at 985 (emphasis added). The Complaint alleges in a conclusory fashion that the C5 Defendants "were and are under duties to not expose Mr. Joiner to damages," Compl. ¶ 147, But Plaintiff cites no authority for the existence of this imaginary duty. *Cf. Wilkins v. Nat'l Broad. Co.*, 71 Cal. App. 4th 1066, 1087 (1999) (rejecting NIED claim based on the theory that NBC had a duty to tell plaintiffs they were being filmed). And the cases Plaintiff cites are inapposite and unhelpful to him.  *See Friedman v. Merck & Co*., 107 Cal. App. 4th 454, 466 (2003) (holding a drug company *did not* owe the plaintiff, a vegan, a duty to warn him that a test he took contained animal products).

In any event, Plaintiff has failed to plead the other elements of either NIED or IIED. Plaintiff has not alleged cognizable "extreme and outrageous" conduct, nor has he pled non-conclusory "severe emotional distress." Mot. at 17-18. In Opposition, Plaintiff cites cases far afield from the circumstances here, underscoring his claim's deficiency. Opp. at 18. In *Angie M. v. Superior Court*, the court held that it could be extreme and outrageous "for a 48–year–old medical

REPLY ISO MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

doctor to initiate and conduct an extended sexual relationship with a minor while …
providing her with alcohol and controlled substances." 37 Cal. App. 4th 1217, 1226
(1995). And in *Chavez v. Amerigas Propane, Inc*., 2013 WL 25882, at \*5-6 (C.D.
Cal. Jan. 2, 2013), the defendant ordered the plaintiff to undergo a dangerous
physical exam while knowing he had an injury, as pretext to fire him due to his age
and race. Meanwhile, the C5 Defendants cited authorities dismissing IIED claims
based on speech, like Plaintiff's claim. *See Koch v. Goldway*, 817 F.2d 507, 510
(9th Cir. 1987) (using "vicious slur" against plaintiff could not constitute IIED).
Plaintiff fails to mention these cases.

　　　　Further, Plaintiff points to conduct *solely by Defendant Johnson* to argue that
he sufficiently alleged the C5 Defendants caused him severe emotional distress.
Opp. at 18-19; *see, e.g.*, Compl. ¶ 59. He also fails to counter that boilerplate
allegations of emotional distress are insufficient. Mot. at 18. Courts have dismissed
IIED claims based on similarly conclusory allegations. *See, e.g.*, *Kyriakakos v.
MasTec Network Sols., Inc*., 2018 WL 11357185, at \*4 (C.D. Cal. Jan. 23, 2018)
(plaintiff "pleaded that he has suffered 'anxiety, worry, mental and emotional
distress' since his termination. As with the FAC, [plaintiff] does not allege specific
facts showing the extent, nature or severity of his alleged emotional distress.");
*Bassam v. Bank of Am.*, 2015 WL 4127745, at \*11 (C.D. Cal. July 8, 2015)
("Plaintiffs allege no *facts* that satisfy this demanding standard; they simply assert,
in conclusory fashion, that defendants caused them 'severe emotional distress.'").

　　　　Finally, IIED claims are barred where, as here, the speech and conduct
concern "a subject of legitimate news interest," even when "it is upsetting or
arouses contempt." *Snyder v. Phelps*, 562 U.S. 443, 453, 458 (2011). Plaintiff
argues that his dispute with Johnson over a home foreclosure in the wake of the
2008 mortgage crisis, Johnson's subsequent political radicalization, and the effect
of that radicalization on his family are not matters of legitimate news interest.
*Compare* Opp. at 19-20 *with* Mot. at 17-18. *See also* Ex. A at 14:05-14:23, 15:06.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

But the Supreme Court has found far more offensive statements protected. *Snyder*, 562 U.S. at 454-55. And, the decisions Plaintiff cites, *Steep Hill Labs., Inc. v. Moore*, 2018 WL 1242182, at *5 (N.D. Cal. Mar. 8, 2018) and *Wolfson*, 924 F. Supp. at 1433, Opp. at 20, do not even address IIED claims.

## F.    Plaintiff's Invasion of Privacy and Intrusion Claims Fail

Plaintiff complains that his failure to identify a single actionable intrusion is the result of the C5 Defendants' "refus[al] to engage in discovery or turn over *all* recorded footage." Opp. at 21. Needless to say this puts the cart before the horse. At this stage, it is *Plaintiff's* burden to plead facts in support of his privacy claims, not the C5 Defendants' responsibility to submit to a fishing expedition so Plaintiff can try to drum up those facts. Mot. at 19-20. The Complaint's allegations that the C5 Defendants "surreptitiously … recorded … [Plaintiff] … within his residence and place of business," Compl. ¶ 166, are conclusory and speculative. Indeed, neither the Complaint, Trailer, or Documentary identify or even suggest a single instance of Plaintiff being recorded *at any point*, much less in an invasive manner, or of any of his private information being collected or published. Mot. at 20. Plaintiff has no response to this. Opp. at 22. Plaintiff also glosses over that the footage he complains of in the Trailer and Documentary shows a building's exterior and an empty office filmed from outside, capturing only inanimate architecture and office equipment. Mot. at 20. Instead, Plaintiff contends that it was offensive for the C5 Defendants to publish his "name and the name of the private community where he lives." Opp. at 22. This was not an actionable intrusion. *See Espinosa v. Whitepage, Inc*., 2015 WL 5813873, at *4 (E.D. Cal. Sept. 30, 2015), *aff'd*, 682 F. App'x 607 (9th Cir. 2017) ("publish[ing] [plaintiff's] name, address, and phone number on the internet" did not constitute an actionable invasion).

Plaintiff's new claims that the C5 Defendants trespassed on a third party's property (Joiner Decl. ¶ 7) and filmed the outside of his office building are also insufficient. *Aisenson v. Am. Broad. Co*., 220 Cal. App. 3d 146, 161-63 (1990); *Doe*

REPLY ISO MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*No. 1 v. Wynn Resorts, Ltd.*, 2023 WL 1782439, at *20 (D. Nev. Feb. 3, 2023).

## G.     Plaintiff's UCL Claim Fails

Plaintiff's argument that the Trailer is commercial speech is belied by settled law that advertisements for expressive works are protected if they are "artistically relevan[t]" to the work and "not explicitly misleading as to the content." *Rogers v. Grimaldi*, 875 F.2d 994, 1000 (2d Cir. 1989). *See also, e.g.*, *Twentieth Century Fox Television v. Empire Distrib., Inc.*, 875 F.3d 1192, 1196-97 (9th Cir. 2017) ("promotional efforts" for expressive works are protected if they satisfy *Rogers*); *Mil-Spec Monkey, Inc. v. Activision Blizzard, Inc.*, 74 F. Supp. 3d 1134, 1143 (N.D. Cal. 2014). Moreover, *Kasky v. Nike, Inc.*, 27 Cal. 4th 939 (2002) did not contradict the principle expressed in *Sarver v. Chartier*, 813 F.3d 891, 905 (9th Cir. 2016), and *Dora v. Frontline Video, Inc.*, 15 Cal. App. 4th 536, 542 (1993), that expressive works fall outside the definition of "commercial speech." Mot. at 21. And, *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749 (1985), did not concern California's UCL. Finally, Plaintiff does not address his failure to allege economic injury, conceding this point. Mot. at 21.

## II.     THE COURT SHOULD DISMISS WITH PREJUDICE

Plaintiff had the opportunity to amend following the C5 Defendants' filing of this Motion, but chose not to. Fed. R. Civ. P. 15(a)(1)(B). Moreover, despite having filed extensive (and inappropriate) factual material, Plaintiff still fails to point to any facts that could render his claims cognizable. *Taylor v. Kobayashi*, 2023 WL 2400879, at *2 (9th Cir. Mar. 8, 2023) (affirming dismissal with prejudice where plaintiff "failed to set forth any facts … which they could add to save their complaint") (cleaned up); *Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009) (same). Amendment would be futile and should be denied.

## III.     CONCLUSION

For the foregoing reasons, Plaintiff's claims against the C5 Defendants should be dismissed, with prejudice.

REPLY ISO MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DATED: October 1, 2024

DAVIS WRIGHT TREMAINE LLP
JONATHAN L. SEGAL
ABIGAIL EVERDELL
SAMANTHA LACHMAN


By: */s/ Jonathan Segal*
                  Jonathan Segal
Attorneys for Defendants
ANDREW CALLAGHAN, CHANNEL 5 LLC, EVAN GILBERT-KATZ, AND NICOLAS MOSHER

REPLY ISO MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899