JONATHAN L. SEGAL (State Bar No. 264238)
  jonathansegal@dwt.com
SAMANTHA LACHMAN (State Bar No. 331969)
  samlachman@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

ABIGAIL EVERDELL (*Pro hac vice*)
  abigaileverdell@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
Fax: (212) 379-5244

Attorneys for Defendants
ANDREW CALLAGHAN, CHANNEL 5 LLC,
EVAN GILBERT-KATZ, AND NICOLAS MOSHER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOINER, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>ANDREW CALLAGHAN, an Individual; C5 LLC, a Washington Limited Liability Company; EVAN GILBERT-KATZ, an Individual; NICOLAS MOSHER, an Individual; KELLY SCOTT JOHNSON, an Individual; and DOES 1 through 200, Inclusive,<br><br>　　　　　　　Defendants. | Case No. **8:24-cv-01160-CBM-KS**<br><br>**REPLY IN SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT**<br><br>[C5 Defendants' Replies in Support of Motion to Dismiss (F.R.C.P. 12(b)(6)) and Request for Judicial Notice Filed Concurrently]<br><br>Date:　　October 15, 2024<br>Time:　　10:00 a.m.<br>Dept.:　　8D<br><br>Action Filed: May 30, 2024 |

# TABLE OF CONTENTS

**Page**

I. PLAINTIFF'S EXTRINSIC EVIDENCE SHOULD BE IGNORED ........... 1

II. THE ANTI-SLAPP STATUTE APPLIES ...................................................... 2

    A. The Documentary and Trailer are Protected Activity ......................... 3

    B. The C5 Defendants' Newsgathering Was Protected Activity .............. 4

    C. The Documentary and Film Concern Matters of Public Interest ......... 5

III. PLAINTIFF CANNOT SHOW A PROBABILITY OF PREVAILING ....... 8

    A. Plaintiff's Stalking Claim Fails (Claim 3) ............................................. 8

    B. Plaintiff's Harassment Claim Fails (Claim 4) ....................................... 9

    C. Plaintiff's CIPA Claim Fails (Claim 5) .................................................. 9

    D. Plaintiff's Emotional Distress Claims Fail (Claims 7 and 8) ............... 9

    E. Plaintiff's Invasion of Privacy Claims Fail (Claims 9 and 11) .......... 10

    F. Plaintiff's False Light Claim Fails (Claim 10) ................................... 10

    G. Plaintiff's UCL Claim Fails (Claim 12) .............................................. 10

IV. CONCLUSION ................................................................................................ 10

REPLY ISO SPECIAL MOTION TO STRIKE

i

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abuemeira v. Stephens*,
 246 Cal. App. 4th 1291 (2016) ...................................................................................4

*Arenas v. Shed Media U.S. Inc.*,
 881 F. Supp. 2d 1181 (C.D. Cal. 2011), *aff'd* 462 F. App'x 709
 (9th Cir. 2011)............................................................................................................3

*Ass'n for L.A. Deputy Sheriffs v. L.A. Times Commc'ns LLC*,
 239 Cal. App. 4th 808 (2015) ....................................................................................5

*Carver v. Bonds*,
 135 Cal. App. 4th 328 (2005) ....................................................................................6

*Cross v. Cooper*,
 197 Cal. App. 4th 357 (2011) ....................................................................................5

*Doe v. Gangland Productions, Inc.*,
 730 F.3d 946 (9th Cir. 2013) .....................................................................................6

*Du Charme v. Int'l Bhd. of Elec. Workers*,
 110 Cal. App. 4th 107 (2003) ....................................................................................7

*Evans v. McCoy-Harris*,
 2019 WL 4284504 (C.D. Cal. May 9, 2019) .............................................................2

*FilmOn.com Inc. v. DoubleVerify Inc.*,
 7 Cal. 5th 133 (2019) ......................................................................................... 6, 7, 8

*Flatley v. Mauro*,
 39 Cal. 4th 299 (2006) ...................................................................................... 4, 5, 10

*Geiser v. Kuhns*,
 13 Cal. 5th 1238 (2022) ....................................................................................... 6, 7

*Hall v. Time Warner, Inc.*,
 153 Cal. App. 4th 1337 (2007) ..................................................................................5

*Hart v. TWC Prod. & Tech. LLC*,
 526 F. Supp. 3d 592 (N.D. Cal. 2021) .................................................................... 10

ii
REPLY ISO SPECIAL MOTION TO STRIKE

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Herbert v. Lando*,
   441 U.S. 153 (1979) ................................................................................................4

*Kolar v. Donahue, McIntosh & Hammerton*,
   145 Cal. App. 4th 1532 (2006) ...............................................................................7

*Lieberman v. KCOP Television, Inc.*,
   110 Cal. App. 4th 156 (2003) ............................................................................ 5, 6

*Mossack Fonseca & Co., S.A. v. Netflix Inc.*,
   2020 WL 8510342 (C.D. Cal. Dec. 23, 2020) .......................................................3

*Nelson v. Wells*,
   2023 WL 7099411 (Cal. App. Oct. 27, 2023) .......................................................7

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
   890 F.3d 828, *amended by* 897 F.3d 1224 (9th Cir. 2018) ..................................1

*Price v. Stossel*,
   590 F. Supp. 2d 1262 (C.D. Cal. 2008) .................................................................8

*Rand Res., LLC v. City of Carson*,
   6 Cal. 5th 610 (2019) ..............................................................................................7

*Rodriguez v. Profit Sharing Plan II Admin. Comm.*,
   2024 WL 3447521 (S.D. Cal. July 17, 2024) ........................................................2

*Sarver v. Chartier*,
   813 F.3d 891 (9th Cir. 2016) ..................................................................................3

*Seelig v. Infinity Broad. Corp.*,
   97 Cal. App. 4th 798 (2002) ...................................................................................3

*Soukup v. L. Off. of Herbert Hafif*,
   39 Cal. 4th 260 (2006) ............................................................................................5

*Taus v. Loftus*,
   40 Cal. 4th 683 (2007) ............................................................................................6

*Taylor v. Viacom Inc.*,
   2018 WL 4959821 (C.D. Cal. June 5, 2018) .........................................................3

*United States v. Alvarez*,
   567 U.S. 709 (2012) ................................................................................................4

iii

REPLY ISO SPECIAL MOTION TO STRIKE

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*United States v. Dunn*,
   480 U.S. 294 (1987) .................................................................................................... 10

*Wentworth v. Bennett*,
   2018 WL 3521340 (Cal. App. July 23, 2018) ........................................................... 4

*Wilson v. CNN, Inc.*,
   7 Cal. 5th 871 (2019) ............................................................................................. 4, 7

**Statutes**

California Civil Code § 1708.7 ........................................................................................ 9

California Code of Civil Procedure
   § 425.16 .................................................................................................................. 2, 10
   § 425.16(e) ..................................................................................................................... 3
   § 425.16(e)(3) .......................................................................................................... 2, 3
   § 527.6(b)(1), ................................................................................................................ 9

**Rules**

Federal Rule of Civil Procedure
   12(b)(6) .......................................................................................................................... 8
   12(d) .............................................................................................................................. 2

**Constitutional Provisions**

U.S. Constitution, amend. I .................................................................................... 4, 8

iv

REPLY ISO SPECIAL MOTION TO STRIKE

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiff's Opposition ("MTS Opp.") hopelessly confuses both the procedural and substantive legal standards, and makes arguments irrelevant to the Court's straightforward two-pronged evaluation here. *First*, Plaintiff attempts to counter the C5 Defendants' pleadings motion by presenting a patently improper tome of new evidence and factual claims, which should be excluded. *Second*, Plaintiff proposes unsupported standards for how the Court should conduct a prong one analysis under the anti-SLAPP statute—arguing that it should evaluate whether the Documentary is "real" journalism and whether it contains irrelevant factual errors. The anti-SLAPP statute does not call for an exercise in fact checking, it calls for an evaluation of whether Plaintiff's claims are premised upon speech on a matter of public interest and/or conduct in furtherance of that speech—even where such conduct is allegedly unlawful. The Court should reject Plaintiff's attempt to narrow the statute's protections to only speech and conduct he deems worthy. This is a classic SLAPP suit, arising from speech and newsgathering on matters of public interest. And Plaintiff does not meet his pleading burden.

## I.      PLAINTIFF'S EXTRINSIC EVIDENCE SHOULD BE IGNORED

Plaintiff relies heavily on outside evidence to present a new (and frequently irrelevant) factual narrative. MTS Opp. at 3-5. Yet, the C5 Defendants' Special Motion to Strike ("MTS") is based on the insufficiency of the *pleadings*, making evidentiary submissions improper. *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834, *amended by* 897 F.3d 1224 (9th Cir. 2018) (where "an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the [Rule] 12(b)(6) standard"). Plaintiff's submissions include copies of articles and video interviews not cited in the Complaint, social media posts from after this action was filed, a declaration from Plaintiff, and even an *expert declaration* explaining why the Trailer shouldn't itself qualify as a "documentary." *See* ECF Nos. 21-1, 21-2, 21-3. Plaintiff did not request judicial notice of the majority of these materials, nor does he explain how the Court

REPLY ISO SPECIAL MOTION TO STRIKE      1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

can properly consider them—or the "factual background" the Opposition presents in reliance upon them—in the context of this motion. This is because it cannot. Instead, Plaintiff's evidentiary submissions represent an improper bid to amend the Complaint through opposition briefing. *See Rodriguez v. Profit Sharing Plan II Admin. Comm.*, 2024 WL 3447521, at *6 n.5 (S.D. Cal. July 17, 2024) ("It is axiomatic … that a brief in opposition cannot amend a complaint."); *Evans v. McCoy-Harris*, 2019 WL 4284504, at *5 (C.D. Cal. May 9, 2019) (court's "inquiry at the pleading stage is limited to the allegations within the Complaint and judicially noticeable documents … Plaintiff's proffered evidence falls outside that purview").

Nor did the C5 Defendants' submissions—video exhibits of the Trailer and Documentary being sued upon, and pre-litigation correspondence quoted in the Complaint—provide any excuse for Plaintiff's blatantly improper evidence. As set out in the C5 Defendants' RJN (ECF No. 17) and in the concurrently filed Reply in support thereof, these materials were cited and incorporated into the pleadings and therefore proper to consider on this motion. And if the Court finds any of these exhibits was not incorporated, the solution is to exclude it, not open the door to a flood of opposition evidence. *See* Fed. R. Civ. P. 12(d). In short, the Court should disregard Plaintiff's improper evidentiary submissions and the unpled facts set forth in his Opposition's "factual background" section. MTS Opp. at 3-5.

## II. THE ANTI-SLAPP STATUTE APPLIES

Plaintiff hopelessly confuses the "prong one" standard for evaluating whether the anti-SLAPP statute, Cal. Civ. Proc. § 425.16, applies to a claim, relying instead on imaginary, inapplicable, and outdated law. The Court's proper task here is to evaluate whether Plaintiff's state law claims arise from the C5 Defendants' protected activity, and they unquestionably do. The claims fall both within Cal. Civ. Proc. § 425.16, subd. (e)(3) ("any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest") *and* (e)(4) ("any other conduct in furtherance of the exercise of the …

constitutional right of free speech in connection with a public issue or an issue of public interest"). *See* MTS at 4-5 (citing *both* subdivisions); *cf*. MTS Opp. at 6 (incorrectly claiming that the Motion is "based entirely on" subd. (e)(4)).

### A. The Documentary and Trailer are Protected Activity

Plaintiff's opening salvo is that the Documentary is not "real" because it doesn't meet his exacting standards for objectivity and factual perfection. MTS Opp. at 7-10. He even offers an improper expert declaration explaining how the Trailer—designed to contextualize and "tease" the Documentary and inform viewers of upcoming showings—does not itself "count" as a documentary (ECF No. 21-1). This is an irrelevant distraction, offered as an excuse to unfairly characterize and malign the Documentary. The Court's inquiry is not whether the works at issue are "real documentaries," but whether the Plaintiff's claims arise from "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue." CCP § 425.16(e); *Sarver v. Chartier*, 813 F.3d 891, 901 (9th Cir. 2016).

Notably, Plaintiff wholly ignores the authorities establishing that publication of the Documentary and Trailer is protected activity under Cal. Civ. Proc. § 425.16(e)(3), as they constitute speech exhibited in public fora, *see, e.g.*, *Mossack Fonseca & Co., S.A. v. Netflix Inc.*, 2020 WL 8510342, at *2 (C.D. Cal. Dec. 23, 2020) (Marshall, J.), and distribution of these video works also qualifies as an act "in furtherance" of free speech. *See* MTS at 7-8. The Motion also cited numerous cases—ignored in the Opposition—applying the anti-SLAPP statute to television shows and films that are hardly highbrow documentary works. *See* MTS at 9. *See also Seelig v. Infinity Broad. Corp.*, 97 Cal. App. 4th 798, 807 (2002) (applying statute to game show); *Arenas v. Shed Media U.S. Inc.*, 881 F. Supp. 2d 1181, 1187, 1195 (C.D. Cal. 2011), *aff'd* 462 F. App'x 709 (9th Cir. 2011) (reality show); *Taylor v. Viacom Inc.*, 2018 WL 4959821, at *4 (C.D. Cal. June 5, 2018) (reality show). By contrast, Plaintiff does not cite a single decision where a court denied an

REPLY ISO SPECIAL MOTION TO STRIKE — 3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

anti-SLAPP motion because the work(s) at issue were not journalistically rigorous enough. In fact, none of the four decisions he cites for what qualifies as a documentary, MTS Opp. at 7, concerned the anti-SLAPP statute at all. And *Abuemeira v. Stephens*, 246 Cal. App. 4th 1291, 1298 (2016), is also inapposite, as it concerned a cellphone video of a physical altercation between the parties, and the court's determination turned on the subject of the video being "a private controversy." *Id.* at 1294, 1298. Here, the Documentary relates to issues of significant national importance. *See* MTS at 9-11; *infra* at 8. *See also Wentworth v. Bennett*, 2018 WL 3521340, at *1-2 (Cal. App. July 23, 2018) (unpublished) (distinguishing *Abuemeira*).

To the extent Plaintiff proposes the Documentary and Trailer do not qualify because they contain "false statements of fact," MTS Opp. at 10, this argument also has no basis in law. The Opposition cites *Herbert v. Lando*, 441 U.S. 153 (1979), but ignores the Supreme Court's more recent decision in *United States v. Alvarez*, 567 U.S. 709, 719 (2012), which cabined *Herbert* and confirmed that "falsity alone may not suffice to bring the speech outside the First Amendment." *See also Wilson v. CNN, Inc.*, 7 Cal. 5th 871, 903-04 (2019) (anti-SLAPP statute did not apply because claims arose from "privately communicated statements" about which "did not contribute to public debate," *not* because the statements were false). Plaintiff's arguments also flip the Court's anti-SLAPP inquiry. Courts must *first* consider whether claims arise from protected speech or conduct, and *next* consider whether they have merit. As set out below (and in more detail in the C5 Defendants' Motion to Dismiss and Reply in Support thereof), they do not.

**B.     The C5 Defendants' Newsgathering Was Protected Activity**

Plaintiff next claims that the anti-SLAPP statute does not apply to his claims arising from the creation of the Documentary because the C5 Defendants engaged in "unlawful newsgathering." MTS Opp. at 10. But Plaintiff makes no mention of the governing case *Flatley v. Mauro*, 39 Cal. 4th 299, 316 (2006), in which the

California Supreme Court held that the so-called "illegality exemption" applies only to *criminal* conduct, and "only where either the defendant *concedes* the illegality of its conduct or the illegality is *conclusively shown* by the evidence[.]" (Emphasis added.) Moreover, Plaintiff cannot shift his burden of proving the "illegality" exemption. "[I]f a plaintiff claims that the defendant's conduct is illegal and thus not protected activity, the plaintiff bears the burden of conclusively proving the illegal conduct." *Cross v. Cooper*, 197 Cal. App. 4th 357, 385 (2011). *See also Soukup v. L. Off. of Herbert Hafif*, 39 Cal. 4th 260, 287 (2006) (a plaintiff must "demonstrate[e] illegality as a matter of law" to satisfy its burden). Plaintiff's failure to address *Flatley* is fatal to his argument that the C5 Defendants' newsgathering conduct is not protected. MTS at 6-7.

Moreover, contrary to the Opposition's claim, *Lieberman v. KCOP Television, Inc.*, 110 Cal. App. 4th 156 (2003), did *not* find unlawful newsgathering was excluded from the anti-SLAPP statute. To the contrary, it held that the making of unlawful recordings for newsgathering purposes *was protected* under prong one, before deciding the motion at prong two. *Id*. at 166. And notwithstanding the Opposition's misleading attempts to distinguish them, the MTS cited numerous other authorities finding claims arising from allegedly unlawful newsgathering fell under the anti-SLAPP statute. *See, e.g.*, *Ass'n for L.A. Deputy Sheriffs v. L.A. Times Commc'ns LLC*, 239 Cal. App. 4th 808, 820 (2015); *Hall v. Time Warner, Inc.*, 153 Cal. App. 4th 1337, 1347 (2007). The authorities Plaintiff relies on, by contrast, address the irrelevant question of whether newsgathering can be actionable (a prong two merits question). *See* MTS Opp. at 10-11. None of them finds newsgathering activities to fall outside the protections of the anti-SLAPP statute.

C.  **The Documentary and Film Concern Matters of Public Interest**

As demonstrated in the MTS, the prong one public interest requirement is met because the Documentary constitutes journalism and entertainment delving into the connection between economic instability (including home foreclosures) and

political extremism, which are matters of public interest. *See* MTS at 8-11. The Trailer and the C5 Defendants' newsgathering activity also meet the public interest requirement as they were directly in furtherance of creating and publishing the Documentary. *See Lieberman*, 110 Cal. App. 4th at 166 ("Reporting the news usually requires the assistance of newsgathering, which therefore can be construed as undertaken *in furtherance* of the news media's right to free speech.").

Plaintiff characterizes the Documentary and Trailer as concerning "one private controversy between two private individuals." MTS Opp. at 14. But under the broad standard in *Geiser v. Kuhns*, 13 Cal. 5th 1238 (2022), a case wholly ignored by Plaintiff, the C5 Defendants have more than met their burden. In *Geiser*, the California Supreme Court held that "[o]nly when an expressive activity, viewed in context, cannot reasonably be understood as implicating a public issue does an anti-SLAPP motion fail at [the] first step." *Id.* at 1253-54. The Court held that the anti-SLAPP statute applied to claims arising from a protest outside of a private residence against an eviction. *Id.* at 1243. It rejected the argument that the protest "concerned only a private dispute between the company and the residents it had evicted," since it "may reasonably be understood to implicate a public issue, *even if it also implicates a private dispute*." *Id.* at 1243, 1253 (emphasis added). *See also Taus v. Loftus*, 40 Cal. 4th 683, 712-13 (2007) (anti-SLAPP statute applied to claims based on personal case study that illuminated wider issues of "substantial controversy in the mental health field"); *Carver v. Bonds*, 135 Cal. App. 4th 328, 344 (2005) (where article focused on plaintiff as a "cautionary tale" illustrating broader consumer safety issues). Plaintiff also ignores *Doe v. Gangland Productions, Inc.*, 730 F.3d 946 (9th Cir. 2013), which rejected the same kind of framing Plaintiff puts forth and held that the "proper inquiry is whether the broad topic of defendant's conduct … is connected to a public issue or an issue of public interest." *Id.* at 956.

*FilmOn.com Inc. v. DoubleVerify Inc.*, 7 Cal. 5th 133 (2019), does not help

REPLY ISO SPECIAL MOTION TO STRIKE    6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiff's position. It involved a suit over private speech about a business, which "never entered the public sphere," because the reports at issue were "exchanged confidentially, without being part of any attempt to participate in a larger public discussion." *Id*. at 153, 140. Here, the Documentary is an expressive work of journalism about an issue of national importance, was created by a professional journalist for public distribution, and has been screened in dozens of cities. *See* Compl. ¶¶ 8, 65. *FilmOn* and the Opposition's other cited cases involving publications about private business and employment disputes are thus inapplicable. *See, e.g.*, *Du Charme v. Int'l Bhd. of Elec. Workers*, 110 Cal. App. 4th 107 (2003) (statement about plaintiff's termination posted to a union website); *Nelson v. Wells*, 2023 WL 7099411 (Cal. App. Oct. 27, 2023) (unpublished) (private email about music production experience); *Wilson*, 7 Cal. 5th at 904 (concerning "privately communicated statements" about the reason for plaintiff's termination).[1]

Further, Plaintiff's proposition that there must be an "ongoing controversy" for speech to concern matters of public interest gains no traction. MTS Opp. at 16-17. This extra-statutory "requirement" suggested in *Du Charme*, 110 Cal. App. 3d at 119, was clarified to be just one "consideration" in *FilmOn.com*, 7 Cal. 5th at 145. *See also Geiser*, 13 Cal. 5th at 1248-50. It is moreover stunning for Plaintiff to claim that a film about how a conspiracy theorist who participated in January 6 was radicalized and how this affected his family is irrelevant to the current moment.

Finally, Plaintiff contends that there is an insufficient connection between the challenged "false claims that Mr. Joiner engaged in criminal conduct" and the matters of public interest presented by the Documentary. MTS Opp. at 18-19. *FilmOn* remains unhelpful to him. There, the Court explained that "our inquiry does not turn on a normative evaluation of the substance of the speech… [R]ather, we

---

[1] *Rand Res., LLC v. City of Carson*, 6 Cal. 5th 610 (2019), and *Kolar v. Donahue, McIntosh & Hammerton*, 145 Cal. App. 4th 1532 (2006), also did not involve broadly disseminated expressive works. MTS Opp. at 15-17.

7
REPLY ISO SPECIAL MOTION TO STRIKE

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

examine whether a defendant—through public or private speech or conduct—participated in, or furthered, the discourse that makes an issue one of public interest." 7 Cal. 5th at 151. Here, while Plaintiff contends that the statements about him "are not equated … with any larger debate about 'American politics,'" MTS Opp. at 18, the Complaint's allegations and the content of the Documentary belie this. *See* Compl. ¶¶ 22, 24, 85; *see also, e.g.*, Ex. A at 14:05-14:23 (Johnson "fell down the rabbit hole" due to the destabilizing loss of his home); 1:09:38 (the film was meant to "[r]eveal some universal truths about the pipeline between deep personal loss and radical politics."). Thus, there is no question that Plaintiff's claims arise from works that further a debate about the origins and consequences of political extremism.

### III. PLAINTIFF CANNOT SHOW A PROBABILITY OF PREVAILING[2]

Plaintiff cannot make the necessary showing under the second prong analysis, because his claims do not meet even the Rule 12(b)(6) plausibility threshold. Preliminarily, the Court should reject Plaintiff's request that it "order discovery" if it concludes that his claims are inadequately pled. MTS Opp. at 8 n.4. Allowing Plaintiff to prolong litigation through discovery would subvert the intent of the anti-SLAPP legislation. *See Price v. Stossel*, 590 F. Supp. 2d 1262, 1266 (C.D. Cal. 2008) (anti-SLAPP statute "was intended to 'provid[e] a fast and inexpensive unmasking and dismissal' of lawsuits that arise from conduct protected by the First Amendment.") (citation omitted). Plaintiff is not entitled to discovery precisely *because* he does not state a claim.

### A. Plaintiff's Stalking Claim Fails (Claim 3)

As discussed *infra*, there is no authority for Plaintiff's proposition that the First Amendment's protections turn on whether a work is sufficiently journalistic.

---

[2] The C5 Defendants' concurrently-filed Reply in support of their Motion to Dismiss ("MTD Reply") addresses Plaintiff's pleading deficiencies in additional detail. The C5 Defendants incorporate those arguments here as well.

MTS Opp. at 19. Regardless, Plaintiff has failed to plead any plausible, cognizable theory of civil stalking under Civil Code § 1708.7 and fails to allege that the C5 Defendants' conduct amounted to anything other than newsgathering and speech protected under § 1708.7(f). *See* MTD at 10-11, MTD Reply at 3-4.

## B.  Plaintiff's Harassment Claim Fails (Claim 4)

Plaintiff fails to address the C5 Defendants' argument that the making and disseminating of the Documentary is constitutionally protected activity under Cal. Civ. Proc. § 527.6(b)(1), and therefore not actionable as harassment. *See* MTD at 11-12. Plaintiff admits that the "ghillie suit" scene was *not recorded on his property*, but from open land owned by a neighborhood association. Declaration of William Joiner ("Joiner Decl."), ECF No. 21-2 ¶ 7. Plaintiff provides no authority for the proposition that this amounts to harassing conduct by the C5 Defendants. MTS Opp. at 20. Instead, Plaintiff focuses on *Johnson's* conduct. *Id.* at 20-21.

## C.  Plaintiff's CIPA Claim Fails (Claim 5)

Plaintiff still does not allege that any confidential conversation was recorded as is required to state a claim under CIPA.[3] *Compare* MTS Opp. at 21-22 *with* MTS at 13-14. It is unclear how staring at a stranger through binoculars from outside an office building, peering through a glass door into an empty office, or filming the exterior of a house (Ex. B at 1:13-1:17, 1:53-1:55; Ex. A at 48:44, 50:20) leads to a plausible inference that Plaintiff's private conversation was surreptitiously recorded. Indeed, this is a stark example of Plaintiff's attempt to mislead the Court in lieu of pleading facts supporting his claims. *See* MTD Reply at 1-2.

## D.  Plaintiff's Emotional Distress Claims Fail (Claims 7 and 8)

*First*, the Channel 5 Defendants cited numerous authorities for the proposition that Plaintiff fails to plead negligent or intentional infliction of emotional distress in their Motion to Dismiss, which the Motion to Strike

---

[3] The Channel 5 Defendants cited various authorities for the proposition that this conduct does not violate CIPA in their Motion to Dismiss, which the Motion to Strike referenced. *See* MTS at 13.

REPLY ISO SPECIAL MOTION TO STRIKE — 9

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

incorporated. *See* MTS at 14-15. *Second*, Plaintiff cannot save his claims by claiming the conduct at issue was illegal. *See Flatley*, 39 Cal. 4th at 332 n.16; MTS at 6. In any event, the C5 Defendants have *not* "admit[ted] to having recorded at least the curtilage" of Plaintiff's home. MTS Opp. at 22; MTS at 16. *See also* Ex. B at 1:53-1:55; *United States v. Dunn*, 480 U.S. 294 (1987) (no expectation of privacy in "open fields"). In fact, even Plaintiff has now admitted that the filming took place on community property, and *not* his property. Joiner Decl. ¶ 7. Finally, Plaintiff's speculation that the C5 Defendants "have more video footage" to prove his claim is no grounds to prolong it. MTS Opp. at 23; MTS at 15.

### E. Plaintiff's Invasion of Privacy Claims Fail (Claims 9 and 11)

The C5 Defendants explained why Plaintiff has failed to plead any actionable intrusion. *See* MTS at 15-16. Plaintiff offers no justification for how he has a reasonable expectation of privacy in the exterior of his home or in his empty office, filmed from outside it. *Id.*

### F. Plaintiff's False Light Claim Fails (Claim 10)

Underscoring his claims' weakness, Plaintiff cites paragraph 78 of the Complaint in support of this claim, which concerns statements in a time-barred video from 2021. MTS Opp. at 23. *See Hart v. TWC Prod. & Tech. LLC*, 526 F. Supp. 3d 592, 598 (N.D. Cal. 2021). The C5 Defendants' MTD and Reply explain why the statements at issue are not actionable. MTD at 17-19; MTD Reply at 5-7.

### G. Plaintiff's UCL Claim Fails (Claim 12)

Plaintiff fails to state a claim under the UCL. MTS at 19. The Trailer and Documentary are not "commercial speech." MTD Reply at 10. Moreover, Plaintiff has not alleged that he suffered any economic injury. *Id.*

## IV. CONCLUSION

For all of the foregoing reasons, the C5 Defendants respectfully request that the Court strike Plaintiff's state law claims against the C5 Defendants pursuant to Cal. Civ. Proc. § 425.16.

REPLY ISO SPECIAL MOTION TO STRIKE — 10

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899


| | |
|---|---|
| DATED: October 1, 2024 | DAVIS WRIGHT TREMAINE LLP<br>JONATHAN L. SEGAL<br>ABIGAIL EVERDELL<br>SAMANTHA LACHMAN<br><br>By: */s/ Jonathan Segal*<br><br>Attorneys for Defendants<br>ANDREW CALLAGHAN, CHANNEL 5 LLC, EVAN GILBERT-KATZ, AND NICOLAS MOSHER |

REPLY ISO SPECIAL MOTION TO STRIKE    11

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899