JONATHAN L. SEGAL (State Bar No. 264238)
  jonathansegal@dwt.com
SAMANTHA LACHMAN (State Bar No. 331969)
  samlachman@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

ABIGAIL EVERDELL (*Pro hac vice*)
  abigaileverdell@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
Fax: (212) 379-5244

Attorneys for Defendants
ANDREW CALLAGHAN, CHANNEL 5 LLC,
EVAN GILBERT-KATZ, AND NICOLAS MOSHER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOINER, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> ANDREW CALLAGHAN, an Individual; CHANNEL 5 LLC, a Washington Limited Liability Company; EVAN GILBERT-KATZ, an Individual; NICOLAS MOSHER, an Individual; KELLY SCOTT JOHNSON, an Individual; and DOES 1 through 200, Inclusive, <br><br> Defendants. | Case No. 8:24-cv-01160-CBM-KS <br><br> **C5 DEFENDANTS' REPLY IN SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE** <br><br> C5 Defendants' Replies in Support of Their Motion to Dismiss (F.R.C.P. 12(b)(6)) and Special Motion to Strike (C.C.P. § 425.16) Concurrently Filed <br><br> Date: October 15, 2024 <br> Time: 10:00 a.m. <br> Dept.: 8D <br><br> Action Filed: May 30, 2024 |

Defendants Andrew Callaghan, Channel 5 LLC, Evan Gilbert-Katz, and Nicolas Mosher (collectively "C5 Defendants") respectfully submit this response to Plaintiff William Joiner's Objections, ECF No. 21-4 ("Objections" or "Obj."), to the C5 Defendants' Request For Judicial Notice, ECF No. 17 ("RJN").

## I. THE COURT MAY PROPERLY CONSIDER EXHIBIT A TO THE EVERELL DECLARATION IN EVALUATING THE SUFFICIENCY OF PLAINTIFF'S PLEADINGS

The C5 Defendants submitted a routine, uncontroversial RJN, which asked the Court to incorporate by reference and/or take judicial notice of—among other uncontested materials—the version of the documentary film "Dear Kelly" that premiered at its very first showing on June 9, 2024 in Atlanta, Georgia ("Exhibit A" or the "Documentary").  RJN at 1-2; Declaration of Abigail Everdell, ECF No. 16-1 ("Everdell Decl."), Ex. A.  The Everdell Declaration properly introduced Exhibit A, and the RJN explains that the Documentary is incorporated by reference because the Complaint refers to it and bases claims upon its content.  *See* RJN at 1-2.  *See also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim"); *Al-Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 867 (N.D. Cal. 2022) (exhibits "may be incorporated by reference because they are referenced extensively in the Complaint and are integral to Al-Ahmed's claims").

Indeed, the content of the Documentary is specifically referenced and relied upon numerous times throughout the Complaint to support Plaintiff's claims.  *See* ECF No. 1 ("Compl.") ¶¶ 1, 5, 8, 105, 111, 116, 118, 119, 120, 126, 128, 142, 148, 149, 156, 159-161, 163, 169.  Notably, the Complaint even makes a specific allegation about Exhibit A, the Documentary screened in Atlanta:

> The Callaghan Film presents a clear and present danger to Mr. Joiner and his family, has already damaged Mr. Joiner, and will gravely damage him and his family even

further unless defendants are enjoined and restrained by this Court immediately, **as the first showing of the film (of which Plaintiff is aware) is scheduled to occur on June 9, 202[4], at Center Stage Theater in Atlanta, Georgia.**

*Id.* ¶ 8 (emphasis added).  Thus, the Complaint asks for an injunction precisely against the publication of Exhibit A.  Bizarrely, the Objections now ask the Court to refuse to review the very version of the Documentary Plaintiff had asked it to enjoin.  Plaintiff's Objections are ill-founded.

*First*, Plaintiff argues that the Court may not consider Exhibit A because "[t]he incorporation by reference doctrine does not apply in the Ninth Circuit unless all parties agree on the authenticity of an incorporated document," Obj. at 1, and he "does not agree that the version of the [Documentary] submitted by [the C5] Defendants is final, genuine or authentic[.]" *Id.* at 2.  Yet, Plaintiff does not offer any explanation for his supposed challenge to the "authenticity" of Exhibit A, making his Objections insufficient.  Instead, he argues that Exhibit A is not the "final" version of the Documentary, because the Documentary was revised over the course of the summer and has not yet been published for streaming online.  Obj. at 2.[1]  These claims do not raise any question about the authenticity of Exhibit A, the cut of the Documentary that premiered in Atlanta, Georgia on June 9, 2024 (notwithstanding Plaintiff's aggressive efforts to have that screening canceled based on unfounded assertions that the Documentary would defame him and violate his rights.  *See* Everdell Decl., Ex. C at 16-19; Compl. ¶ 8).

Indeed, the sole case cited by Plaintiff, *In re Silicon Graphics Inc. Securities Litigation*, 183 F.3d 970, 986 (9th Cir. 1999), only underscores that a party's unsupported challenge to materials otherwise incorporated by reference is

---

[1] While not pertinent at this juncture, the C5 Defendants dispute Plaintiff's counsel's assertion that defense counsel claimed the Documentary would only be finalized when it is "picked up" by a streaming service "such as Netflix, Prime Video, or the like." *See* Declaration of Matthew Murphey, ECF No. 21-3 ¶ 12.

insufficient for them to be excluded. In that case, the Ninth Circuit held that "it was proper to consider the SEC filings" cited in the pleadings "under the incorporation by reference doctrine[,]" even where the Plaintiff "question[ed] the veracity of the SEC forms." *Id*. The court reasoned that:

> [Plaintiff's] ongoing and substantial reliance on the [SEC] forms as a basis for her allegations substantially weakens her position. As the district court pointed out, "[h]aving raised questions about [officers'] stock sales, based [her] allegations on [officers'] SEC filings, and submitted expert declarations that rely on the SEC forms at issue, [Brody] can hardly complain when [the officers] refer to the same information in their defense." The district court did not err in considering SGI's SEC filings in ruling on the motion to dismiss.

*Id*. Thus, the Ninth Circuit confirmed that a bald "veracity" challenge is insufficient to prevent materials explicitly relied upon in pleadings from being found incorporated by reference. And numerous other courts have likewise rejected incorporation by reference challenges where the opposing party only "raise[s] the specter of an authenticity dispute" as to exhibits but "do[es] not detail how they are inauthentic, inaccurate, or disputed[.]" *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1119 (S.D. Cal. 2021). *See also Dual Diagnosis Treatment Ctr., Inc. v. Blue Cross of Cal.*, 2016 WL 6892140, at *23 (C.D. Cal. Nov. 22, 2016) (finding documents incorporated by reference where plaintiff purported to challenge them but "d[id] not dispute that the documents provided are the documents that Defendants state they are"); *Espinoza v. Trans Union LLC*, 2023 WL 6216550, at *4 (D. Ariz. Sept. 25, 2023). Plaintiff's Objections similarly raise the "specter" of an authenticity dispute, but do not offer any explanation as to what part of Exhibit A they believe is inauthentically the cut of the Documentary that premiered in Atlanta on June 9, 2024. Indeed, belying his unsupported claim of "inauthenticity," Plaintiff has even submitted an (improper) fact declaration describing how he

REPLY ISO REQUEST FOR JUDICIAL NOTICE    3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

believes (mistakenly) that the content of Exhibit A provides evidence for his claims. Declaration of William Joiner, ECF No. 21-2, ¶¶ 4, 7.

*Next*, Plaintiff contends that "[a] film that did not exist and had not been viewed at the time the case was filed could not possibly be incorporated into the Complaint." Obj. at 2. The C5 Defendants agree that Plaintiff's decision to premise a twelve-claim Complaint on the contents of a Documentary he had not seen was unreasoned and legally unsound. Nevertheless, this is precisely what he did. For example, he alleges that "in the Callaghan Film," Callaghan is "depicted … skulking in property behind Mr. Joiner's residence and videoing the dwelling and those inside of it." Compl. ¶ 5. Plaintiff later alleges that "*the Callaghan Film itself*" will "publicly disclose private facts about" him. *Id.* ¶ 159 (emphasis added). Plaintiff cannot ask the Court to accept these allegations on a Rule 12(b)(6) motion while barring it from referring to the available contents of the specifically referenced Documentary. Thus, if the Court determines that Exhibit A is not incorporated by reference because Plaintiff had not seen it when he made these allegations, it should likewise decline to consider Plaintiff's allegations regarding the contents of the Documentary to be well-pled, and disregard them.[2]

Moreover, Plaintiff's insistence that the Court cannot consider Exhibit A because he had not seen this specific cut begs the question of what version of the Documentary he *is* suing upon. This failure to articulate the specific basis for his claims that "the Callaghan Film" invades his privacy, paints him in a false light, and otherwise violates his rights only underscores the facial deficiency of his claims.

---

[2] The Court need not, in any event, convert the Channel 5 Defendants' straightforward pleadings motion into a motion for summary judgment, as Plaintiff suggests. Obj. at 2 n.2. Conversion is not mandatory where a court is presented with evidence from outside the pleadings on a Rule 12(b)(6) motion. *See* Rule 12(d). Instead, the Court may simply exclude the exhibit as well as Plaintiff's ill-pled, speculative allegations about its contents. This remedy is not warranted here, however, since the Documentary *is* incorporated by reference.

4
REPLY ISO REQUEST FOR JUDICIAL NOTICE

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## II. CONCLUSION

For the reasons set forth above, the C5 Defendants respectfully request that the Court reject Plaintiff's Objections to the C5 Defendants' RJN, and find that the full contents of Exhibit A to the Everdell Declaration may be properly considered in the context of the C5 Defendants' pleadings motions.

DATED: October 1, 2024

DAVIS WRIGHT TREMAINE LLP
JONATHAN L. SEGAL
ABIGAIL EVERDELL
SAMANTHA LACHMAN

By: */s/ Jonathan Segal*
　　　Jonathan Segal

Attorneys for Defendants
ANDREW CALLAGHAN, CHANNEL 5 LLC, EVAN GILBERT-KATZ, AND NICOLAS MOSHER

5

REPLY ISO REQUEST FOR JUDICIAL NOTICE

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899