1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| WILLIAM JOINER,<br><br>    Plaintiff,<br>v.<br><br>ANDREW CALLAGHAN *et al*.,<br><br>    Defendants. | Case No.:  8:24-cv-01160-CBM-KS<br><br>**ORDER RE: DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT (ANTI-SLAPP)** |
|---|---|

The matter before the Court is Defendants Andrew Callaghan, Channel 5 LLC, Evan Gilbert-Katz, and Nicolas Mosher's (collectively, "C5 Defendants'" or "Defendants'") Special Motion to Strike Plaintiff's Complaint (Anti-SLAPP). (Dkt. No. 19.)

## I.  BACKGROUND

On May 30, 2024, Plaintiff William Joiner filed the Complaint naming Andrew Callaghan, Channel 5 LLC, Evan Gilbert-Katz, Nicolas Mosher, and Kelly Scott Johnson as Defendants, and asserting the following twelve causes of action:  (1) violation of the Federal Wiretap Act, 18 U.S.C. §§ 2511, 2520; (2) violation of the Federal Electronic Communications Privacy Act, 18 U.S.C. §§ 2510, 2520; (3) civil stalking in violation of Cal. Civ. Code § 1708.7; (4) harassment in violation of Cal. Code of Civ. Proc. § 527.6; (5) violation of California Invasion of Privacy Act, Cal. Pen. Code §§ 632, 637.2; (6) defamation;

1

(7) intentional infliction of emotional distress; (8) negligent infliction of emotional distress; (9) common law invasion of privacy; (10) false light invasion of privacy; (11) intrusion upon seclusion; and (12) violation of Cal. Bus. & Prof. Code §§ 17200 *et seq*. Each of Plaintiff's claims are asserted against all Defendants except for Plaintiff's sixth cause of action for defamation which is asserted against Defendant Johnson only.[1] The C5 Defendants move for an order striking Plaintiff's state claims against them (third through fifth and seventh through twelfth causes of action) under Cal. Civ. Proc. Code § 425.16.

## II.   STATEMENT OF THE LAW

California's anti-SLAPP statute, codified at California Civil Procedure Code § 425.16, provides:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

"The purpose of the anti-SLAPP statute is to deter lawsuits 'brought primarily to chill the valid exercise of the constitutional rights of freedom of speech.'" *Jordan-Benel v. Universal City Studios, Inc.*, 859 F.3d 1184, 1188 (9th Cir. 2017) (quoting Cal. Civ. Proc. Code § 425.16(a)); *see also Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 839 (9th Cir. 2001); *Club Members for an Honest Election v. Sierra Club*, 45 Cal. 4th 309, 315 (Cal. 2008). The anti-SLAPP statute must be "construed broadly" to "encourage continued participation in matters of public significance." Cal. Civ. Proc. Code § 425.16(a).

To prevail on an anti-SLAPP motion, Defendants "must establish that the challenged claim arises from [protected] activity." *Parrish v. Latham & Watkins*, 3 Cal. 5th 767, 774 (Cal. 2017) (citation omitted). A "claim may be struck only if

---

[1] Defendant Johnson has not appeared in this action.

2

the speech or petitioning activity *itself* is the wrong complained of, and not just evidence of liability or a step leading to some different act for which liability is asserted." *Wilson v. Cable News Network, Inc.*, 7 Cal. 5th 871, 884 (Cal. 2019). If the defendant makes the required showing, "the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success." *Parrish*, 3 Cal. 5th at 774 (internal quotations and citation omitted); *see also Navellier v. Sletten*, 29 Cal. 4th 82, 88-89 (Cal. 2002). The "second step" regarding Plaintiffs' burden has been likened to a "summary-judgment-like procedure" where "the court does not weigh evidence or resolve conflicting factual claims"; rather, "[i]ts inquiry is limited to whether the plaintiff has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment. It accepts the plaintiff's evidence as true, and evaluates the defendant's showing only to determine if it defeats the plaintiff's claim as a matter of law. Claims with the requisite minimal merit may proceed." *Baral v. Schnitt*, 1 Cal. 5th 376, 384-85 (Cal. 2016). "If the plaintiff cannot meet the minimal burden of 'stat[ing] and substantiat[ing] a legally sufficient claim,' the claim is stricken pursuant to the statute." *Jordan-Benel*, 859 F.3d at 1188-89 (quoting *Navellier*, 29 Cal. 4th at 88). "In making its determination [on an anti-SLAPP motion], the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." Cal. Civ. Proc. Code § 425.16(b)(2).[2]

## III. DISCUSSION

**A.   Request for Judicial Notice**

Defendants request that the Court consider the documentary, trailer, Plaintiff's May 23, 2024 cease and desist letter, and the May 30, 2024 response

---

[2] Contrary to Defendants' contention, the Court may consider Plaintiff's declarations and exhibits attached thereto in ruling on the instant anti-SLAPP Motion. *See* Cal. Civ. Proc. Code § 425.16(e).

3

letter sent on behalf of Defendants Andrew Callaghan and Channel 5, which are incorporated by reference, or alternatively, take judicial notice of these materials. (Dkt. No. 17.) The Court denies as moot Defendants' request for judicial notice because the Court may consider the documentary, trailer, cease and desist letter and response thereto which are incorporated by reference in the Complaint.[3]

**B.    Protected Activity**

To prevail on their anti-SLAPP motion, Defendants must first make a prima facie showing that Plaintiff's state law claims against them arise from an "act ... in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." Cal. Civ. Proc. Code § 425.16(b)(1). An "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" is defined to include any of the following:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law,
>
> (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law,
>
> (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or
>
> (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Civ. Proc. Code § 425.16(e). Defendants argue the conduct giving rise to Plaintiff's state law claims was in furtherance of the exercise of free speech about a matter of public interest, and therefore these claims fall within the scope of California's Anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16.

**(1)    Public Forum**

---

[3] *See* Compl. ¶¶ 1, 5, 6, 8, 69-73, 91-102, 105, 111, 116, 118, 119, 120, 126, 128, 142, 148, 149, 156, 159-161, 163, 169.

1  Here, the Complaint alleges on May 6, 2024, the C5 Defendants "released" the video regarding the "impending release of a new documentary" (Compl. ¶ 69.) Moreover, defense counsel declares the film "premiered at a live screening on June 9, 2024" and the "Tour & Movie Announcement video posted to YouTube on May 6, 2024. (Everdell Decl. ¶ 2.) The parties disagree as to whether the video constitute documentaries. However, irrespective of whether they are documentaries, construing the anti-SLAPP statute "broadly" as required under Cal. Civ. Proc. Code § 425.16(a), the Court finds the videos were published in a public forum. *See* Cal. Civ. Proc. Code § 425.16(e) (an "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes "any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest"); *Ojjeh v. Brown*, 43 Cal. App. 5th 1027, 1043-44 (Cal. Ct. App. 2019); *Mossack Fonseca & Co., S.A. v. Netflix Inc.*, 2020 WL 8510342, at *2 (C.D. Cal. Dec. 23, 2020); *Barrett v. Rosenthal*, 40 Cal.4th 33, 41 n.4 (2006); *Nygard, Inc. v. Uusi-Kerttula*, 159 Cal. App. 4th 1027, 1039 (Cal. Ct. App. 2008); *Citizens for Fair Treatment v. Time Warner Ent. Co., L.P.*, 2002 WL 235336, at *4 (Cal. Ct. App. Feb. 19, 2002).[4]

**(2) Unlawful Newsgathering**

C5 Defendants argue Plaintiff's claims against them "arise ***in part*** from their newsgathering conduct." (Emphasis added.)[5] "Reporting the news usually requires the assistance of newsgathering, which therefore can be construed as undertaken *in furtherance* of the news media's right to free speech." *Lieberman v. KCOP Television, Inc.*, 110 Cal. App. 4th 156, 166 (2003). Plaintiff contends

---

[4] The requirement under Cal. Civ. Proc. Code § 425.16(e) that the statement in a public fora must be made "in connection" with "a public issue" or "an issue of public interest" is discussed *infra*.

[5] Defendants do not identify the purported non-newsgathering conduct which is the basis of Plaintiff's claims.

5

there is no First Amendment protection for Defendants' unlawful newsgathering. However, the California Supreme Court has held "where a defendant brings a motion to strike under section 425.16 based on a claim that the plaintiff's action arises from activity by the defendant in furtherance of the defendant's exercise of protected speech or petition rights, but either the ***defendant concedes***, or the ***evidence conclusively establishes***, that the assertedly protected speech or petition activity was illegal as a matter of law, the defendant is precluded from using the anti-SLAPP statute to strike the plaintiff's action." *Flatley v. Mauro*, 39 Cal. 4th 299, 320 (2006) (emphasis added). The California Court of Appeals further held the California Supreme Court's use of the phrase "illegal" in *Flatley* "was intended to mean criminal, and not merely violative of a statute." *Mendoza v. ADP Screening & Selection Servs., Inc.*, 182 Cal. App. 4th 1644, 1654 (Cal. Ct. App. 2010). Here, Defendants do not concede that their conduct was criminal as a matter of law and Plaintiff does not submit evidence conclusively establishing Defendants' conduct was criminal.

### (3) Public Interest

To be protected under the anti-SLAPP motion, Defendants must also show the videos were made in connection with an issue of public interest. *See* Cal. Civ. Proc. Code § 425.16(e). A matter is in the public interest under the anti-SLAPP statute where it concerns (1) a person or entity "in the public eye"; (2) conduct that "could directly affect a large number of people beyond the direct participants"; or (3) a "topic of widespread, public interest." *Serova v. Sony Music Entm't*, 44 Cal. App. 5th 103, 118 (Cal. Ct. App. 2020) (citation omitted); *see also Kronemyer v. Internet Movie Database Inc.*, 150 Cal. App. 4th 941, 949 (Cal. Ct. App. 2007). The "focus" of the Court's inquiry as to whether the statement was made "in connection with" a public issue "must be on 'the specific nature of the speech,' rather than on any 'generalities that might be abstracted from it,'" and "Defendants cannot merely offer a 'synecdoche theory' of public interest, defining

6

their narrow dispute by its slight reference to the broader public issue." *FilmOn.com Inc. v. DoubleVerify Inc.*, 7 Cal. 5th 133, 152 (2019); *see also Wilson*, 7 Cal. 5th at 903. "[A] court must consider whether a statement— including the identity of its speaker, for example, or the audience sought— contributes to or furthers the public conversation on an issue of public interest." *FilmOn.com Inc.*, 7 Cal. 5th at 154. Furthermore, Cal. Civ. Proc. Code § 425.16(e)(4)'s catchall provision "demands 'some degree of closeness' between the challenged statements and the asserted public interest." *Id*. at 150 (citation omitted).

Here, the videos focus on Defendant Johnson and his personal dispute with Plaintiff.[6] Defendants' contention that the videos relate to "economic disparity, home loans issued before 2008 and the foreclosures that followed, and the judicial system's role in adjudicating evictions," improperly abstract generalities from the videos based on a "synecdoche theory" of public issues. *FilmOn.com*, 7 Cal. 5th at 152; *see also Consumer Justice Center v. Trimedica Int'l, Inc.*, 107 Cal. App. 4th 595, 601 (Cal. Ct. App. 2003); *Weinberg v. Feisel*, 110 Cal. App. 4th 1122, 1132-33 (Cal. Ct. App. 2003). The videos focus on a "narrow dispute" between Johnson and Plaintiff (private citizens) regarding Johnson's default on a loan from Plaintiff and the foreclosure of Johnson's home, and Johnson's claims that Plaintiff "stole" his home, which are not matters concerning a public interest. *See*

---

[6] Plaintiff submits evidence of a June 21, 2024 Instagram post by Defendant Callaghan which states: "The film tries to help Kelly [Johnson] work through his resentments toward his former landlord, turn over a new leaf, and ultimately reunite with his family as a stronger, more present dad. Politics are definitely a theme, ***but a very minor one***. Addition, obsession, and family dynamics are the main threads." (Murphey Decl. Ex. 1 (emphasis added).) Plaintiff's evidence further supports rejecting Defendants' assertion that the videos are about general issues of public interest such as political extremism, economic disparity, home loans issued before 2008, foreclosures, and the judicial system. Defendants object to Plaintiff's evidence on the basis evidence cannot be considered for purposes of the instant Motion. Even if the Court did not consider Plaintiff's evidence, a review of the videos themselves shows that they are about a personal and private dispute between Johnson against Plaintiff rather than the general public issues identified by Defendants.

*Wilson*, 7 Cal. 5th at 902-03; *Nelson v. Wells*, 2023 WL 7099411, at *5 (Cal. Ct. App. Oct. 27, 2023).[7]

### (4) Ongoing Dispute

Plaintiff also argues the anti-SLAPP statute does not apply because the dispute between Johnson and Plaintiff concluded nearly two years ago. "In articulating what constitutes a matter of public interest, courts look to certain specific considerations, such as whether the subject of the speech or activity was a person or entity in the public eye or could affect large numbers of people beyond the direct participants; and whether the activity occur[red] in the context of an ***ongoing*** controversy, dispute or discussion, or affect[ed] a community in a manner similar to that of a governmental entity." *FilmOn.com Inc.*, 7 Cal. 5th at 145-46 (emphasis added). Here, the dispute between Johnson and Plaintiff regarding the foreclosure of Johnson's home ended in 2017. (*See* Compl. ¶¶ 33, 35, 39-39, 40, 44, 55.) Thus, the statements in the videos were not made in connection with a matter of public interest because they do not relate to an "ongoing controversy, dispute or discussion." *FilmOn.com Inc.*, 7 Cal. 5th at 145-46; *see also Nelson*, 2023 WL 7099411, at *5.[8]

\* \* \*

Therefore, the Court finds the C5 Defendants fail to demonstrate Plaintiff's state claims against them arise from protected activity because the speech does not

---

[7] *Cf. Ojjeh*, 43 Cal. App. 5th at 1043-44; *Taus v. Loftus*, 40 Cal. 4th 683, 719 (Cal. 2007); *Scallon v. Arche*, 2023 WL 8442046, at *3 (Cal. Ct. App. Dec. 6, 2023), *review denied* (Mar. 20, 2024); *Mossack Fonseca & Co., S.A.*, 2020 WL 8510342, at *3.

[8] Defendants argue the "ongoing" requirement identified by Plaintiff is only one consideration set forth by the Supreme Court in *FilmOn.com Inc.* in determining what constitutes a matter of public interest. The California Court of Appeals in *Nelson*, however, found the matter was not a public issue or matter of public interest based solely on the fact that the parties' dispute was not ongoing. Even if the issue of whether the parties' dispute is "ongoing" is only one consideration, it further supports the Court's finding that Defendants' alleged conduct was not made in connection with a matter of public interest.

concern a matter of public interest. *Parrish*, 3 Cal. 5th at 774.[9]

## IV.  CONCLUSION

Accordingly, the Court **DENIES** the C5 Defendants' Special Motion to Strike Plaintiff's Complaint under the anti-SLAPP statute.

**IT IS SO ORDERED.**

DATED: February 20, 2025.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

---

[9] Because the Court finds the C5 Defendants fail to demonstrate Plaintiff's state claims against them arise from protected activity, the Court does not reach the second step under the anti-SLAPP statute where the burden shifts to Plaintiff to make a prima facie showing as to the merits of his claims.