JONATHAN L. SEGAL (State Bar No. 264238)
  jonathansegal@dwt.com
SAMANTHA LACHMAN (State Bar No. 331969)
  samlachman@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

ABIGAIL EVERDELL (*Pro hac vice*)
  abigaileverdell@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
Fax: (212) 379-5244

Attorneys for Defendants
ANDREW CALLAGHAN and
CHANNEL 5 LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOINER, an individual,<br><br>                  Plaintiff,<br><br>     vs.<br><br>ANDREW CALLAGHAN, an Individual; CHANNEL 5 LLC, a Washington Limited Liability Company; EVAN GILBERT-KATZ, an Individual; NICOLAS MOSHER, an Individual; KELLY SCOTT JOHNSON, an Individual; and DOES 1 through 200, Inclusive,<br><br>                  Defendant. | Case No. **8:24-cv-01160-CBM-KS**<br><br>**DEFENDANTS ANDREW CALLAGHAN AND CHANNEL 5 LLC'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Action Filed: May 30, 2024 |

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Defendants ANDREW CALLAGHAN ("Callaghan") and CHANNEL 5 LLC ("Channel 5") (together, the "Channel 5 Defendants") hereby respond to the First Amended Complaint ("FAC") filed by Plaintiff WILLIAM JOINER ("Plaintiff") as follows:

## RESPONSE TO INTRODUCTION[1]

1.     The Channel 5 Defendants admit that this action is brought by William Joiner, also known as "Bill Joiner."  The Channel 5 Defendants further admit that they created the documentary film "Dear Kelly" (the "Documentary") which focuses on the story of Defendant Kelly Scott Johnson, who is also known as "Kelly J. Patriot" ("Johnson").  The Channel 5 Defendants further admit that the Documentary has been screened at more than 38 theaters nationwide and in Canada, and is being sold for streaming to the public on a website owned and controlled by Channel 5.  Except as so admitted, the Channel 5 Defendants deny the allegations in Paragraph 1.

2.     The Channel 5 Defendants admit, upon information and belief, that Johnson was a lawyer practicing in California before being disbarred.  The Channel 5 Defendants further admit, upon information and belief, that a court has deemed Johnson a vexatious litigant.  Except as so admitted, the Channel 5 Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 and deny them on that basis.

3.     To the extent the allegations in Paragraph 3 purport to characterize official court proceedings, the Channel 5 Defendants respectfully refer the Court to the referenced proceedings for their full content and meaning.  The Channel 5 Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 and deny them on that basis.

---

[1] The Channel 5 Defendants include the FAC's headings in their Answer for the sake of clarity.  To the extent any of the section headings are deemed to be allegations of fact, the Channel Defendants deny each and every such allegation.

1

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

4.      The Channel 5 Defendants deny that they teamed up with Johnson to do anything sinister or dangerous to Plaintiff or his family.  To the extent the remaining allegations in Paragraph 3 purport to characterize official court proceedings, the Channel 5 Defendants respectfully refer the Court to the referenced proceedings for their full content and meaning.  The Channel 5 Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 and deny them on that basis.

5.      The Channel 5 Defendants admit that at points in the past during its creation, the Documentary had the working title "Finding Bill Joiner," but deny that the Documentary currently has this title, or had this title as of the initiation of the dispute giving rise to this action, and affirmatively allege that as of the initiation of the dispute giving rise to this action, the Documentary was referred to as the "Untitled Andrew Callaghan Film."  The Channel 5 Defendants further admit that the Documentary was created with the intention of being distributed to the public.  To the extent Paragraph 5 of the FAC purports to characterize the contents of the Documentary and a social media post showing a photograph of Defendant Callaghan and Defendant Johnson, the Channel 5 Defendants respectfully refer the Court to that film and social media post for their content and meaning, but deny that the Documentary shows Callaghan videoing anyone inside Plaintiff's residence.

6.      The Channel 5 Defendants admit that they published a "Tour & Movie Announcement" video on YouTube (the "Preview") in advance of screening the Documentary to the public in 2024.  To the extent Paragraph 6 of the Complaint purports to characterize the contents of the Preview, the Channel 5 Defendants respectfully refer the Court to the Preview its content and meaning, but deny that the Preview shows Callaghan having gained access under false pretenses to Plaintiff's place of business.  The Channel 5 Defendants admit that the Documentary was made without Plaintiff or his family's explicit consent, and affirmatively allege that no such consent was required.  The Channel 5 Defendants

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

lack sufficient knowledge or information to form a belief as to whether Plaintiff or his family had knowledge of materials recorded for the Documentary, and on that basis denies the allegations of Paragraph 6 regarding the same.

7.    Paragraph 7 purports to characterize videos available on YouTube. The Channel 5 Defendants respectfully refer the Court to those videos for their content and meaning.

8.    The Channel 5 Defendants admit that the Documentary has been shown publicly in at least 40 venues in North America and has been purchased from the Channel 5 website by more than 38,000 people.  The Channel 5 Defendants further admit that they are communicating with third-party streaming services regarding possible distribution of the Documentary.  Except as so admitted, the Channel 5 Defendants deny the remaining allegations in Paragraph 8.

## RESPONSE TO THE PARTIES

9.    The Channel 5 Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 9 of the FAC and, on that basis, deny each and every allegation in Paragraph 9.

10.    The Channel 5 Defendants admit that Defendant Callaghan traveled to Orange County to conduct reporting for the Documentary.  Except as so admitted, the Channel 5 Defendants deny the remaining allegations in Paragraph 10.

11.    The Channel 5 Defendants admit the allegations in Paragraph 11.

12.    The Channel 5 Defendants admit that Gilbert-Katz was previously a member of Channel 5 LLC, but deny he is currently a member.  The Channel 5 Defendants further admit that Gilbert-Katz recorded audio and video footage for the Documentary, including certain footage referred to in the FAC.  The Channel 5 Defendants lack sufficient knowledge or information to form a belief as to where Gilbert-Katz currently resides, and on that basis deny the allegations of Paragraph 12 relating thereto.  The Channel 5 Defendants deny the remaining allegations of Paragraph 12.

3

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

13.    The Channel 5 Defendants admit that Mosher was previously a member of Channel 5 LLC, but deny he is currently a member.  The Channel 5 Defendants further admit that Mosher recorded audio and video footage for the Documentary, including certain footage referred to in the FAC.  The Channel 5 Defendants lack sufficient knowledge or information to form a belief as to where Mosher currently resides, and on that basis deny the allegations of Paragraph 13 relating thereto.  The Channel 5 Defendants deny the remaining allegations of Paragraph 13.

14.    The Channel 5 Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 and deny them on that basis.

15.    The Channel 5 Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 and deny them on that basis.

16.    The Channel 5 Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and deny them on that basis.

17.    Paragraph 17 of the FAC contains legal arguments or conclusions that require no response.  To the extent that a response is required,  the Channel 5 Defendants deny the allegations in Paragraph 17.

18.    Paragraph 18 of the FAC contains legal arguments or conclusions that require no response.  To the extent that a response is required, the Channel 5 Defendants deny the allegations in Paragraph 18.

## RESPONSE TO JURISDICTION AND VENUE

19.    Paragraph 19 contains legal conclusions that require no response.  To the extent that any response is required, the Channel 5 Defendants do not—at this time and for purposes of this case only—contest that this Court has federal question subject-matter jurisdiction over the federal claims in this matter.  The Channel 5

ANSWER TO AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Defendants deny, however, that this Court may exercise supplemental jurisdiction over the state law claims pending resolution of the Channel 5 Defendants appeal of the Court's order denying of their motion to strike pursuant to California Code of Civil Procedure § 425.16.  *See City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001); *In re NCAA Student-Athlete Name & Likeness Litig.*, 2010 WL 5644656, at *3 (N.D. Cal. Dec. 17, 2010).

20.    Paragraph 20 of the FAC contains legal conclusions that require no response.  To the extent that any response is required, the Channel 5 Defendants do not —at this time and for purposes of this case only—contest that this Court may exercise personal jurisdiction over the parties.  The Channel 5 Defendants further deny that they engaged in any unlawful conduct.

21.    Paragraph 21 of the FAC contains legal conclusions that require no response.  To the extent that any response is required, the Channel 5 Defendants do not—at this time and for purposes of this case only—contest that venue is proper in the Central District of California.

## **RESPONSE TO FACTS COMMON TO ALL CAUSES OF ACTION**
## **RESPONSE TO DEFENDANT KELLY SCOTT JOHNSON**

22.    The Channel 5 Defendants admit that Johnson is a right-wing extremist and conspiracy theorist.  The Channel 5 Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 22 and deny them on that basis.

23.    The Channel 5 Defendants admit, upon information and belief, that Johnson attended the January 6, 2021 attempted insurrection in Washington, D.C., and that images appearing to show Johnson at this event have been published by the Channel 5 Defendants through Channel 5's YouTube channel.

24.    The Channel 5 Defendants admit that the Documentary includes footage showing Johnson brandishing what appears to be a handgun, but lack sufficient knowledge or information to form a belief as to the model of the handgun.

5
**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

To the extent the allegations of Paragraph 24 purport to characterize other unspecified videos, the Channel 5 Defendants respectfully refer the Court to the referenced videos for their full content and meaning.

25.     To the extent the allegations of Paragraph 25 purport to characterize the contents of disciplinary charges by the California State Bar, the Channel 5 Defendants respectfully refer the Court to the referenced charges for their full content and meaning.  The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 and deny them on that basis.

26.     To the extent that the allegations of Paragraph 26 purport to characterize the contents of the State Bar's factual and legal findings, the Channel 5 Defendants respectfully refer the Court to the referenced factual and legal findings for their full content and meaning.  The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 and deny them on that basis.

27.     To the extent the allegations in Paragraph 27 purport to characterize official court proceedings and disciplinary proceedings, the Channel 5 Defendants respectfully refer the Court to the referenced proceedings for their full content and meaning.  The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 and deny them on that basis.

28.     To the extent the allegations in Paragraph 28 purport to characterize official court proceedings and disciplinary proceedings, the Channel 5 Defendants respectfully refer the Court to the referenced proceedings for their full content and meaning.  The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 and deny them on that basis.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

29.     To the extent the allegations in Paragraph 29 purport to characterize official court proceedings and disciplinary proceedings, the Channel 5 Defendants respectfully refer the Court to the referenced proceedings for their full content and meaning.  The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 and deny them on that basis.

30.     To the extent the allegations in Paragraph 30 purport to characterize official court proceedings and disciplinary proceedings, the Channel 5 Defendants respectfully refer the Court to the referenced proceedings for their full content and meaning.  The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 and deny them on that basis.

31.     To the extent the allegations in Paragraph 31 purport to characterize official court proceedings and disciplinary proceedings, the Channel 5 Defendants respectfully refer the Court to the referenced proceedings and disciplinary action for their full content and meaning.  The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 and deny them on that basis.

32.     To the extent the allegations in Paragraph 32 purport to characterize court records and official proceedings, the Channel 5 Defendants respectfully refer the Court to the referenced proceedings for their full content and meaning.  The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 and deny them on that basis.

**RESPONSE TO JOHNSON'S LENGTHY HISTORY WITH BILL JOINER**

33.     The Channel 5 Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 and deny them on that basis.

ANSWER TO AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

34.     To the extent the allegations in Paragraph 34 purport to characterize referenced loan application materials and official court proceedings, the Channel 5 Defendants respectfully refer the Court to the referenced materials and proceedings for their full content and meaning.  The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 and deny them on that basis.

35.     To the extent the allegations in Paragraph 35 purport to characterize a referenced recorded Notice of Default, the Channel 5 Defendants respectfully refer the Court to the referenced notice for its full content and meaning.  The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 and deny them on that basis.

36.     To the extent the allegations in Paragraph 36 purport to characterize a referenced Notice of Trustee's Sale, the Channel 5 Defendants respectfully refer the Court to the referenced notice for its full content and meaning.  The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 and deny them on that basis.

37.     To the extent the allegations in Paragraph 37 purport to characterize official court proceedings, the Channel 5 Defendants respectfully refer the Court to the referenced proceedings for their full content and meaning.   The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 and deny them on that basis.

38.     To the extent the allegations in Paragraph 38 purport to characterize a settlement and release agreement between Plaintiff and Johnson, the Channel 5 Defendants respectfully refer the Court to the referenced agreement for its full content and meaning.  The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38 and deny them on that basis.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

39.    To the extent the allegations in Paragraph 39 purport to characterize a settlement and release between Plaintiff and Johnson, the Channel 5 Defendants respectfully refer the Court to the referenced agreement for its full content and meaning.  The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39 and deny them on that basis.

40.    To the extent the allegations in Paragraph 40 purport to characterize a settlement and release agreement between Plaintiff and Johnson and official proceedings in Orange County Superior Court, the Channel 5 Defendants respectfully refer the Court to the referenced agreement and proceedings for their full content and meaning.  The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40 and deny them on that basis.

41.    To the extent the allegations in Paragraph 41 purport to characterize Appellate Division proceedings, the Channel 5 Defendants respectfully refer the Court to the referenced proceedings for their full content and meaning.  The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41 and deny them on that basis.

42.    To the extent the allegations in Paragraph 42 purport to characterize Appellate Division proceedings and official court proceedings, the Channel 5 Defendants respectfully refer the Court to the referenced proceedings for their full content and meaning.  The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42 and deny them on that basis.

43.    To the extent the allegations in Paragraph 43 purport to characterize Johnson's unlawful detainer appeals, the Channel 5 Defendants respectfully refer the Court to the referenced appeals for their full content and meaning.  The Channel

ANSWER TO AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43 and deny them on that basis.

44.     To the extent the allegations in Paragraph 44 purport to characterize court proceedings including in the Appellate Division, the Channel 5 Defendants respectfully refer the Court to the referenced proceedings for their full content and meaning.  The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44 and deny them on that basis.

45.     To the extent the allegations in Paragraph 45 purport to characterize official court proceedings, the Channel 5 Defendants respectfully refer the Court to the referenced proceedings for their full content and meaning.  The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45 and deny them on that basis.

46.     To the extent the allegations in Paragraph 46 purport to characterize official court proceedings, the Channel 5 Defendants respectfully refer the Court to the referenced proceedings for their full content and meaning.  The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46 and deny them on that basis.

47.     To the extent the allegations in Paragraph 47 purport to characterize official court proceedings, the Channel 5 Defendants respectfully refer the Court to the referenced proceedings for their full content and meaning.  The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47 and deny them on that basis.

48.     To the extent the allegations in Paragraph 48 purport to characterize official court proceedings, the Channel 5 Defendants respectfully refer the Court to the referenced proceedings for their full content and meaning.  The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48 and deny them on that basis.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

49.     To the extent the allegations in Paragraph 49 purport to characterize official court proceedings, the Channel 5 Defendants respectfully refer the Court to the referenced proceedings for their full content and meaning.  The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49 and deny them on that basis.

50.     To the extent the allegations in Paragraph 50 purport to characterize official court proceedings, the Channel 5 Defendants respectfully refer the Court to the referenced proceedings for their full content and meaning.  The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50 and deny them on that basis.

51.     To the extent the allegations in Paragraph 51 purport to characterize official court proceedings, the Channel 5 Defendants respectfully refer the Court to the referenced proceedings for their full content and meaning.  The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51 and deny them on that basis.

52.     To the extent the allegations in Paragraph 52 purport to characterize official court and appellate proceedings, the Channel 5 Defendants respectfully refer the Court to the referenced proceedings for their full content and meaning. The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52 and deny them on that basis.

53.     To the extent the allegations in Paragraph 53 purport to characterize official court proceedings, the Channel 5 Defendants respectfully refer the Court to the referenced proceedings for their full content and meaning.  The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53 and deny them on that basis.

54.     To the extent the allegations in Paragraph 54 purport to characterize official court proceedings, the Channel 5 Defendants respectfully refer the Court to

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

the referenced proceedings for their full content and meaning. The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54 and deny them on that basis.

55.     To the extent the allegations in Paragraph 55 purport to characterize official court proceedings, the Channel 5 Defendants respectfully refer the Court to the referenced proceedings for their full content and meaning. The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55 and deny them on that basis.

56.     To the extent the allegations in Paragraph 56 purport to characterize official court proceedings, the Channel 5 Defendants respectfully refer the Court to the referenced proceedings for their full content and meaning. The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56 and deny them on that basis.

57.     To the extent the allegations in Paragraph 57 purport to characterize official court proceedings, the Channel 5 Defendants respectfully refer the Court to the referenced proceedings for their full content and meaning. The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57 and deny them on that basis.

58.     To the extent the allegations in Paragraph 58 purport to characterize official court proceedings, the Channel 5 Defendants respectfully refer the Court to the referenced proceedings for their full content and meaning. The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58 and deny them on that basis.

59.     To the extent the allegations in Paragraph 59 purport to characterize official proceedings before the Court of Appeals, the Channel 5 Defendants respectfully refer the Court to that the referenced proceedings for their full content and meaning. The Channel 5 Defendants otherwise lack sufficient knowledge or

ANSWER TO AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

information to form a belief as to the truth of the allegations in Paragraph 59 and deny them on that basis.

60.    To the extent the allegations in Paragraph 60 purport to characterize official court proceedings, the Channel 5 Defendants respectfully refer the Court to those proceedings for their full content and meaning.  The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60 and deny them on that basis.

61.    To the extent the allegations in Paragraph 61 purport to characterize official court proceedings, the Channel 5 Defendants respectfully refer the Court to those proceedings for their full content and meaning.  The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61 and deny them on that basis.

62.    To the extent the allegations in Paragraph 62 purport to characterize official court proceedings, the Channel 5 Defendants respectfully refer the Court to those proceedings for their full content and meaning.  The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 and deny them on that basis.

63.    To the extent the allegations in Paragraph 63 purport to characterize official court proceedings, the Channel 5 Defendants respectfully refer the Court to those proceedings for their full content and meaning.  The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 63 and deny them on that basis.

64.    To the extent the allegations in Paragraph 64 purport to characterize official court proceedings, the Channel 5 Defendants respectfully refer the Court to those proceedings for their full content and meaning.  The Channel 5 Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 64 and deny them on that basis.

## RESPONSE TO DEFENDANT ANDREW CALLAGHAN

65. The Channel 5 Defendants admit that Defendant Callaghan is a documentarian who started the Channel 5 YouTube channel and directed the HBO documentary "This Place Rules" but deny that he identifies as a "guerrilla journalist."

66. The Channel 5 Defendants admit that Callaghan is the principal member of Channel 5 LLC, Andrew Callaghan LLC, and Social Studies LLC. The Channel 5 Defendants deny the remaining allegations in Paragraph 66.

67. The Channel 5 Defendants deny the allegations in Paragraph 67.

68. The Channel 5 Defendants admit that the documentary film "Dear Kelly" depicts Defendant Johnson and Defendant Callaghan wearing ghillie suits on property adjacent to the community where Plaintiff purportedly resides. Except as so admitted, the Channel 5 Defendants deny the allegations in Paragraph 68.

## RESPONSE TO COORDINATED CONDUCT BY JOHNSON AND CALLAGHAN

69. Paragraph 69 purports to characterize the Preview posted to YouTube on May 6, 2024. The Channel 5 Defendants respectfully refer the Court to that video for its content and meaning.

70. Paragraph 70 purports to characterize the Preview posted to YouTube on May 6, 2024. The Channel 5 Defendants respectfully refer the Court to that video for its content and meaning.

71. Paragraph 71 purports to characterize the Preview posted to YouTube on May 6, 2024. The Channel 5 Defendants respectfully refer the Court to that video for its content and meaning.

72. Paragraph 72 purports to characterize the Preview posted to YouTube on May 6, 2024. The Channel 5 Defendants respectfully refer the Court to that video for its content and meaning, but deny that the Preview shows footage of Callaghan inside Plaintiff's office.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

73.    Paragraph 73 purports to characterize the Preview posted to YouTube on May 6, 2024.  The Channel 5 Defendants respectfully refer the Court to that video for its content and meaning.

74.    The Channel 5 Defendants admit that a segment of the unfinished Documentary, which at that point had a temporary working title of "Finding Bill Joiner," was shown to live audiences in 2022.  Except as so admitted, the Channel 5 Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 74 regarding what unspecified third parties observed at an unspecified live show.  Paragraph 74 further purports to characterize an alleged November 2022 online statement by Callaghan regarding the title of the Documentary.  The Channel 5 Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations as the statement at issue is not sufficiently identified, and on that basis deny them.

75.    The Channel 5 Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 75 regarding communications between Plaintiff and his friend and deny them on that basis.  The Channel 5 Defendants admit that Callaghan met Defendant Johnson at a White Lives Matter Rally in Huntington Beach, California on April 11, 2021, and that Callaghan filmed portions of this rally and released footage from it via Channel 5. The Channel 5 Defendants admit further that they conducted further communications and filming sessions with Johnson for purposes of the Documentary and other Channel 5 reporting.  The Channel 5 Defendants deny the remaining allegations in Paragraph 75.

76.    The Channel 5 Defendants admit that Johnson appears in Channel 5's October 18, 2021 YouTube video "Hollywood Antivax Rally" and its October 8, 2023 YouTube video "Q Shaman Comes Home."   To the extent Paragraph 76 purports to characterize the October 8, 2023 YouTube video "Q Shaman Comes

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Home," the Channel 5 Defendants respectfully refer the Court to that video for its content and meaning.

77.    Paragraph 77 purports to characterize the January 6, 2022 Channel 5 YouTube video, "Q Shaman Prison Interview."  The Channel 5 Defendants respectfully refer the Court to that video for its content and meaning.  Except as so referenced, Channel 5 Defendants deny the allegations in Paragraph 77.

78.    Paragraph 78 purports to characterize Channel 5's May 25, 2021 YouTube video "White Lives Matter Rally."  The Channel 5 Defendants respectfully refer the Court to that video for its content and meaning.  To the extent Paragraph 78 contains allegations regarding judicial determinations in legal disputes between Plaintiff and Johnson, the Channel 5 Defendants respectfully refer the Court to those referenced judicial determinations for their content and meaning.

79.    The Channel 5 Defendants admit that its videos featuring Johnson and referring to Johnson's obsession with Plaintiff, including the Documentary, have been viewed by and generated interest from Channel 5's audience.  Except as so admitted, the Channel 5 Defendants deny the allegations of Paragraph 79.

80.    To the extent Paragraph 80 purports to characterize YouTube comments on the May 25, 2021 YouTube video "White Lives Matter Rally," the Channel 5 Defendants respectfully refer the Court to the comments for that video for their content and meaning.  To the extent Paragraph 80 appears to reference and purports to characterize a YouTube video of a Channel 5 live show posted by a third party on December 22, 2022, the Channel 5 Defendants respectfully refer the Court to that video for its content and meaning.

81.    The Channel 5 Defendants admit that Callaghan has engaged in "reporting on the story of Kelly Johnson."  Except as so admitted, the Channel 5 Defendants deny the allegations in Paragraph 81.

82.    Paragraph 82 appears to reference and purports to characterize a YouTube video of a Channel 5 live show posted by a third party on February 7,

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

2024.  The Channel 5 Defendants respectfully refer the Court to that referenced video for its content and meaning.

83.    Paragraph 83 appears to reference and purports to characterize a YouTube video of a Channel 5 live show posted by a third party on February 7, 2024.  The Channel 5 Defendants respectfully refer the Court to that referenced video for its content and meaning.

84.    Paragraph 84 appears to reference and purports to characterize a YouTube video of a Channel 5 live show posted by a third party on February 7, 2024.  The Channel 5 Defendants respectfully refer the Court to that referenced video for its content and meaning.

85.    Paragraph 85 appears to reference and purports to characterize a December 1, 2021 article in *Interview* magazine titled "Andrew Callaghan Is The Journalist the Internet Deserves," which quotes Callaghan.  The Channel 5 Defendants respectfully refer the Court to that referenced article for its content and meaning.

86.    To the extent Paragraph 86 purports to characterize an unspecified Channel 5 "promotional video," the Channel 5 Defendants lack knowledge or information sufficient to identify the referenced video and on that basis deny the characterization, but respectfully refer the Court to the referenced video for its content and meaning.  To the extent Paragraph 86 purports to characterize the February 24, 2022 Channel 5 YouTube video "Patriotism, Tattoos, and being a Shaman," the Channel 5 Defendants respectfully refer the Court to that video for its content and meaning.

87.    The Channel 5 Defendants deny the allegations in Paragraph 87.

88.    The Channel 5 Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 88 and deny them on that basis.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 88.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

89.    The Channel 5 Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 89 and deny them on that basis.

90.    Paragraph 90 of the FAC contains legal arguments or conclusions that require no response.  To the extent that a response is required, the Channel 5 Defendants deny the allegations in Paragraph 90.

## RESPONSE TO CHANNEL 5 DEFENDANTS HIRE A LAWYER TO THREATEN MR. JOINER

91.    Paragraph 91 purports to characterize the Channel 5 Defendants' counsel's May 30, 2024 letter to Plaintiff's counsel.  The Channel 5 Defendants respectfully refer the Court to that letter for its content and meaning.

92.    Paragraph 92 purports to characterize the Channel 5 Defendants' counsel's May 30, 2024 letter to Plaintiff's counsel.  The Channel 5 Defendants respectfully refer the Court to that letter for its content and meaning.

93.    Paragraph 93 purports to characterize the Channel 5 Defendants' counsel's May 30, 2024 letter to Plaintiff's counsel.  The Channel 5 Defendants respectfully refer the Court to that letter for its content and meaning.

94.    Paragraph 94 purports to characterize the Channel 5 Defendants' counsel's May 30, 2024 letter to Plaintiff's counsel.  The Channel 5 Defendants respectfully refer the Court to that letter for its content and meaning.

95.    Paragraph 95 purports to characterize the Channel 5 Defendants' counsel's May 30, 2024 letter to Plaintiff's counsel.  The Channel 5 Defendants respectfully refer the Court to that letter for its content and meaning.

96.    Paragraph 96 purports to characterize the Channel 5 Defendants' counsel's May 30, 2024 letter to Plaintiff's counsel.  The Channel 5 Defendants respectfully refer the Court to that letter for its content and meaning.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

97.     Paragraph 97 purports to characterize the Channel 5 Defendants' counsel's May 30, 2024 letter to Plaintiff's counsel.  The Channel 5 Defendants respectfully refer the Court to that letter for its content and meaning.

98.     Paragraph 98 purports to characterize the Channel 5 Defendants' counsel's May 30, 2024 letter to Plaintiff's counsel.  The Channel 5 Defendants respectfully refer the Court to that letter for its content and meaning.

99.     The Channel 5 Defendants deny the allegations in Paragraph 99.

100.    Paragraph 100 purports to characterize the Channel 5 Defendants' counsel's May 30, 2024 letter to Plaintiff's counsel.  The Channel 5 Defendants respectfully refer the Court to that letter for its content and meaning.

101.    Paragraph 101 purports to characterize the Channel 5 Defendants' counsel's May 30, 2024 letter to Plaintiff's counsel.  The Channel 5 Defendants respectfully refer the Court to that letter for its content and meaning.

102.    The Channel 5 Defendants admit that they do not intend to desist from publishing the Documentary.  Excerpt as otherwise answered, the Channel 5 Defendants deny the remaining allegations in Paragraph 102.

## RESPONSE TO PUBLICATION OF THE CALLAGHAN FILM

103.    The Channel 5 Defendants admit the allegations in Paragraph 103.

104.    The Channel 5 Defendants admit the allegations in Paragraph 104.

105.    The Channel 5 Defendants admit the allegations in Paragraph 105.

106.    Paragraph 106 purports to characterize the Documentary.  The Channel 5 Defendants respectfully refer the Court to the Documentary for its content and meaning.  Except as so referenced, the Channel 5 Defendants deny the allegations in Paragraph 106.

107.    To the extent Paragraph 107 purports to characterize public statements made by third parties, the Channel 5 Defendants respectfully refer the Court to the referenced statements for their full content and meaning.  The Channel 5

ANSWER TO AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 107 and deny them on that basis.

108.    The Channel 5 Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 108 and deny them on that basis.

## FIRST CLAIM FOR RELIEF

109.    The Channel 5 Defendants incorporate and reallege their responses set forth in the preceding paragraphs of this Answer.

110.    Paragraph 110 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 110 of the FAC.

111.    Paragraph 111 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 111 of the FAC.

112.    Paragraph 112 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 112 of the FAC.

113.    Paragraph 113 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 113 of the FAC.

## SECOND CLAIM FOR RELIEF

114.    The Channel 5 Defendants incorporate and reallege their responses set forth in the preceding paragraphs of this Answer.

115.    Paragraph 115 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 115 of the FAC.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

116.    Paragraph 116 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 116 of the FAC.

117.    Paragraph 117 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 117 of the FAC.

118.    Paragraph 118 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 118 of the FAC.

119.    Paragraph 119 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 119 of the FAC.

## THIRD CLAIM FOR RELIEF

120.    The Channel 5 Defendants incorporate and reallege their responses set forth in the preceding paragraphs of this Answer.

121.    Paragraph 121 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 121 of the FAC.

122.    Paragraph 122 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 122 of the FAC.

123.    Paragraph 123 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 123 of the FAC.

124.    Paragraph 124 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 124 of the FAC.

ANSWER TO AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

125.   Paragraph 125 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 125 of the FAC.

126.   Paragraph 126 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 126 of the FAC.

127.   Paragraph 127 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 127 of the FAC.

## **FOURTH CLAIM FOR RELIEF**

128.   The Channel 5 Defendants incorporate and reallege their responses set forth in the preceding paragraphs of this Answer.

129.   Paragraph 129 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 129 of the FAC.

130.   Paragraph 130 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 130 of the FAC.

131.   Paragraph 131 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 131 of the FAC.

132.   Paragraph 132 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 132 of the FAC.

133.   Paragraph 133 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 133 of the FAC.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

134.    Paragraph 134 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 134 of the FAC.

135.    Paragraph 135 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 135 of the FAC.

## **FIFTH CLAIM FOR RELIEF**

136.    The Channel 5 Defendants incorporate and reallege their responses set forth in the preceding paragraphs of this Answer.

137.    Paragraph 137 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 137 of the FAC.

138.    Paragraph 138 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 138 of the FAC.

139.    Paragraph 139 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 139 of the FAC.

140.    Paragraph 140 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 140 of the FAC.

## **SIXTH CLAIM FOR RELIEF**

141.    The Channel 5 Defendants incorporate and reallege their responses set forth in the preceding paragraphs of this Answer.

142.    Pursuant to the stipulation of the parties adjourning the Channel 5 Defendants' deadline to answer or respond to Plaintiff's newly pled claim for defamation (ECF No. 36), Paragraph 142 requires no response at this time.

ANSWER TO AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

143.   Pursuant to the stipulation of the parties adjourning the Channel 5 Defendants' deadline to answer or respond to Plaintiff's newly pled claim for defamation (ECF No. 36), Paragraph 143 requires no response at this time.

144.   Pursuant to the stipulation of the parties adjourning the Channel 5 Defendants' deadline to answer or respond to Plaintiff's newly pled claim for defamation (ECF No. 36), Paragraph 144 requires no response at this time.

145.   Pursuant to the stipulation of the parties adjourning the Channel 5 Defendants' deadline to answer or respond to Plaintiff's newly pled claim for defamation (ECF No. 36), Paragraph 145 requires no response at this time.

146.   Pursuant to the stipulation of the parties adjourning the Channel 5 Defendants' deadline to answer or respond to Plaintiff's newly pled claim for defamation (ECF No. 36), Paragraph 146 requires no response at this time.

## SEVENTH CLAIM FOR RELIEF

147.   The Channel 5 Defendants incorporate and reallege their responses set forth in the preceding paragraphs of this Answer.

148.   Paragraph 148 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 148 of the FAC.

149.   Paragraph 149 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 149 of the FAC.

150.   Paragraph 150 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 150 of the FAC.

151.   Paragraph 151 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 151 of the FAC.

ANSWER TO AMENDED COMPLAINT

Davis Wright Tremaine LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## **EIGHTH CLAIM FOR RELIEF**

152.   The Channel 5 Defendants incorporate and reallege their responses set forth in the preceding paragraphs of this Answer.

153.   Paragraph 153 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 153 of the FAC.

154.   Paragraph 154 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 154 of the FAC.

155.   Paragraph 155 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 155 of the FAC.

156.   Paragraph 156 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 156 of the FAC.

157.   Paragraph 157 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 157 of the FAC.

## **NINTH CLAIM FOR RELIEF**

158.   The Channel 5 Defendants incorporate and reallege their responses set forth in the preceding paragraphs of this Answer.

159.   Paragraph 159 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 159 of the FAC.

160.   Paragraph 160 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 160 of the FAC.

ANSWER TO AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

161.    Paragraph 161 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 161 of the FAC.

162.    Paragraph 162 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 162 of the FAC.

163.    Paragraph 163 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 163 of the FAC.

## TENTH CLAIM FOR RELIEF

164.    The Channel 5 Defendants incorporate and reallege their responses set forth in the preceding paragraphs of this Answer.

165.    Paragraph 165 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 165 of the FAC.

166.    Paragraph 166 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 166 of the FAC.

167.    Paragraph 167 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 167 of the FAC.

168.    Paragraph 168 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 168 of the FAC.

169.    Paragraph 169 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 169 of the FAC.

ANSWER TO AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

170.    Paragraph 170 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 170 of the FAC.

## ELEVENTH CLAIM FOR RELIEF

171.    The Channel 5 Defendants incorporate and reallege their responses set forth in the preceding paragraphs of this Answer.

172.    Paragraph 172 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 172 of the FAC.

173.    Paragraph 173 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 173 of the FAC.

174.    Paragraph 174 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 174 of the FAC.

175.    Paragraph 175 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 175 of the FAC.

176.    Paragraph 176 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, the Channel 5 Defendants deny the allegations in Paragraph 176 of the FAC.

## TWELFTH CLAIM FOR RELIEF

177.    The Channel 5 Defendants incorporate and reallege their responses set forth in the preceding paragraphs of this Answer.

178.    Pursuant to the stipulation of the parties adjourning the Channel 5 Defendants' deadline to answer or respond to Plaintiff's re-pled claim for violation of California Business and Professions Code Section 17200, *et seq.*, (ECF No. 36), Paragraph 178 requires no response at this time.

ANSWER TO AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

179.    Pursuant to the stipulation of the parties adjourning the Channel 5 Defendants' deadline to answer or respond to Plaintiff's re-pled claim for violation of California Business and Professions Code Section 17200, *et seq.*, (ECF No. 36), Paragraph 179 requires no response at this time.

180.    Pursuant to the stipulation of the parties adjourning the Channel 5 Defendants' deadline to answer or respond to Plaintiff's re-pled claim for violation of California Business and Professions Code Section 17200, *et seq.*, (ECF No. 36), Paragraph 180 requires no response at this time.

## PRAYER

Plaintiff's prayer for relief does not require a response.

## ADDITIONAL DEFENSES

The Channel 5 Defendants assert the following additional and affirmative defenses in response to the allegations in the FAC.  The Channel 5 Defendants reserve the right to amend this Answer with additional defenses as further information is obtained.  The Channel 5 Defendants further reserve the right to answer and assert additional defenses in response to the FAC's claims for defamation and under California Business and Professions Code § 17200, as their deadline to respond to these claims has been adjourned pending resolution of the Channel 5 Defendants appeal of the Court's order denying of their motion to strike pursuant to California Code of Civil Procedure § 425.16 (ECF No. 36).  By alleging these additional defenses, the Channel 5 Defendants are not in any way agreeing or conceding that they have the burden of proof or persuasion on any of these issues.

### First Additional Defense

The FAC, and each of its claims for relief, is barred because it fails to state a claim upon which relief can be granted against the Channel 5 Defendants.

### Second Additional Defense

The FAC's claims against the Channel 5 Defendants arise from the Channel 5 Defendants' exercise of their right of free speech, or their acts in furtherance of that

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

right, in connection with issues of public interest, and thus fall within the scope of California Code of Civil Procedure § 425.16 (the "SLAPP" statute). Because Plaintiff cannot meet his burden of demonstrating a probability that he will prevail on each of his claims (or any claim), the claims must be stricken and the Channel 5 Defendants must be awarded their attorneys' fees and costs incurred in defending against those claims.

**Third Additional Defense**

To the extent that Plaintiff's false light claim seeks to recover for alleged statements, implications, or innuendo that have not been specifically identified in the FAC, Plaintiff's recovery is barred.

**Fourth Additional Defense**

Plaintiff's claims are barred, in whole or in part, because the Channel 5 Defendants' conduct was reasonable, legally justified, and/or privileged and cannot give rise to any liability on the part of Channel 5 Defendants.

**Fifth Additional Defense**

Plaintiff's false light claim is barred, in whole or in part, because some or all of the allegedly defamatory statements are not reasonably susceptible of a defamatory meaning, and thus cannot give rise to any claim against the Channel 5 Defendants.

**Sixth Additional Defense**

To the extent that Plaintiff alleges that he was placed in a false light, the allegedly defamatory statements are protected as non-actionable subjective and/or opinionated expressions based on the underlying facts of the judicial proceedings. Such expressions of opinion are subject to absolute protection pursuant to the governing common law, statutory privileges, and/or the First and Fourteenth Amendments to the U.S. Constitution.

ANSWER TO AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

### Seventh Additional Defense

Plaintiff's claims are barred, in whole or in part, by the fair report privilege under the First Amendment to the U.S. Constitution, California Civil Code § 47(d), and the common law, as the Documentary reports upon official proceedings involving Plaintiff and Johnson.

### Eighth Additional Defense

Plaintiff's claims are barred, in whole or in part, because he cannot establish that the Channel 5 Defendants acted with the requisite degree of knowledge, intent, malice, or fault.

### Ninth Additional Defense

Plaintiff's claims fail, in whole or in part, because the alleged statements and/or alleged implications do not assert verifiably false facts, and/or constitute rhetorical hyperbole or subjective statements of opinion.

### Tenth Additional Defense

Plaintiff's claims are barred to the extent the statements about which Plaintiff complains are true or substantially true, and therefore cannot give rise to a false light claim.

### Eleventh Additional Defense

Plaintiff's claim for Intentional Infliction of Emotional Distress is barred because Plaintiff did not suffer severe or extreme emotional distress as a result of any actionable conduct attributable to the Channel 5 Defendants.

### Twelfth Additional Defense

Plaintiff's claim for Intentional Infliction of Emotional Distress is barred, in whole or in part, because the alleged conduct attributed to the Channel 5 Defendants

ANSWER TO AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

that purports to give rise to Plaintiff's claim was not extreme or outrageous, and was not conduct that was highly offensive to a reasonable person.

### Thirteenth Additional Defense

Plaintiff's claim for Negligent Infliction of Emotional Distress is barred, in whole or in part, because the Channel 5 Defendants did not owe Plaintiff any duty of care.

### Fourteenth Additional Defense

Plaintiff's claims are barred by the First and Fourteenth Amendments to the U.S. Constitution, and Article I, § 2 of the California Constitution, because they are based on constitutionally protected publications and newsgathering activities.

### Fifteenth Additional Defense

Plaintiff's invasion of privacy claims are barred because the Channel 5 Defendants did not intrude into any private place, conversation, or data source.

### Sixteenth Additional Defense

Plaintiff's CIPA claim is barred, in whole or in part, because the Channel 5 Defendants did not eavesdrop upon or record any "confidential communication" within the meaning of California Penal Code § 632(c).

### Seventeenth Additional Defense

Plaintiff's claims for violation of the California Invasion of Privacy Act, Wiretap Act and Electronic Communications Privacy Act are barred, in whole or in part, because the Channel 5 Defendants lacked intent to intercept unlawfully.

### Eighteenth Additional Defense

Plaintiff's claims for violation of the California Invasion of Privacy Act, Wiretap Act and Electronic Communications Privacy Act are barred, in whole or in part, because to the extent the Channel 5 Defendants intercepted any communications within the meaning of those statutes, such interception was consented to by one or all of the parties to the communication.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**Nineteenth Additional Defense**

Plaintiff's stalking claim is barred, in whole or in part, because the Channel 5 Defendants' conduct constituted "constitutionally protected activity" pursuant to California Civil Code § 1708.7(f).

**Twentieth Additional Defense**

Plaintiff's harassment claim is barred, in whole or in part, because the Channel 5 Defendants' conduct constitutes "constitutionally protected activity" within the meaning of California Code of Civil Procedure § 527.6(b)(1).

**Twenty-First Additional Defense**

Plaintiff's harassment claim is barred, in whole or in part, because the Channel 5 Defendants' conduct served a legitimate purpose and is therefore outside the scope of the definition of "harassment" in California Code of Civil Procedure § 527.6(b)(3).

**Twenty-Second Additional Defense**

The FAC, to the extent that it seeks statutory or exemplary damages, violates the Channel 5 Defendants' right to procedural and substantive due process under the Fifth and Fourteenth Amendments of the United States Constitution, and under Article I, Section 7 of the Constitution of the State of California, and therefore fails to state a cause of action upon which damages may be awarded.

**Twenty-Third Additional Defense**

Plaintiff has suffered no injury or damage as a result of any act or conduct by the Channel 5 Defendants.

**Twenty-Fourth Additional Defense**

The FAC and each of its causes of action are barred by the equitable doctrines of unclean hands, acquiescence, estoppel, and/or laches.

**Twenty-Fifth Additional Defense**

Plaintiff has failed to mitigate his damages, if any.

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

### Twenty-Sixth Additional Defense

The FAC's claims for damages are barred because Plaintiff's alleged damages are speculative or uncertain in their nature and are not susceptible of proof with reasonable certainty.

### Twenty- Seventh Additional Defense

The FAC, to the extent that it seeks injunctive relief, is barred because the injury or damage allegedly suffered by Plaintiff, if any, would be adequately compensated in an action at law for damages, and therefore Plaintiff is not entitled to seek equitable relief.

### Twenty- Eighth Additional Defense

Plaintiff's claims are barred because any award of damages against the Channel 5 Defendants would unjustly enrich Plaintiff.

### Twenty-Ninth Additional Defense

Plaintiff's request for attorneys' fees and costs is barred, in whole or in part, because Plaintiff has not identified any basis for such an award as to the Channel 5 Defendants, nor does he meet the criteria for such an award.

### Thirtieth Additional Defense

Although the Channel 5 Defendants deny engaging in any conduct justifying an award of punitive damages, any such award would violate the excessive fines, due process, and other applicable clauses of the United States Constitution, as well as other statutes. The FAC also fails to state facts sufficient to support an award of punitive damages against the Channel 5 Defendants.

The Channel 5 Defendants pray for relief as follows:

1.    A judgment in favor of the Channel 5 Defendants denying Plaintiff all requested relief and dismissing the FAC with prejudice;

2.    That the Channel 5 Defendants be awarded their costs of suit, including, without limitation, reasonable attorneys' fees; and

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1  3.  That the Court award the Channel 5 Defendants such other and further

2  relief as the Court deems just and proper.

3

4

5  DATED: March 26, 2025          DAVIS WRIGHT TREMAINE LLP
                                  JONATHAN L. SEGAL
6                                 ABIGAIL EVERDELL
                                  SAMANTHA LACHMAN
7

8

9  By: /s/ Jonathan L. Segal
                                  Abigail Everdell
10                                Attorneys for Defendants
                                  ANDREW CALLAGHAN and
11                                CHANNEL 5 LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899