JONATHAN L. SEGAL (State Bar No. 264238)
  jonathansegal@dwt.com
SAMANTHA LACHMAN (State Bar No. 331969)
  samlachman@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

ABIGAIL EVERDELL (*Pro hac vice*)
  abigaileverdell@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone:  (212) 489-8230
Fax:  (212) 379-5244

Attorneys for Defendants
ANDREW CALLAGHAN and
CHANNEL 5 LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOINER, an individual,<br><br>              Plaintiff,<br><br>    vs.<br><br>ANDREW CALLAGHAN, an Individual; CHANNEL 5 LLC, a Washington Limited Liability Company; EVAN GILBERT-KATZ, an Individual; NICOLAS GILBERT-KATZ, an Individual; KELLY SCOTT JOHNSON, an Individual; and DOES 1 through 200, Inclusive,<br><br>              Defendant. | Case No. **8:24-cv-01160-CBM-KS**<br><br>**DEFENDANT EVAN GILBERT-KATZ'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Action Filed:  May 30, 2024 |

ANSWER TO AMENDED COMPLAINT

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Defendant Evan Gilbert-Katz ("Gilbert-Katz") hereby responds to the First Amended Complaint ("FAC") filed by Plaintiff WILLIAM JOINER ("Plaintiff") as follows:

## RESPONSE TO INTRODUCTION[1]

1.     Gilbert-Katz admits that this action is brought by William Joiner, also known as "Bill Joiner."  Gilbert-Katz further admits that he participated in the creation of footage used for the documentary film "Dear Kelly" (the "Documentary") which focuses on the story of Defendant Kelly Scott Johnson, who is also known as "Kelly J. Patriot" ("Johnson"), but denies that he created the film or any other publication at issue in this action and denies that he owns and/or controls any website upon which the Documentary has been made available for download to the public.  Gilbert-Katz lacks sufficient knowledge or information to form a belief as to where the Documentary was screened and how it is otherwise being made available to the public, and on that basis denies the allegations in Paragraph 1 relating thereto.  Gilbert-Katz denies the remaining allegations in Paragraph 1.

2.     Gilbert-Katz admits, upon information and belief, that Johnson was a lawyer practicing in California before being disbarred.  Gilbert-Katz further admits, upon information and belief, that a court has deemed Johnson a vexatious litigant. Except as so admitted, Gilbert-Katz lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 and denies them on that basis.

3.     To the extent the allegations in Paragraph 3 purport to characterize official court proceedings, Gilbert-Katz respectfully refers the Court to the referenced proceedings for their full content and meaning.  Gilbert-Katz lacks

---

[1] Gilbert-Katz includes the FAC's headings in his Answer for the sake of clarity. To the extent any of the section headings are deemed to be allegations of fact, Gilbert-Katz denies each and every such allegation.

ANSWER TO AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 and denies them on that basis.

4.      Gilbert-Katz denies that he teamed up with Johnson to do anything sinister or dangerous to Plaintiff or his family.  To the extent the remaining allegations in Paragraph 3 purport to characterize official court proceedings, Gilbert-Katz respectfully refers the Court to the referenced proceedings for their full content and meaning.  Gilbert-Katz lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 and denies them on that basis.

5.      To the extent Paragraph 5 of the FAC purports to characterize the contents of the Documentary and a social media post showing a photograph of Defendant Callaghan and Defendant Johnson, Gilbert-Katz respectfully refers the Court to that film and social media post for their content and meaning.  Gilbert-Katz lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 5 and denies them on that basis.

6.      To the extent Paragraph 6 of the Complaint purports to characterize the contents of "Tour & Movie Announcement" video on YouTube (the "Preview"), Gilbert-Katz respectfully refers the Court to the Preview its content and meaning.  Gilbert-Katz admits that he is not aware of any explicit consent granted by Plaintiff or his family as to recordings created for the Documentary, and affirmatively alleges that no such consent was required.  Gilbert-Katz lacks sufficient knowledge or information to form a belief as to whether Plaintiff or his family had knowledge of materials recorded for the Documentary, and on that basis denies the allegations of Paragraph 6 regarding the same.  Gilbert-Katz otherwise denies the allegations of Paragraph 6.

7.      Paragraph 7 purports to characterize videos available on YouTube. Gilbert-Katz respectfully refers the Court to those videos for their content and meaning.

ANSWER TO AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

8.      Gilbert-Katz lacks sufficient knowledge or information to form a belief as to when and where the Documentary was shown publicly, how many people have purchased it, and what statements Callaghan has made regarding shopping the film to third-party streaming services, and on that basis denies the allegations relating thereto.  Gilbert-Katz otherwise denies the allegations of Paragraph 8.

## RESPONSE TO THE PARTIES

9.      Gilbert-Katz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 9 of the FAC and, on that basis, denies each and every allegation in Paragraph 9.

10.      Gilbert-Katz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 10 of the FAC and, on that basis, denies each and every allegation in Paragraph 10.

11.      Gilbert-Katz admits that Channel 5 LLC is a Washington limited liability company.  Gilbert-Katz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 11 of the FAC and, on that basis, denies each and every allegation in Paragraph 11.

12.      Gilbert-Katz admits that he was previously a member of Channel 5 LLC, but denies that he is currently a member.  Gilbert-Katz further admits that he is a Los Angeles resident and that he recorded audio and video footage for the Documentary, including certain footage referred to in the FAC.  Except as so admitted, Gilbert-Katz denies the allegations of Paragraph 12.

13.      Gilbert-Katz admits that Mosher recorded audio and video footage for the Documentary, including certain footage referred to in the FAC.  Gilbert-Katz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 13 of the FAC and, on that basis, denies each and every allegation in Paragraph 13.

3

ANSWER TO AMENDED COMPLAINT

14. Gilbert-Katz lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 and denies them on that basis.

15. Gilbert-Katz lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 and denies them on that basis.

16. Gilbert-Katz lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and denies them on that basis.

17. Paragraph 17 of the FAC contains legal arguments or conclusions that require no response. To the extent that a response is required, Gilbert-Katz denies the allegations in Paragraph 17.

18. Paragraph 18 of the FAC contains legal arguments or conclusions that require no response. To the extent that a response is required, Gilbert-Katz denies the allegations in Paragraph 18.

**RESPONSE TO JURISDICTION AND VENUE**

19. Paragraph 19 contains legal conclusions that require no response. To the extent that any response is required, Gilbert-Katz does not—at this time and for purposes of this case only—contest that this Court has federal question subject-matter jurisdiction over the federal claims in this matter. Gilbert-Katz denies, however, that this Court may exercise supplemental jurisdiction over the state law claims pending resolution of Gilbert-Katz's appeal of the Court's order denying his motion to strike pursuant to California Code of Civil Procedure § 425.16. *See City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001); *In re NCAA Student-Athlete Name & Likeness Litig.*, 2010 WL 5644656, at *3 (N.D. Cal. Dec. 17, 2010).

20. Paragraph 20 of the FAC contains legal conclusions that require no response. To the extent that any response is required, Gilbert-Katz does not —at this time and for purposes of this case only—contest that this Court may exercise personal jurisdiction over the parties. Gilbert-Katz further denies that he engaged in any unlawful conduct.

ANSWER TO AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

21.     Paragraph 21 of the FAC contains legal conclusions that require no response. To the extent that any response is required, Gilbert-Katz does not—at this time and for purposes of this case only—contest that venue is proper in the Central District of California.

## RESPONSE TO FACTS COMMON TO ALL CAUSES OF ACTION

## RESPONSE TO DEFENDANT KELLY SCOTT JOHNSON

22.     Gilbert-Katz admits that Johnson is a right-wing extremist and conspiracy theorist. Gilbert-Katz lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 22 and denies them on that basis.

23.     Gilbert-Katz admits, upon information and belief, that Johnson attended the January 6, 2021 attempted insurrection in Washington, D.C. Gilbert-Katz lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 23 and denies them on that basis.

24.     To the extent the allegations of Paragraph 24 purport to characterize unspecified videos, Gilbert-Katz respectfully refers the Court to the referenced videos for their full content and meaning.

25.     To the extent the allegations of Paragraph 25 purport to characterize the contents of disciplinary charges by the California State Bar, Gilbert-Katz respectfully refers the Court to the referenced charges for their full content and meaning. Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 and denies them on that basis.

26.     To the extent that the allegations of Paragraph 26 purport to characterize the contents of the State Bar's factual and legal findings, Gilbert-Katz respectfully refers the Court to the referenced factual and legal findings for their full content and meaning. Gilbert-Katz otherwise lacks sufficient knowledge or

ANSWER TO AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

information to form a belief as to the truth of the allegations in Paragraph 26 and denies them on that basis.

27.     To the extent the allegations in Paragraph 27 purport to characterize official court proceedings and disciplinary proceedings, Gilbert-Katz respectfully refers the Court to the referenced proceedings for their full content and meaning. Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 and denies them on that basis.

28.     To the extent the allegations in Paragraph 28 purport to characterize official court proceedings and disciplinary proceedings, Gilbert-Katz respectfully refers the Court to the referenced proceedings for their full content and meaning. Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 and denies them on that basis.

29.     To the extent the allegations in Paragraph 29 purport to characterize official court proceedings and disciplinary proceedings, Gilbert-Katz respectfully refers the Court to the referenced proceedings for their full content and meaning. Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 and denies them on that basis.

30.     To the extent the allegations in Paragraph 30 purport to characterize official court proceedings and disciplinary proceedings, Gilbert-Katz respectfully refers the Court to the referenced proceedings for their full content and meaning. Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 and denies them on that basis.

31.     To the extent the allegations in Paragraph 31 purport to characterize official court proceedings and disciplinary proceedings, Gilbert-Katz respectfully refers the Court to the referenced proceedings and disciplinary action for their full content and meaning.  Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 and denies them on that basis.

6

ANSWER TO AMENDED COMPLAINT

32. To the extent the allegations in Paragraph 32 purport to characterize court records and official proceedings, Gilbert-Katz respectfully refers the Court to the referenced proceedings for their full content and meaning. Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 and denies them on that basis.

## RESPONSE TO JOHNSON'S LENGTHY HISTORY WITH BILL JOINER

33. Gilbert-Katz lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 and denies them on that basis.

34. To the extent the allegations in Paragraph 34 purport to characterize referenced loan application materials and official court proceedings, Gilbert-Katz respectfully refers the Court to the referenced materials and proceedings for their full content and meaning. Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 and denies them on that basis.

35. To the extent the allegations in Paragraph 35 purport to characterize a referenced recorded Notice of Default, Gilbert-Katz respectfully refers the Court to the referenced notice for its full content and meaning. Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 and denies them on that basis.

36. To the extent the allegations in Paragraph 36 purport to characterize a referenced Notice of Trustee's Sale, Gilbert-Katz respectfully refers the Court to the referenced notice for its full content and meaning. Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 and denies them on that basis.

37. To the extent the allegations in Paragraph 37 purport to characterize official court proceedings, Gilbert-Katz respectfully refers the Court to the referenced proceedings for their full content and meaning. Gilbert-Katz otherwise

ANSWER TO AMENDED COMPLAINT

7

lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 and denies them on that basis.

38. To the extent the allegations in Paragraph 38 purport to characterize a settlement and release agreement between Plaintiff and Johnson, Gilbert-Katz respectfully refers the Court to the referenced agreement for its full content and meaning. Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38 and denies them on that basis.

39. To the extent the allegations in Paragraph 39 purport to characterize a settlement and release between Plaintiff and Johnson, Gilbert-Katz respectfully refers the Court to the referenced agreement for its full content and meaning. Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39 and denies them on that basis.

40. To the extent the allegations in Paragraph 40 purport to characterize a settlement and release agreement between Plaintiff and Johnson and official proceedings in Orange County Superior Court, Gilbert-Katz respectfully refers the Court to the referenced agreement and proceedings for their full content and meaning. Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40 and denies them on that basis.

41. To the extent the allegations in Paragraph 41 purport to characterize Appellate Division proceedings, Gilbert-Katz respectfully refers the Court to the referenced proceedings for their full content and meaning. Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41 and denies them on that basis.

42. To the extent the allegations in Paragraph 42 purport to characterize Appellate Division proceedings and official court proceedings, Gilbert-Katz respectfully refers the Court to the referenced proceedings for their full content and

ANSWER TO AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

meaning.  Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42 and denies them on that basis.

43.    To the extent the allegations in Paragraph 43 purport to characterize Johnson's unlawful detainer appeals, Gilbert-Katz respectfully refers the Court to the referenced appeals for their full content and meaning.  Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43 and denies them on that basis.

44.    To the extent the allegations in Paragraph 44 purport to characterize court proceedings including in the Appellate Division, Gilbert-Katz respectfully refers the Court to the referenced proceedings for their full content and meaning.  Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44 and denies them on that basis.

45.    To the extent the allegations in Paragraph 45 purport to characterize official court proceedings, Gilbert-Katz respectfully refers the Court to the referenced proceedings for their full content and meaning.  Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45 and denies them on that basis.

46.    To the extent the allegations in Paragraph 46 purport to characterize official court proceedings, Gilbert-Katz respectfully refers the Court to the referenced proceedings for their full content and meaning.  Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46 and denies them on that basis.

47.    To the extent the allegations in Paragraph 47 purport to characterize official court proceedings, Gilbert-Katz respectfully refers the Court to the referenced proceedings for their full content and meaning.  Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47 and denies them on that basis.

9

ANSWER TO AMENDED COMPLAINT

48.    To the extent the allegations in Paragraph 48 purport to characterize official court proceedings, Gilbert-Katz respectfully refers the Court to the referenced proceedings for their full content and meaning.  Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48 and denies them on that basis.

49.    To the extent the allegations in Paragraph 49 purport to characterize official court proceedings, Gilbert-Katz respectfully refers the Court to the referenced proceedings for their full content and meaning.  Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49 and denies them on that basis.

50.    To the extent the allegations in Paragraph 50 purport to characterize official court proceedings, Gilbert-Katz respectfully refers the Court to the referenced proceedings for their full content and meaning.  Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50 and denies them on that basis.

51.    To the extent the allegations in Paragraph 51 purport to characterize official court proceedings, Gilbert-Katz respectfully refers the Court to the referenced proceedings for their full content and meaning.  Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51 and denies them on that basis.

52.    To the extent the allegations in Paragraph 52 purport to characterize official court and appellate proceedings, Gilbert-Katz respectfully refers the Court to the referenced proceedings for their full content and meaning.  Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52 and denies them on that basis.

53.    To the extent the allegations in Paragraph 53 purport to characterize official court proceedings, Gilbert-Katz respectfully refers the Court to the referenced proceedings for their full content and meaning.  Gilbert-Katz otherwise

ANSWER TO AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53 and denies them on that basis.

54.    To the extent the allegations in Paragraph 54 purport to characterize official court proceedings, Gilbert-Katz respectfully refers the Court to the referenced proceedings for their full content and meaning.  Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54 and denies them on that basis.

55.    To the extent the allegations in Paragraph 55 purport to characterize official court proceedings, Gilbert-Katz respectfully refers the Court to the referenced proceedings for their full content and meaning.  Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55 and denies them on that basis.

56.    To the extent the allegations in Paragraph 56 purport to characterize official court proceedings, Gilbert-Katz respectfully refers the Court to the referenced proceedings for their full content and meaning.  Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56 and denies them on that basis.

57.    To the extent the allegations in Paragraph 57 purport to characterize official court proceedings, Gilbert-Katz respectfully refers the Court to the referenced proceedings for their full content and meaning.  Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57 and denies them on that basis.

58.    To the extent the allegations in Paragraph 58 purport to characterize official court proceedings, Gilbert-Katz respectfully refers the Court to the referenced proceedings for their full content and meaning.  Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58 and denies them on that basis.

ANSWER TO AMENDED COMPLAINT

11

59.    To the extent the allegations in Paragraph 59 purport to characterize official proceedings before the Court of Appeals, Gilbert-Katz respectfully refers the Court to that the referenced proceedings for their full content and meaning. Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59 and denies them on that basis.

60.    To the extent the allegations in Paragraph 60 purport to characterize official court proceedings, Gilbert-Katz respectfully refers the Court to those proceedings for their full content and meaning. Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60 and denies them on that basis.

61.    To the extent the allegations in Paragraph 61 purport to characterize official court proceedings, Gilbert-Katz respectfully refers the Court to those proceedings for their full content and meaning. Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61 and denies them on that basis.

62.    To the extent the allegations in Paragraph 62 purport to characterize official court proceedings, Gilbert-Katz respectfully refers the Court to those proceedings for their full content and meaning. Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 and denies them on that basis.

63.    To the extent the allegations in Paragraph 63 purport to characterize official court proceedings, Gilbert-Katz respectfully refers the Court to those proceedings for their full content and meaning. Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 63 and denies them on that basis.

64.    To the extent the allegations in Paragraph 64 purport to characterize official court proceedings, Gilbert-Katz respectfully refers the Court to those proceedings for their full content and meaning. Gilbert-Katz otherwise lacks

ANSWER TO AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 64 and denies them on that basis.

## RESPONSE TO DEFENDANT ANDREW CALLAGHAN

65. Gilbert-Katz admits that Callaghan is a documentarian who started the Channel 5 YouTube channel and directed the HBO documentary "This Place Rules." Gilbert-Katz otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65 and denies them on that basis.

66. Gilbert-Katz lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66 and denies them on that basis.

67. Gilbert-Katz lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 67 and denies them on that basis.

68. Gilbert-Katz admits that footage was recorded for the Documentary of Defendant Johnson and Defendant Callaghan wearing ghillie suits on property adjacent to the community where Plaintiff purportedly resides. Except as so admitted, Gilbert-Katz denies the allegations in Paragraph 68.

## RESPONSE TO COORDINATED CONDUCT BY JOHNSON AND CALLAGHAN

69. Paragraph 69 purports to characterize the Preview posted to YouTube on May 6, 2024. Gilbert-Katz respectfully refers the Court to that video for its content and meaning.

70. Paragraph 70 purports to characterize the Preview posted to YouTube on May 6, 2024. Gilbert-Katz respectfully refers the Court to that video for its content and meaning.

71. Paragraph 71 purports to characterize the Preview posted to YouTube on May 6, 2024. Gilbert-Katz respectfully refers the Court to that video for its content and meaning.

ANSWER TO AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

72. Paragraph 72 purports to characterize the Preview posted to YouTube on May 6, 2024. Gilbert-Katz respectfully refers the Court to that video for its content and meaning.

73. Paragraph 73 purports to characterize the Preview posted to YouTube on May 6, 2024. Gilbert-Katz respectfully refers the Court to that video for its content and meaning.

74. Gilbert-Katz admits that a segment of the unfinished Documentary, which at that point had a temporary working title of "Finding Bill Joiner," was shown to live audiences in 2022. Except as so admitted, Gilbert-Katz lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 74 regarding what unspecified third parties observed at an unspecified live show. Paragraph 74 further purports to characterize an alleged November 2022 online statement by Callaghan regarding the title of the Documentary. Gilbert-Katz lacks knowledge or information sufficient to form a belief as to the truth of these allegations as the statement at issue is not sufficiently identified, and on that basis denies them.

75. Gilbert-Katz lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 75 regarding communications between Plaintiff and his friend and denies them on that basis. Gilbert-Katz admits that Callaghan met Defendant Johnson at a White Lives Matter Rally in Huntington Beach, California on April 11, 2021, and that Callaghan filmed portions of this rally and released footage from it via Channel 5. Gilbert-Katz admits further that he conducted further communications and filming sessions with Johnson for purposes of the Documentary and other Channel 5 reporting. Gilbert-Katz denies the remaining allegations in Paragraph 75.

76. Gilbert-Katz admits that Johnson appears in Channel 5's October 18, 2021 YouTube video "Hollywood Antivax Rally" and its October 8, 2023 YouTube video "Q Shaman Comes Home." To the extent Paragraph 76 purports to

ANSWER TO AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

characterize the October 8, 2023 YouTube video "Q Shaman Comes Home," Gilbert-Katz respectfully refers the Court to that video for its content and meaning.

77.   Paragraph 77 purports to characterize the January 6, 2022 Channel 5 YouTube video, "Q Shaman Prison Interview."  Gilbert-Katz respectfully refers the Court to that video for its content and meaning.  Except as so referenced, Gilbert-Katz lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 77 and denies them on that basis.

78.   Paragraph 78 purports to characterize Channel 5's May 25, 2021 YouTube video "White Lives Matter Rally."  Gilbert-Katz respectfully refers the Court to that video for its content and meaning.  To the extent Paragraph 78 contains allegations regarding judicial determinations in legal disputes between Plaintiff and Johnson, Gilbert-Katz respectfully refers the Court to those referenced judicial determinations for their content and meaning.

79.   Gilbert-Katz lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 79 and denies them on that basis.

80.   To the extent Paragraph 80 purports to characterize YouTube comments on the May 25, 2021 YouTube video "White Lives Matter Rally," Gilbert-Katz respectfully refers the Court to the comments for that video for their content and meaning.  To the extent Paragraph 80 appears to reference and purports to characterize a YouTube video of a Channel 5 live show posted by a third party on December 22, 2022, Gilbert-Katz respectfully refers the Court to that video for its content and meaning.

81.   Gilbert-Katz admits that Defendant Callaghan was "reporting on the story of Kelly Johnson."  Except as so admitted, Gilbert-Katz lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 81 and denies them on that basis.

82.   Paragraph 82 appears to reference and purports to characterize a YouTube video of a Channel 5 live show posted by a third party on February 7,

15

ANSWER TO AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

2024. Gilbert-Katz respectfully refers the Court to that referenced video for its content and meaning.

83. Paragraph 83 appears to reference and purports to characterize a YouTube video of a Channel 5 live show posted by a third party on February 7, 2024. Gilbert-Katz respectfully refers the Court to that referenced video for its content and meaning.

84. Paragraph 84 appears to reference and purports to characterize a YouTube video of a Channel 5 live show posted by a third party on February 7, 2024. Gilbert-Katz respectfully refers the Court to that referenced video for its content and meaning.

85. Paragraph 85 appears to reference and purports to characterize a December 1, 2021 article in *Interview* magazine titled "Andrew Callaghan Is The Journalist the Internet Deserves," which quotes Callaghan. Gilbert-Katz respectfully refers the Court to that referenced article for its content and meaning.

86. To the extent Paragraph 86 purports to characterize an unspecified Channel 5 "promotional video," Gilbert-Katz lacks knowledge or information sufficient to identify the referenced video and on that basis denies the characterization, but respectfully refers the Court to the referenced video for its content and meaning. To the extent Paragraph 86 purports to characterize the February 24, 2022 Channel 5 YouTube video "Patriotism, Tattoos, and being a Shaman," Gilbert-Katz respectfully refers the Court to that video for its content and meaning.

87. Gilbert-Katz lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 87 regarding Callaghan's subjective state of mind, and denies them on that basis. Gilbert-Katz denies the remaining allegations in Paragraph 87.

88. Gilbert-Katz lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 88 and denies them on that basis. To

ANSWER TO AMENDED COMPLAINT

16

the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 88.

89. Gilbert-Katz lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 89 and denies them on that basis.

90. Paragraph 90 of the FAC contains legal arguments or conclusions that require no response. To the extent that a response is required, Gilbert-Katz denies the allegations in Paragraph 90.

## RESPONSE TO CHANNEL 5 DEFENDANTS HIRE A LAWYER TO THREATEN MR. JOINER

91. Paragraph 91 purports to characterize a May 30, 2024 letter to Plaintiff's counsel. Gilbert-Katz respectfully refers the Court to that letter for its content and meaning.

92. Paragraph 92 purports to characterize a May 30, 2024 letter to Plaintiff's counsel. Gilbert-Katz respectfully refers the Court to that letter for its content and meaning.

93. Paragraph 93 purports to characterize a May 30, 2024 letter to Plaintiff's counsel. Gilbert-Katz respectfully refers the Court to that letter for its content and meaning.

94. Paragraph 94 purports to characterize a May 30, 2024 letter to Plaintiff's counsel. Gilbert-Katz respectfully refers the Court to that letter for its content and meaning.

95. Paragraph 95 purports to characterize a May 30, 2024 letter to Plaintiff's counsel. Gilbert-Katz respectfully refers the Court to that letter for its content and meaning.

96. Paragraph 96 purports to characterize a May 30, 2024 letter to Plaintiff's counsel. Gilbert-Katz respectfully refers the Court to that letter for its content and meaning.

ANSWER TO AMENDED COMPLAINT

17

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

97.    Paragraph 97 purports to characterize a May 30, 2024 letter to Plaintiff's counsel.  Gilbert-Katz respectfully refers the Court to that letter for its content and meaning.

98.    Paragraph 98 purports to characterize a May 30, 2024 letter to Plaintiff's counsel.  Gilbert-Katz respectfully refers the Court to that letter for its content and meaning.

99.    Gilbert-Katz denies the allegations in Paragraph 99.

100.    Paragraph 100 purports to characterize a May 30, 2024 letter to Plaintiff's counsel.  Gilbert-Katz respectfully refers the Court to that letter for its content and meaning.

101.    Paragraph 101 purports to characterize a May 30, 2024 letter to Plaintiff's counsel.  Gilbert-Katz respectfully refers the Court to that letter for its content and meaning.

102.    Gilbert-Katz lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 102 and denies them on that basis.

## RESPONSE TO PUBLICATION OF THE CALLAGHAN FILM

103.    Gilbert-Katz denies that he published the Documentary or sold admission to the Documentary to the public.  Gilbert-Katz lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 103 and denies them on that basis.

104.    Gilbert-Katz denies that he published the Documentary and denies that he owns and/or controls the website www.dearkellyfilm.com.  Gilbert-Katz lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 104 and denies them on that basis.

105.    Gilbert-Katz denies that he showed the Documentary to live audiences.  Gilbert-Katz lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 105 and denies them on that basis.

ANSWER TO AMENDED COMPLAINT

18

106.   Paragraph 106 purports to characterize the Documentary.  Gilbert-Katz respectfully refers the Court to the Documentary for its content and meaning. Except as so referenced, Gilbert-Katz denies the allegations in Paragraph 106.

107.   To the extent Paragraph 107 purports to characterize public statements made by third parties, Gilbert-Katz respectfully refers the Court to the referenced statements for their full content and meaning.  Gilbert-Katz lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 107 and denies them on that basis.

108.   Gilbert-Katz lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 108 and denies them on that basis.

## FIRST CLAIM FOR RELIEF

109.   Gilbert-Katz incorporates and realleges his responses set forth in the preceding paragraphs of this Answer.

110.   Paragraph 110 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 110 of the FAC.

111.   Paragraph 111 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 111 of the FAC.

112.   Paragraph 112 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 112 of the FAC.

113.   Paragraph 113 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 113 of the FAC.

## SECOND CLAIM FOR RELIEF

114.   Gilbert-Katz incorporates and realleges his responses set forth in the preceding paragraphs of this Answer.

ANSWER TO AMENDED COMPLAINT

19

115.   Paragraph 115 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 115 of the FAC.

116.   Paragraph 116 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 116 of the FAC.

117.   Paragraph 117 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 117 of the FAC.

118.   Paragraph 118 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 118 of the FAC.

119.   Paragraph 119 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 119 of the FAC.

### THIRD CLAIM FOR RELIEF

120.   Gilbert-Katz incorporates and realleges his responses set forth in the preceding paragraphs of this Answer.

121.   Paragraph 121 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 121 of the FAC.

122.   Paragraph 122 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 122 of the FAC.

123.   Paragraph 123 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 123 of the FAC.

20

ANSWER TO AMENDED COMPLAINT

124. Paragraph 124 of the FAC contains legal arguments or conclusions that require no response. To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 124 of the FAC.

125. Paragraph 125 of the FAC contains legal arguments or conclusions that require no response. To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 125 of the FAC.

126. Paragraph 126 of the FAC contains legal arguments or conclusions that require no response. To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 126 of the FAC.

127. Paragraph 127 of the FAC contains legal arguments or conclusions that require no response. To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 127 of the FAC.

## FOURTH CLAIM FOR RELIEF

128. Gilbert-Katz incorporates and realleges his responses set forth in the preceding paragraphs of this Answer.

129. Paragraph 129 of the FAC contains legal arguments or conclusions that require no response. To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 129 of the FAC.

130. Paragraph 130 of the FAC contains legal arguments or conclusions that require no response. To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 130 of the FAC.

131. Paragraph 131 of the FAC contains legal arguments or conclusions that require no response. To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 131 of the FAC.

132. Paragraph 132 of the FAC contains legal arguments or conclusions that require no response. To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 132 of the FAC.

ANSWER TO AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

133.  Paragraph 133 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 133 of the FAC.

134.  Paragraph 134 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 134 of the FAC.

135.  Paragraph 135 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 135 of the FAC.

<strong>FIFTH CLAIM FOR RELIEF</strong>

136.  Gilbert-Katz incorporates and realleges his responses set forth in the preceding paragraphs of this Answer.

137.  Paragraph 137 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 137 of the FAC.

138.  Paragraph 138 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 138 of the FAC.

139.  Paragraph 139 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 139 of the FAC.

140.  Paragraph 140 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 140 of the FAC.

<strong>SIXTH CLAIM FOR RELIEF</strong>

141.  Gilbert-Katz incorporates and realleges his responses set forth in the preceding paragraphs of this Answer.

22

ANSWER TO AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

142.   Pursuant to the stipulation of the parties adjourning the C5 Defendants' deadline to answer or respond to Plaintiff's newly pled claim for defamation (ECF No. 36), Paragraph 142 requires no response at this time.

143.   Pursuant to the stipulation of the parties adjourning the C5 Defendants' deadline to answer or respond to Plaintiff's newly pled claim for defamation (ECF No. 36), Paragraph 143 requires no response at this time.

144.   Pursuant the stipulation of the parties adjourning the C5 Defendants' deadline to answer or respond to Plaintiff's newly pled claim for defamation (ECF No. 36), Paragraph 144 requires no response at this time.

145.   Pursuant to the stipulation of the parties adjourning the C5 Defendants' deadline to answer or respond to Plaintiff's newly pled claim for defamation (ECF No. 36), Paragraph 145 requires no response at this time.

146.   Pursuant to the stipulation of the parties adjourning the C5 Defendants' deadline to answer or respond to Plaintiff's newly pled claim for defamation (ECF No. 36), Paragraph 146 requires no response at this time.

## SEVENTH CLAIM FOR RELIEF

147.   Gilbert-Katz incorporates and realleges his responses set forth in the preceding paragraphs of this Answer.

148.   Paragraph 148 of the FAC contains legal arguments or conclusions that require no response. To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 148 of the FAC.

149.   Paragraph 149 of the FAC contains legal arguments or conclusions that require no response. To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 149 of the FAC.

150.   Paragraph 150 of the FAC contains legal arguments or conclusions that require no response. To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 150 of the FAC.

ANSWER TO AMENDED COMPLAINT

23

151.   Paragraph 151 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 151 of the FAC.

## EIGHTH CLAIM FOR RELIEF

152.   Gilbert-Katz incorporates and realleges his responses set forth in the preceding paragraphs of this Answer.

153.   Paragraph 153 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 153 of the FAC.

154.   Paragraph 154 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 154 of the FAC.

155.   Paragraph 155 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 155 of the FAC.

156.   Paragraph 156 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 156 of the FAC.

157.   Paragraph 157 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 157 of the FAC.

## NINTH CLAIM FOR RELIEF

158.   Gilbert-Katz incorporates and realleges his responses set forth in the preceding paragraphs of this Answer.

159.   Paragraph 159 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 159 of the FAC.

24

ANSWER TO AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

160.    Paragraph 160 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 160 of the FAC.

161.    Paragraph 161 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 161 of the FAC.

162.    Paragraph 162 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 162 of the FAC.

163.    Paragraph 163 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 163 of the FAC.

## **TENTH CLAIM FOR RELIEF**

164.    Gilbert-Katz incorporates and realleges his responses set forth in the preceding paragraphs of this Answer.

165.    Paragraph 165 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 165 of the FAC.

166.    Paragraph 166 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 166 of the FAC.

167.    Paragraph 167 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 167 of the FAC.

168.    Paragraph 168 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 168 of the FAC.

ANSWER TO AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

169.   Paragraph 169 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 169 of the FAC.

170.   Paragraph 170 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 170 of the FAC.

## ELEVENTH CLAIM FOR RELIEF

171.   Gilbert-Katz incorporates and realleges his responses set forth in the preceding paragraphs of this Answer.

172.   Paragraph 172 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 172 of the FAC.

173.   Paragraph 173 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 173 of the FAC.

174.   Paragraph 174 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 174 of the FAC.

175.   Paragraph 175 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 175 of the FAC.

176.   Paragraph 176 of the FAC contains legal arguments or conclusions that require no response.  To the extent that an answer may be required, Gilbert-Katz denies the allegations in Paragraph 176 of the FAC.

## TWELFTH CLAIM FOR RELIEF

177.   Gilbert-Katz incorporates and realleges his responses set forth in the preceding paragraphs of this Answer.

26

ANSWER TO AMENDED COMPLAINT

178.    Pursuant to the stipulation of the parties adjourning the C5 Defendants' deadline to answer or respond to Plaintiff's re-pled claim for violation of California Business and Professions Code Section 17200, *et seq.*, (ECF No. 36), Paragraph 178 requires no response at this time.

179.    Pursuant to the stipulation of the parties adjourning the C5 Defendants' deadline to answer or respond to Plaintiff's re-pled claim for violation of California Business and Professions Code Section 17200, *et seq.*, (ECF No. 36), Paragraph 179 requires no response at this time.

180.    Pursuant to the stipulation of the parties adjourning the C5 Defendants' deadline to answer or respond to Plaintiff's re-pled claim for violation of California Business and Professions Code Section 17200, *et seq.*, (ECF No. 36), Paragraph 180 requires no response at this time.

## PRAYER

Plaintiff's prayer for relief does not require a response.

## ADDITIONAL DEFENSES

Gilbert-Katz assert the following additional and affirmative defenses in response to the allegations in the FAC.  Gilbert-Katz reserves the right to amend this Answer with additional defenses as further information is obtained.  Gilbert-Katz further reserves the right to answer and assert additional defenses in response to the FAC's claims for defamation and under California Business and Professions Code § 17200, as his deadline to respond to these claims has been adjourned pending resolution of his appeal of the Court's order denying his motion to strike pursuant to California Code of Civil Procedure § 425.16 (ECF No. 36).  By alleging these additional defenses, Gilbert-Katz is not in any way agreeing or conceding that he has the burden of proof or persuasion on any of these issues.

### First Additional Defense

The FAC, and each of its claims for relief, is barred because it fails to state a claim upon which relief can be granted against Gilbert-Katz.

ANSWER TO AMENDED COMPLAINT

27

**Second Additional Defense**

Plaintiff's claims are barred, in whole or in part, because Gilbert-Katz did not publish the Preview or the Documentary at issue in this action.

**Third Additional Defense**

The FAC's claims against Gilbert-Katz arise from Gilbert-Katz's exercise of his right of free speech, or his acts in furtherance of that right, in connection with issues of public interest, and thus fall within the scope of California Code of Civil Procedure § 425.16 (the "SLAPP" statute). Because Plaintiff cannot meet his burden of demonstrating a probability that he will prevail on each of his claims (or any claim), the claims must be stricken and Gilbert-Katz must be awarded his attorneys' fees and costs incurred in defending against those claims.

**Fourth Additional Defense**

To the extent that Plaintiff's false light claim seeks to recover for alleged statements, implications, or innuendo that have not been specifically identified in the FAC, Plaintiff's recovery is barred.

**Fifth Additional Defense**

Plaintiff's claims are barred, in whole or in part, because Gilbert-Katz's conduct was reasonable, legally justified, and/or privileged and cannot give rise to any liability on the part of Gilbert-Katz.

**Sixth Additional Defense**

Plaintiff's false light claim is barred, in whole or in part, because some or all of the allegedly defamatory statements are not reasonably susceptible of a defamatory meaning, and thus cannot give rise to any claim against Gilbert-Katz.

**Seventh Additional Defense**

To the extent that Plaintiff alleges that he was placed in a false light, the allegedly defamatory statements are protected as non-actionable subjective and/or opinionated expressions based on the underlying facts of the judicial proceedings. Such expressions of opinion are subject to absolute protection pursuant to the

28

ANSWER TO AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

governing common law, statutory privileges, and/or the First and Fourteenth Amendments to the U.S. Constitution.

## Eighth Additional Defense

Plaintiff's claims are barred, in whole or in part, by the fair report privilege under the First Amendment to the U.S. Constitution, California Civil Code § 47(d), and the common law, as the Documentary reports upon official proceedings involving Plaintiff and Johnson.

## Ninth Additional Defense

Plaintiff's claims are barred, in whole or in part, because he cannot establish that Gilbert-Katz acted with the requisite degree of knowledge, intent, malice, or fault.

## Tenth Additional Defense

Plaintiff's claims fail, in whole or in part, because the alleged statements and/or alleged implications do not assert verifiably false facts, and/or constitute rhetorical hyperbole or subjective statements of opinion.

## Eleventh Additional Defense

Plaintiff's claims are barred to the extent the statements about which Plaintiff complains are true or substantially true, and therefore cannot give rise to a false light claim.

## Twelfth Additional Defense

Plaintiff's claim for Intentional Infliction of Emotional Distress is barred because Plaintiff did not suffer severe or extreme emotional distress as a result of any actionable conduct attributable to Gilbert-Katz.

## Thirteenth Additional Defense

Plaintiff's claim for Intentional Infliction of Emotional Distress is barred, in whole or in part, because the alleged conduct attributed to Gilbert-Katz that

ANSWER TO AMENDED COMPLAINT

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

purports to give rise to Plaintiff's claim was not extreme or outrageous, and was not conduct that was highly offensive to a reasonable person.

### Fourteenth Additional Defense

Plaintiff's claim for Negligent Infliction of Emotional Distress is barred, in whole or in part, because Gilbert-Katz did not owe Plaintiff any duty of care.

### Fifteenth Additional Defense

Plaintiff's claims are barred by the First and Fourteenth Amendments to the U.S. Constitution, and Article I, § 2 of the California Constitution, because they are based on constitutionally protected publications and newsgathering activities.

### Sixteenth Additional Defense

Plaintiff's invasion of privacy claims are barred because Gilbert-Katz did not intrude into any private place, conversation, or data source.

### Seventeenth Additional Defense

Plaintiff's CIPA claim is barred, in whole or in part, because Gilbert-Katz did not eavesdrop upon or record any "confidential communication" within the meaning of California Penal Code § 632(c).

### Eighteenth Additional Defense

Plaintiff's claims for violation of the California Invasion of Privacy Act, Wiretap Act and Electronic Communications Privacy Act are barred, in whole or in part, because Gilbert-Katz lacked intent to intercept unlawfully.

### Nineteenth Additional Defense

Plaintiff's claims for violation of the California Invasion of Privacy Act, Wiretap Act and Electronic Communications Privacy Act are barred, in whole or in part, because to the extent Gilbert-Katz intercepted any communications within the meaning of those statutes, such interception was consented to by one or all of the parties to the communication.

### Twentieth Additional Defense

Plaintiff's stalking claim is barred, in whole or in part, because Gilbert-Katz's

ANSWER TO AMENDED COMPLAINT

30

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

conduct constituted "constitutionally protected activity" pursuant to California Civil Code § 1708.7(f).

### Twenty-First Additional Defense

Plaintiff's harassment claim is barred, in whole or in part, because Gilbert-Katz's conduct constitutes "constitutionally protected activity" within the meaning of California Code of Civil Procedure § 527.6(b)(1).

### Twenty-Second Additional Defense

Plaintiff's harassment claim is barred, in whole or in part, because Gilbert-Katz's conduct served a legitimate purpose and is therefore outside the scope of the definition of "harassment" in California Code of Civil Procedure § 527.6(b)(3).

### Twenty-Third Additional Defense

The FAC, to the extent that it seeks statutory or exemplary damages, violates Gilbert-Katz's right to procedural and substantive due process under the Fifth and Fourteenth Amendments of the United States Constitution, and under Article I, Section 7 of the Constitution of the State of California, and therefore fails to state a cause of action upon which damages may be awarded.

### Twenty-Fourth Additional Defense

Plaintiff has suffered no injury or damage as a result of any act or conduct by Gilbert-Katz.

### Twenty-Fifth Additional Defense

The FAC and each of its causes of action are barred by the equitable doctrines of unclean hands, acquiescence, estoppel, and/or laches.

### Twenty-Sixth Additional Defense

Plaintiff has failed to mitigate his damages, if any.

### Twenty-Seventh Additional Defense

The FAC's claims for damages are barred because Plaintiff's alleged damages are speculative or uncertain in their nature and are not susceptible of proof with reasonable certainty.

31

ANSWER TO AMENDED COMPLAINT

## Twenty-Eighth Additional Defense

The FAC, to the extent that it seeks injunctive relief, is barred because the injury or damage allegedly suffered by Plaintiff, if any, would be adequately compensated in an action at law for damages, and therefore Plaintiff is not entitled to seek equitable relief.

## Twenty-Ninth Additional Defense

Plaintiff's claims are barred because any award of damages against Gilbert-Katz would unjustly enrich Plaintiff.

## Thirtieth Additional Defense

Plaintiff's request for attorneys' fees and costs is barred, in whole or in part, because Plaintiff has not identified any basis for such an award as to Gilbert-Katz, nor does he meet the criteria for such an award.

## Thirty-First Additional Defense

Although Gilbert-Katz denies engaging in any conduct justifying an award of punitive damages, any such award would violate the excessive fines, due process, and other applicable clauses of the United States Constitution, as well as other statutes.  The FAC also fails to state facts sufficient to support an award of punitive damages against Gilbert-Katz.

Gilbert-Katz prays for relief as follows:

1. A judgment in favor of Gilbert-Katz denying Plaintiff all requested relief and dismissing the FAC with prejudice;

2. That Gilbert-Katz be awarded his costs of suit, including, without limitation, reasonable attorneys' fees; and

3. That the Court award Gilbert-Katz such other and further relief as the Court deems just and proper.

ANSWER TO AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

DATED: March 26, 2025

DAVIS WRIGHT TREMAINE LLP
JONATHAN L. SEGAL
ABIGAIL EVERDELL
SAMANTHA LACHMAN


By: /s/ *Jonathan L. Segal*
　　　　　Abigail Everdell
　　Attorneys for Defendant
　　NICOLAS GILBERT-KATZ

ANSWER TO AMENDED COMPLAINT

33

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899